
Arthur H. Aizley
Martin L. Eide
Aaron F. Mandel
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad St., 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant*
*CUMIS INSURANCE SOCIETY, INC.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION, | ) ) ) ) | Civil Action No.: 10-CV-00029-DRD-MAS |
| Plaintiff, | ) ) | Return Date: April 5, 2010 |
| v. | ) ) ) | |
| CUMIS INSURANCE SOCIETY, INC., | ) ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY............................................. 2

ARGUMENT.......................................................................................................................... 2

CONCLUSION...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Chamberlain v. Giampara*, 210 F.3d 154 (3d Cir. 2000) ............................................................. 5, 6

*Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613(CW), 2007 U.S. Dist. LEXIS 13132 (N.D. Cal. Feb. 9, 2007)................................................................................................. passim

*Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49 (3d Cir. 2003).......................................... 5, 6

*P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F.Supp. 738 (D. Minn. 1987) .................. passim

*Sorensen v. Head USA, Inc.*, No. 06-cv-1434 (BTM)(CAB), 2006 U.S. Dist. LEXIS 79519 (S.D. Cal. Oct. 31, 2006) ...................................................................................... passim

*United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) ................................. 5

*U.S. v. Brow*, 267 Fed. App'x 96 (2d Cir. 2008) ........................................................................... 6

Defendant CUMIS Insurance Society, Inc. ("CUMIS") hereby submits this memorandum in opposition to plaintiff Sperry Associates Federal Credit Union's ("Sperry") cross-motion to enter a default judgment against CUMIS. For the reasons stated herein Sperry's motion should be denied.

## I.

## PRELIMINARY STATEMENT

In a strained attempt to avoid adjudication of this case on the merits, Sperry seeks to win this case and avoid a trial on the merits by virtue of a two-page cross-motion for default. Sperry's cross-motion, however, is based on a flawed and unsupported proposition of law which has been rejected by every federal court to consider it.

Specifically, Sperry argues, without citation to a single pertinent legal authority, that CUMIS's timely-filed motion to dismiss or stay based on the first-filed rule does not fall within the ambit of a Rule 12(b) motion, and that based on this alleged technical error, Sperry should win this case by default judgment. The entire predicate for Sperry's argument fails because CUMIS timely filed a responsive pleading to Sperry's Complaint – a motion to dismiss or stay based on the first-filed rule, which is at heart, a challenge to venue and thus falls squarely within the scope of Rule 12(b)(3). Moreover, *every* federal court considering the very argument made by Sperry here has concluded that even if a first-filed motion is technically not a Rule 12(b) motion, it is nonetheless a proper pre-answer motion, and that the remedy of a default judgment is not appropriate where, as here, a defendant timely files such a motion in lieu of an answer. Further, even if Sperry's entirely unsupported argument had merit, which it does not, the remedy of a default judgment is patently inappropriate under established Third Circuit guidance because CUMIS acted reasonably and in good faith by timely filing what it believed to be an appropriate responsive pleading. Accordingly, Sperry's motion for a default judgment should be denied.

1

II.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The relevant facts are simple and not disputed:  Sperry served CUMIS with the complaint in the instant action on January 27, 2010 and CUMIS timely filed a motion to Dismiss or Stay on Abstention Grounds Based Upon the First-to File Rule ("First-Filed Motion") on February 16, 2010.  *See* Sperry v. CUMIS Docket Report, Case 2:10-CV-00029-DBD-MAS, Docket Entry Nos. 5, 6.

The facts pertinent to CUMIS's First-Filed Motion – including the fact that this action duplicates a first-filed action pending in Wisconsin – are set forth in CUMIS's First-Filed Motion.  Despite its awareness that CUMIS was timely attempting to join issue, and despite the total lack of any pertinent authority supporting its application, Sperry, in addition to filing an opposition to CUMIS's First-Filed Motion, filed a cross-motion seeking a default judgment against CUMIS.  CUMIS responds to Sperry's deeply flawed attempt to win this case through an alleged procedural error herein.

III.

**ARGUMENT**

**A.**     **CUMIS's First-Filed Motion is a Fed. R. Civ. P. Rule 12(b)(3) Motion to Dismiss for Improper Venue.**

Pursuant to Fed. R. Civ. P. 12(a)(4), the filing of a motion falling within the scope of Rule 12(b) stays the obligation to answer a complaint until "14 days after notice of the court's action" on the motion.  Relevant here, Fed. R. Civ. P. 12(b)(3) expressly provides that a motion based on the defense of "improper venue" stays the obligation to answer.  Sperry's motion for default fails to discuss both the substance of CUMIS's fist-filed motion, Rule 12(b)(3), and indeed, any case evaluating whether a first-filed motion qualifies as a Rule 12(b) motion.

2

Here, CUMIS's First-Filed Motion is entirely devoted to arguing that the appropriate venue for this litigation is the first-filed action pending in Wisconsin. *See, e.g.,* First-Filed Motion, at 2 (citing the "strong presumption in favor of the forum of the first-filed suit."). Accordingly, CUMIS's First-Filed Motion is in fact a Rule 12(b)(3) motion challenging venue. Indeed, "several courts have recognized a motion to stay as a Rule 12(b) Motion." *See P.S.I. Nordic Track, Inc. v. Great Tan, Inc.*, 686 F.Supp. 738, 739 (D. Minn. 1987). In *Nordic Track*, the United States District Court for the District of Minnesota expressly held that a motion to dismiss or stay based on the first-to-file rule <u>was</u> a 12(b) Motion, stayed defendant's time to answer and did not warrant a default. *Id.*

**B.    The Federal Courts Have Repeatedly Held That A First-Filed Motion Stays the Obligation To Answer**

Even were a first-filed motion deemed outside the scope of Rule 12(b)(3), it is well-established that a motion to dismiss or stay based on the first-filed rule is a proper pleading, that federal courts have the inherent power to consider such a motion prior to the filing of an answer, and that default is not appropriate where, as here, a first-filed motion is timely filed in lieu of an answer. *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613(CW), 2007 U.S. Dist. LEXIS 13132, at *15 (N.D. Cal. Feb. 9, 2007); *Sorensen v. Head USA, Inc.*, No. 06-cv-1434 (BTM)(CAB), 2006 U.S. Dist. LEXIS 79519, at *2 (S.D. Cal. Oct. 31, 2006); *Nordic Track*, 686 F.Supp. at 739.

*Sorensen*, *Fujitsu* and *Nordic Track*, are all squarely on all fours with our facts. In all three cases, as here, the defendants timely filed a first-filed motion in lieu of an answer. *Sorensen,* 2006 LEXIS 79519 at *2-3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739. In all 3 cases, as here, the plaintiffs alleged that the filing of a first-filed motion was a procedural error that did not stay the defendants' obligation to answer, and filed a

3

motion to default.  *Sorensen,* 2006 LEXIS 79519 at *2-3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739.  In all 3 cases, the court rejected plaintiffs' motions, holding that a first-filed motion may properly be filed in lieu of an answer, and that doing so is not a basis for default.

In *Sorensen*, for example, the United States District Court for the Southern District of California explicitly held that even though a motion to stay based on the first-filed rule may technically not qualify as a Rule 12(b)(3) motion, such motions were frequently considered by the federal courts pre-answer pursuant to their inherent power, and are a "timely and proper filing."  *Sorensen*, 2006 LEXIS 79519, at *2.  Similarly, in *Fujitsu*, the United States District Court for the Northern District of California held that even if a first-filed motion is outside the ambit of a Rule 12(b) motion, such motions are "proper" filings, and stay the obligation to answer.  *Fujitsu*, 2007 Lexis 13132, at *15-16.

## C. A Default Judgment Is Unwarranted

Even if a first-filed motion is deemed outside the scope of Rule 12(b), a default judgment is plainly unwarranted where, as here, CUMIS timely filed a pleading in the reasonable and good faith belief that it stayed the obligation to answer.  Indeed, at least three federal courts have considered this precise issue, and squarely held that a default judgment is not appropriate when a first-filed motion is filed in lieu of an answer.  In *Sorensen*, the court explicitly held that a default judgment was not appropriate even if the defendant's first-filed motion was not a Rule 12(b) motion because, just as is the case here, the defendant was not ignoring the case and "appeared to be acting under the good-faith, but mistaken, belief that its motion to stay [based on the first-filed rule] qualified as a defense under Rule 12(b)" and any failure to timely file a responsive pleading was therefore excusable.  *Sorensen*, 2006 LEXIS 79519, at *3.  Similarly, in *Fujitsu*, the court

4

held that while a first-filed motion is not a responsive pleading under Rule 12(b), default was inappropriate because the defendant was not ignoring the lawsuit. *Fujitsu*, 2007 Lexis 13132, at *16. *Nordic Track* went further than *Fujitsu* and *Sorensen* by criticizing the plaintiff's motion for a default judgment as an attempt to "obscure the essential question of whether this action is the most appropriate arena in which [this] litigation should be waged." *Nordic Track*, 686 F.Supp. at 739.

Sperry both ignores the only federal cases to squarely address the issue at bar (*Fujitsu, Sorensen* and *Nordic Track* discussed above), and the Third Circuit's clear mandate that default judgments are disfavored and appropriate only in limited circumstances.  As the Third Circuit explained in *Hill*, "[o]ur Court 'does not favor entry of defaults or default judgment' as it prefers adjudications on the merits." *Hill v. Williamsport Police Dept.*, 69 Fed. App'x 49, 51 (3d Cir. 2003)(quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). The standard for ruling on a motion to enter a default, as articulated by *Hill*, is the same standard used to vacate a default judgment. *Id.* at 51-52. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id.* (quoting *Chamberlain v. Giampara*, 210 F.3d 154, 164 (3d Cir. 2000)).

Here, the analysis articulated by *Hill* is straightforward.  First, denying the requested default judgment would not prejudice Sperry in any way because even if CUMIS had filed an answer, a first-filed motion would still be proper and require consideration.  Moreover, Sperry is already litigating this dispute in the first-filed action.

Second, CUMIS has "litigable" defenses, as defined in *Hill*, which CUMIS has already articulated in the first-filed Wisconsin action.  *See* Declaration of Arthur H. Aizley Exhibit A,

Wisconsin Action Complaint ¶¶ 1; 13; 55-64.  The test for a litigable defense is not whether the defendant has proven the factual predicate for its defense, but whether the defendant's allegations would be a complete defense at trial.  Here, as asserted in CUMIS's First-Filed Motion and in the Wisconsin action, the fidelity bond issued to Sperry, by virtue of its terms, limitations and exclusions, does not cover Sperry's alleged losses.  *Id.*  Thus, the terms of the fidelity bond itself provide CUMIS a complete defense at trial and CUMIS therefore satisfies the second prong of the *Hill* analysis.

Third, CUMIS's conduct was not due to any culpable conduct.  The Third Circuit construes culpable conduct as "conduct that is taken willfully or in bad faith."  *Hill*, 69 Fed. App'x at 51 (citing *Chamberlain*, 210 F.3d at 164).  Here, CUMIS timely filed the First-Filed Motion on the date its answer was due, clearly demonstrating its intent to timely respond to the complaint.  If CUMIS's belief that a first-filed motion qualified as a Rule 12(b) motion was erroneous – a proposition as to which Sperry cites no authority whatsoever – then such mistake was made in good faith.  *Sorensen* 2006 LEXIS 79519 at *3; *Fujitsu Ltd.,* 2007 LEXIS 13132, at *16; *Nordic Track*, 686 F.Supp. at 739.  CUMIS's conduct is the very antithesis of the type of willful failure to appropriately respond to a complaint, such as occurred in *U.S. v. Brow*, 267 Fed. App'x 96 (2d Cir. 2008), inappropriately relied on by Sperry here.  In *Brow*, the plaintiff's motion for default was granted after the defendant answered the complaint five months late and then failed to cure material deficiencies with the pleadings for seven months following specific direction to do so by the United States District Court for the Eastern District of New York.

Accordingly, this Court should reach the same conclusions reached in *Sorensen, Fujitsu* and *Nordic Track* and conclude that even if a first-filed motion is technically not a Rule 12(b) motion, a timely first-filed motion is an appropriate and good faith response to a complaint, and

6

not a proper basis for default.

## IV.

## CONCLUSION

As detailed above, CUMIS timely filed a motion to dismiss or stay based on the first-filed rule in response to Sperry's Complaint, and such motion was an appropriate filing staying CUMIS's obligation to answer pursuant to Rule 12(b)(3) or the Court's inherent power to consider such motions. Moreover, as every federal court faced with this precise question has indicated, the filing of a first-filed motion in lieu of an answer is not a proper basis for entry of default. Accordingly, CUMIS requests that the Court deny Sperry's motion to enter a default judgment.

Date: March 22, 2010

/s/ Arthur H. Aizley
Arthur H. Aizley
Martin L. Eide
Aaron F. Mandel
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
email:
  arthur.aizley@sdma.com
  martin.eide@sdma.com
  aaron.mandel@sdma.com

OF COUNSEL:

Michael R. Davisson  (Bar No. 083278)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
Email:   michael.davisson@sdma.com

Attorneys for CUMIS Insurance Society, Inc.

7