Arthur Aizley
212-898-4051
Arthur.Aizley@sdma.com

March 29, 2010

Via Electronic Filing
The Honorable Dickinson R. Debevoise
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:  Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.
      Case 2:10-cv-00029-DRD-MAS

Your Honor:

I am counsel for CUMIS Insurance Society, Inc. ("CUMIS") a defendant in the above-referenced matter.  I write to inform the Court of a development with respect to CUMIS's Motion To Dismiss or Stay on Abstention Grounds Based Upon the "First-to-File" Rule, which was filed on February 16, 2010.  CUMIS's reply in further support of that motion is being filed concurrently with this letter.

CUMIS's motion was predicated on a first-filed action then pending in federal court in Wisconsin.  After defendant Sperry Associates Federal Credit Union ("Sperry") filed its opposition to the motion in this Court, the Wisconsin action was remanded to state court.

CUMIS believes that the relief it seeks via the motion at issue, dismissal or stay based on the first-filed action, remains entirely appropriate despite remand of the first-filed action to state court.  However, CUMIS concedes that legal basis for its request is impacted by the change in venue of the Wisconsin action.  While the "first-filed" rule is applicable with respect to previously filed federal actions, dismissing or staying a federal declaratory judgment action in favor a state declaratory judgment action is analyzed under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) as re-affirmed in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and not the first-filed rule.

The reply filed by CUMIS today addresses this development, as well as the now applicable body of law, including Brillhart and Wilton.  The undersigned conferred with Kenneth Pagliughi, counsel for Sperry, regarding these developments.  While Mr. Pagliughi advised that he believed CUMIS's motion should be withdrawn, CUMIS respectfully submits that it would be inefficient to require CUMIS to submit a new motion seeking the same relief based on the same facts merely because, in light of the remand of the Wisconsin action, CUMIS's request is now evaluated under constitutional abstention doctrine, and not the first-filed rule.  If the Court agrees that the present motion may appropriately be maintained, CUMIS believes that it would be reasonable to permit Sperry to file a sur-reply, and suggests that Sperry be afforded 7 days – i.e., to April 5, 2010, to submit such a brief.

The Honorable Dickinson R. Debevoise
Re:  Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.
March 29, 2010
Page 2


To the extent the Court believes that the proper solution is for CUMIS to file a new motion based on the Brillhart/Wilton doctrine, CUMIS is obviously willing to do so.  However, CUMIS's current motion to dismiss or stay is currently serving as CUMIS's responsive pleading.  To the extent that the Court believes a new motion is the preferred solution, CUMIS asks that the Court set a deadline of April 5, 2010 for such a motion, and that such motion be permitted to serve as a responsive pleading until and unless the Court denies such motion, in which event CUMIS would have 14 days to answer pursuant to Fed. R. Civ. P. 12(a)(4)(A).

Finally, we note that Sperry filed a cross-motion to CUMIS's motion to dismiss or stay.  While the cross-motion is fully briefed and not implicated by the remand of the Wisconsin action, the Court may find it administratively convenient to keep argument on both motions set for the same date, which would suggest that the cross-motion be re-set to track any changes to the motion to dismiss or stay.

Thank you for your consideration of the above.


Respectfully Submitted,

/s/ Arthur H. Aizley


Arthur H. Aizley
Sedgwick, Detert, Moran & Arnold LLP

AXA/axa

cc:  Counsel of Record by Electronic Filing