THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION, | ) CIVIL Action No. 10-CV-00029 ) (DBD) (MAS) |
| Plaintiff, | ) |
| v. | ) |
| CUMIS INSURANCE SOCIETY, INC., | ) |
| Defendant. | ) |

_____

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS**

_____

Defendant CUMIS Insurance Society, Inc. ("CUMIS") submits its Reply in Further Support of its Motion to Dismiss or Stay on Abstention Grounds Based Upon the "First-to-File" Rule ("Motion to Stay or Dismiss").

**PRELIMINARY STATEMENT**

As explained in its Motion to Dismiss or Stay, CUMIS requests that this Court dismiss or stay the complaint filed by plaintiff Sperry Associates Federal Credit Union ("Sperry") in this action because a parallel action, which was first-filed by CUMIS, is already pending in the state of Wisconsin. On March 22, 2010, the first-filed Wisconsin Action was remanded from the Western District of Wisconsin back to the Circuit Court for Dane County in the State of Wisconsin, Case No. 09CV4343. As discussed herein, the relief sought in CUMIS's motion to dismiss or stay remains appropriate despite remand under the abstention doctrine of *Brillhart v.*

{09346}                                    1

*Excess Ins. Co. of America*, 316 U.S. 491 (1942) as re-affirmed in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  Pursuant to the abundant Third Circuit authority interpreting and applying *Brillhart* and *Wilton*, the courts in the Third Circuit routinely abstain from exercising jurisdiction over declaratory judgment actions seeking adjudication of the rights of the parties under an insurance policy when, as here, a parallel action is pending in state court.

### ARGUMENT

I.  **Applicable Legal Standard**

In 1995 the Supreme Court settled a question which was, at that time, splitting the circuits:  the standard to apply in evaluating whether the federal courts should abstain from hearing a case when, as here, an action filed in federal court **seeking declaratory relief** duplicates an action filed in state court.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  At that time, some courts took the position that *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which lays out the general standard for abstention in the context of concurrent litigation, overruled *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), which lays out a lower standard for abstention in declaratory judgment actions.  *Wilton*, however, reaffirmed *Brillhart*, explaining that the jurisdiction conveyed by the Declaratory Judgment Act, 28 U.S.C. §2201, was "discretionary" and that as a result *Colorado River* was not applicable.  *Id.* at 495.  The Court held that ordinarily it will be:

> uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.  *Id.* at 495.

The Third Circuit has provided clear guidance as to how *Brillhart/Wilton* abstention is to be applied where competing declaratory judgment actions seeking adjudication of the rights of the parties under a single insurance policy are pending in federal and state court.  *See State Auto*

{09346}                                         2

*Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2001).  Specifically, in *Summy* the Third Circuit held that:

> For cases like *Brillhart*, where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, we have suggested relevant considerations:
> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.  *Id.* at 134 (citing *United States v. Commonwealth of Pennsylvania*, 923 F.2d 1071, 1075-76 (3d Cir. 1991)).

The Third Circuit further explained that a federal court should "decline to exercise its jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Id.* at 135.  Moreover, the Third Circuit advised District Courts to "give serious consideration to the fact that they do not establish state law, but are limited to interpreting it" a factor which is "especially important in insurance coverage cases".  *Id.*  Thus, in the absence of federal questions, "no federal interests [are] promoted" by deciding a declaratory judgment action when a state court action is pending.  *Id.*

The Third Circuit and its District Courts have repeatedly applied these principles to a wide variety of declaratory judgment actions arising from insurance coverage disputes, and consistently held that dismissal of the federal action is appropriate where the federal action duplicates a state court action, and no questions of federal law are present.  *See, e.g.*, *Atlantic Mutual Ins. Co. v. Gula*, 2003 WL 22962947 (3d Cir. 2003); *State National Ins. Co. v. County of Bergen*, 2010 WL 23325 (D. N.J. 2010); *Sunbelt Rentals v. Scottsdale Ins. Co.*, 2009 WL 1874189 (D. N.J.);  *Sackman Enterprises, Inc. v. Mt. Hawley Inc. Co.*, 2006 WL 2008527 (D. N.J.); *Empire Fire & Marine Ins. Co. v. Bennett*, 2006 WL 932176 (D. N.J. 2006); *Franklin Commons East Partnership v. Abex*, 997 F. Supp. 585 (D. N.J. 1998).

**II.      Dismissal Is Appropriate Pursuant to *Brillhart* and *Wilton***

The *Brillhart/Wilton* abstention doctrine governs here because Sperry's Complaint expressly concedes that this "action is one for declaratory relief pursuant to 28 U.S.C. § 2201(a)" and the only two causes of action alleged in the Complaint expressly sound in declaratory relief. *See*, Sperry Complaint, at ¶¶ 28-42 (annexed to February 16, 2010 Declaration of Aaron F. Mandel in Support of CUMIS's Motion to Dismiss or Stay as Ex. "C").  Thus, pursuant to *Summy* and the wealth of authority cited above, this action should be dismissed because:  (1) a duplicative declaratory judgment action is pending in Wisconsin which, just like this action, seeks adjudication of the rights and obligations of CUMIS and Sperry under a single fidelity bond; (2) the insurance dispute does not involve any federal question, and turns solely on the application of state law; and (3) judicial economy is best served by adjudication of a single insurance coverage dispute in a single forum, not by permitting as many as 25 separate actions across the country.

Here, judicial economy, the importance of which was stressed in *Summy*, provides a compelling reason to abstain.  Sperry is one of 27 credit unions which purchased a materially identical fidelity bond from CUMIS and was defrauded in connection with a single fraudulent scheme.  *See*, Wisconsin Complaint at ¶¶ 1, 29-60; Sperry Complaint, at ¶ 18 (annexed to the Mandel Declaration in support of CUMIS's Motion to Dismiss or Stay as Exhibits "B" and "C" respectively).  The Wisconsin Action accordingly seeks to adjudicate the respective rights and liabilities of *all* of the 27 credit unions and CUMIS in one proceeding, not 27 duplicative proceedings.  Sperry, by contrast, asks this Court to exercise its discretion to condone duplicative proceedings, and ignore the risk of inconsistent rulings from having multiple courts evaluate whether losses arising from a single alleged fraudulent scheme, are, or are not, covered under the very same policy language.

Moreover, as *Summy* and its progeny make clear, the absence of any federal issue in dispute also warrants abstention.  Sperry has not, and cannot, identify any issue of federal law. Indeed, Sperry's Complaint makes clear that this is a routine insurance coverage dispute except

for the sheer number of insureds with materially identical policies impacted by a single fraudulent scheme.  The sheer number of impacted insureds, however, does not create any issue of federal law or warrant exercise of this Court's discretionary jurisdiction to hear a declaratory judgment action.  To the contrary, as discussed above, the prescence of multiple insureds impacted by the same fraudulent scheme strongly cuts in favor of abstention so that the claims of all impacted insureds can be adjudicated in a single forum (the Wisconsin Action, where all 27 credit unions have been named as defendants) without the risk of inconsistent treatment of their claims.

While Sperry's Opposition argues that the Wisconsin court does not have jurisdiction over it and/or that the venue is inappropriate, these are precisely the kind of questions of state law which *Summy* advises the district courts to defer to the state courts.  If the Wisconsin court ultimately concludes that it does not have jurisdiction over Sperry or that it is an inappropriate forum for this dispute, this action can be re-filed, or, if stayed and not dismissed, the stay can be lifted.  Conversely, if, as CUMIS expects, the Wisconsin court retains jurisdiction, then the Wisconsin Action provides a single forum where the rights and liabilities of the 27 credit unions and CUMIS can be efficiently adjudicated without the risk of inconsistent verdicts.  Accordingly, Sperry's jurisdiction and forum arguments do not provide any basis to refrain from abstention.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, CUMIS requests that the Court stay or dismiss Sperry's complaint pursuant to the *Brillhart* abstention doctrine, or at a minimum, stay this action until the Wisconsin court determines whether it will excercise jurisdiction over Sperry.

Date:  March 29, 2010

>                           /s/  Arthur H. Aizley
>                           Arthur H. Aizley
>                           SEDGWICK, DETERT, MORAN & ARNOLD, LLP
>                           Attorneys for Defendant

        CUMIS INSURANCE SOCIETY, INC.
        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925
        Email:    arthur.aizley@sdma.com

OF COUNSEL:

        Michael R. Davisson  (Bar No. 083278)
        SEDGWICK, DETERT, MORAN & ARNOLD LLP
        801 S. Figueroa Street, 19th Floor
        Los Angeles, CA 90017
        Email: michael.davisson@sdma.com

        Attorneys for CUMIS Insurance Society, Inc.

# CERTIFICATE OF SERVICE

I, Arthur H. Aizley, hereby certify and affirm that a true and correct copy of the following pleading:

**CUMIS INSURANCE SOCIETY, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS**

was served via ECF on this 29th day of March, 2010, upon the following:

Umar A. Sheikh
LOANZON SHEIKH LLC
197 Route 18 South
PMB 4175, Suite 3000
East Brunswick, NJ 08816
732-398-8600
Fax: 732-398-8601
Email: umar@lawfirmls.com

Scott A. Rosenberg, Esq.
Kenneth J. Pagliughi, Esq
SCOTT A. ROSENBERG, P.C.
22400 Jericho Turnpike, Suite 201
Garden City Park, NY 11040
(516) 279-6848
Fax:  (516) 213-3441
Email:  srosenberg@sarlegal.com
             kpaliughi@sarlegal.com


Dated:  New York, New York
           March 29, 2010

                                                                /s/ Arthur H. Aizley
                                                                Arthur H. Aizley

{09346}                                              7