# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 279-6848
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI

March 30, 2010

Via Electronic filing
The Honorable Dickinson R. Debevoise
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07101

Re:   *Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.*
      *Case 2:10-cv-00029-DRD-MAS*

Dear Judge Debevoise:

I am counsel for Sperry Associates Federal Credit Union ("Sperry") the Plaintiff in the above captioned matter. I am writing you to respond to CUMIS' recent letter to the Court regarding the remand of the Wisconsin federal court action ("Wisconsin action") to the Wisconsin state court, in order to clearly lay out Sperry's position on this matter.

When CUMIS filed its alleged Rule 12(b) Motion to Dismiss or Stay on Abstention Grounds Based Upon the "First-to-File" Rule on February 16, 2010, it had already on January 20, 2010 filed a motion to remand in the Wisconsin action. CUMIS treats the "development" of this matter having been remanded, as if it is a surprise, even when that is the relief that CUMIS sought in the Wisconsin action. Moreover, if CUMIS was truly surprised by this development it still had ample time prior to this point to make the Court aware of the change in circumstances, as it was a signatory to a stipulation to remand the Wisconsin action which was filed on March 19, 2010[1].

CUMIS always knew that there was a possibility of remand in the Wisconsin Action, but chose to make its alleged 12(b) motion solely on the basis of the first-to-file rule. Instead, CUMIS could have included as an alternate argument, the analysis of a federal declaratory judgment in favor of state a declaratory judgment under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), and have made the Court aware of the possibility of remand at that time. Now CUMIS asks the Court to consider allowing it to address this change of circumstances, by introducing in its reply an argument that was not included in its motion; or alternatively to file a new motion to serve as a responsive pleading. Both solutions appear to fly in the face of Federal

---

[1] See, Exhibit "B" of Docket No. 18 Reply to Response to Motion.

Rule 12(g)(2), which provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion..." See, *Briksza v. Moloney*, 2009 U.S. Dist. LEXIS 52205 (D.N.J. June 19, 2009). With knowledge that remand was an imminent possibility, CUMIS' new argument should have been asserted in its alleged 12(b) motion.

Sperry also rejects the notion that any new motion by CUMIS should serve as a responsive pleading, as the Court has not yet decided Sperry's Cross Motion to Dismiss based on CUMIS' failure to answer or serve a responsive pleading under Rule 12(b)(3). Essentially, CUMIS has asked for a second bite at the apple, with its slate wiped clean. This is a result that would be grossly unfair to Sperry, especially if CUMIS is currently in default.

CUMIS' failure to have asserted the alternative defense now gives it the opportunity to start anew, and drag Sperry through a procedural quagmire to avoid getting to the merits of this case. CUMIS' motion should be stricken from the record as moot; or alternatively the issue of whether or not CUMIS submitted a responsive pleading should be decided before considering if CUMIS should be permitted to make a new motion. In either case, Sperry believes that CUMIS will be found in default.

Finally, Sperry has prepared a motion to dismiss in the Wisconsin state court action which it will be filing shortly. Sperry is confident that its motion will be granted by the Wisconsin court. Pursuant to Wis. Stat. 801.02, CUMIS had ninety (90) days to serve Sperry with its complaint, and it failed to do so. Under Wis. Stat. 803.06 a complaint not served within the proscribed time limit is subject to immediate dismissal. Such dismissal may be made by the trial court on its own initiative or by motion of any party. Further, service on Sperry after removal, does not cure CUMIS' failure to serve under either the Federal Rules or the Wisconsin statutes which are strictly construed. It is clear that the Wisconsin state court action will be dismissed as to Sperry. Such dismissal would in fact make CUMIS' newly proposed argument moot. Therefore, Sperry respectfully submits, that no matter however vehemently CUMIS argues otherwise, this Court should retain jurisdiction over this action.

I thank you for your consideration of this matter.

Respectfully,

*[signature]*

Kenneth J. Pagliughi, Esq.
Scott A. Rosenberg, P.C.


cc:     Counsel of Record by Electronic Filing