Arthur H. Aizley
Martin L. Eide
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad St., 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant*
*CUMIS INSURANCE SOCIETY, INC.*

### THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION, | ) CIVIL Action No. 10-CV-00029 ) (DBD) (MAS) ) ) Return Date:  June 7, 2010 |
| Plaintiff, | ) |
| v. | ) ) |
| CUMIS INSURANCE SOCIETY, INC., | ) ) |
| Defendant. | ) |

_____

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS

_____

Defendant CUMIS Insurance Society, Inc. ("CUMIS") submits its Motion to Dismiss or Stay on Abstention Grounds.

### **PRELIMINARY STATEMENT**

On April 5, 2010, this Court denied as moot CUMIS motion to dismiss or stay the complaint filed by plaintiff Sperry Associates Federal Credit Union ("Sperry") based on the first-

{09346}                                      1

filed rule because, on March 22, 2010, the first-filed Wisconsin Action was remanded from the Western District of Wisconsin back to the Circuit Court for Dane County in the State of Wisconsin, Case No. 09CV4343.  While the Court denied that motion as moot because the first-filed rule does not apply when the prior action is pending in state court, the relief sought in CUMIS's original motion to dismiss or stay remains appropriate despite remand under the abstention doctrine of *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) as re-affirmed in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  Pursuant to the abundant Third Circuit authority interpreting and applying *Brillhart* and *Wilton*, the courts in the Third Circuit routinely abstain from exercising jurisdiction over declaratory judgment actions seeking adjudication of the rights of the parties under an insurance policy when, as here, a parallel action is pending in state court.  Accordingly, CUMIS hereby renews its Motion to Dismiss or Stay based on changed circumstances.

## STATEMENT OF FACTS

### A. Background and Procedural History

This is an insurance coverage action alleging that CUMIS, an insurance company, is obligated to indemnify Sperry, a credit union, for its losses arising from mortgage loans which were fraudulently sold to a third party, Federal National Mortgage Association ("FNMA") by the company that Sperry hired to process loan payments with respect to the loans in question, CU National Mortgage, LLC and its affilliated corporation, U.S. Mortgage Corp. (hereafter "CU National").  *See* Sperry's Complaint, annexed as Ex. A to the April 26, 2010 Declaration of Arthur H. Aizley submitted herewith ("Aizley Dec."), at ¶¶ 6-15.

Significantly, CU National did not specifically target Sperry, and fraudulently sold mortgages belonging to at least 26 separate credit unions to which CUMIS issued materially

{09346}   2

identical fidelity bonds. *See* Ex. A, at ¶ 8. Seeking to avoid the inefficiency, cost and duplication of litigating identical insurance coverage issues[1] arising from a single fraudulent scheme in dozens of different forums, CUMIS filed a declaratory judgment action in state court in Wisconsin in an action styled *CUMIS Insurance Society, Inc. v. TCT Federal Credit Union, et al,* Case No. 09CV4343, in the Circuit Court for Dane County in the State of Wisconsin (the "Wisconsin Action"). *See*, Aizley Dec., at Ex. B.

The Wisconsin Action seeks the adjudication of the respective rights and obligations of CUMIS and the 26 credit unions named as defendants, including Sperry. *Id.* Although subsequently removed to the United States District Court for the Western District of Wisconsin by the credit union defendants, including Sperry, the case was subsequently remanded on March 22, 2010.

On January 4, 2010, CUMIS served Sperry with the Wisconsin Action. The next day, on January 5, 2010, Sperry filed this duplicative second-filed action which seeks adjudication of the same coverage issues being litigated in the first-filed Wisconsin Action.

B.  **Sperry's Attack On CUMIS's Conduct Is Without Merit**

Based on Sperry's arguments in the prior motion (which was denied as moot), CUMIS anticipates that Sperry will argue that this Court's retention of this case is warranted because, under Sperry's characterization of the facts, CUMIS's conduct was inequitable. If such arguments are raised in opposition to this motion, CUMIS will demonstrate that its conduct was at all times reasonable and appropriate. CUMIS filed the Wisconsin Action only after several of the credit unions had, in the course of discussing their claims with CUMIS, threatened to file suit

---

[1]The fidelity bond issued to the credit unions, including Sperry, provides, subject to its terms and conditions, for indemnity for losses arising from the acts of Sperry's employees, not third-party vendors like CU National.

in their hometown forums. At that point, with litigation across the country threatened, CUMIS filed the Wisconsin Action in an effort to obtain a single forum for any coverage disputes which could not be resolved through further negotiations, and avoid the precise situation which Sperry's conduct has created -- duplicative suits seeking adjudication of the same insurance coverage issues arising from the same events.

Months later, CUMIS and the credit unions executed a tolling agreement which in addition to providing time for the parties to attempt to resolve the coverage issues through negotiation, provided the credit unions with the additional time they sought to try and negotiate settlements with the purchaser of the fraudulently sold mortgages, so that they could calculate their net loss. In the tolling agreement itself, CUMIS made no representations about whether litigation had previously been filed; rather, the tolling agreement provided in material part only that the parties would "take *no further actions* to pursue or adjudicate coverage". See, Aizley Dec., ¶ 4 (emphasis added). CUMIS thus did not make any representations regarding whether it had previously filed an action. Moreover, CUMIS had no motive to tactically refrain from mentioning the prior filing, as CUMIS had already secured the first-filed action months before the tolling agreement was signed. Thus, at the point in the time the tolling agreement was executed – a point in time when the parties were attempting to resolve their disputes by negotiation – the fact that CUMIS had previously filed the Wisconsin Action was simply not relevant. Moreover, CUMIS *did* disclose it – prior to execution of the tolling agreement – when the subject came up in discussions with 18 of the 24 credit unions. That Sperry, which was represented by counsel, chose not to ask does not establish inequitable conduct.

## ARGUMENT

I. **Applicable Legal Standard**

In 1995 the Supreme Court settled a question which was, at that time, splitting the circuits: the standard to apply in evaluating whether the federal courts should abstain from hearing a case when, as here, an action filed in federal court ***seeking declaratory relief*** duplicates an action filed in state court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). At that time, some courts took the position that *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which lays out the general standard for abstention in the context of concurrent litigation, overruled *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), which lays out a lower standard for abstention in declaratory judgment actions. *Wilton*, however, reaffirmed *Brillhart*, explaining that the jurisdiction conveyed by the Declaratory Judgment Act, 28 U.S.C. §2201, was "discretionary" and that as a result *Colorado River* was not applicable. *Id.* at 495. The Court held that ordinarily it will be:

> uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Id.* at 495.

The Third Circuit has provided clear guidance as to how *Brillhart/Wilton* abstention is to be applied where competing declaratory judgment actions seeking adjudication of the rights of the parties under a single insurance policy are pending in federal and state court. *See State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2001). Specifically, in *Summy* the Third Circuit held that:

> For cases like *Brillhart*, where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, we have suggested relevant considerations:
> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation. *Id.* at 134 (citing *United States v. Commonwealth of Pennsylvania*, 923 F.2d 1071, 1075-76 (3d Cir. 1991)).

The Third Circuit further explained that a federal court should "decline to exercise its jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Id.* at 135. Moreover, the Third Circuit advised District Courts to "give serious consideration to the fact that they do not establish state law, but are limited to interpreting it" a factor which is "especially important in insurance coverage cases". *Id.* Thus, in the absence of federal questions, "no federal interests [are] promoted" by deciding a declaratory judgment action when a state court action is pending. *Id.*

The Third Circuit and its District Courts have repeatedly applied these principles to a wide variety of declaratory judgment actions arising from insurance coverage disputes, and consistently held that dismissal of the federal action is appropriate where the federal action duplicates a state court action, and no questions of federal law are present. *See, e.g.*, *Atlantic Mutual Ins. Co. v. Gula*, 2003 WL 22962947 (3d Cir. 2003); *State National Ins. Co. v. County of Bergen*, 2010 WL 23325 (D. N.J. 2010); *Sunbelt Rentals v. Scottsdale Ins. Co.*, 2009 WL 1874189 (D. N.J.); *Sackman Enterprises, Inc. v. Mt. Hawley Inc. Co.*, 2006 WL 2008527 (D. N.J.); *Empire Fire & Marine Ins. Co. v. Bennett*, 2006 WL 932176 (D. N.J. 2006); *Franklin Commons East Partnership v. Abex*, 997 F. Supp. 585 (D. N.J. 1998).

**II.     Dismissal Is Appropriate Pursuant to *Brillhart* and *Wilton***

The *Brillhart/Wilton* abstention doctrine governs here because Sperry's Complaint expressly concedes that this "action is one for declaratory relief pursuant to 28 U.S.C. § 2201(a)" and the only two causes of action alleged in the Complaint expressly sound in declaratory relief. *See*, Ex. A, at ¶¶ 28-42. Thus, pursuant to *Summy* and the wealth of authority cited above, this action should be dismissed because: (1) a duplicative declaratory judgment action is pending in Wisconsin which, just like this action, seeks adjudication of the rights and obligations of CUMIS and Sperry under a single fidelity bond; (2) the insurance dispute does not involve any federal question, and turns solely on the application of state law; and (3) judicial economy is best served by adjudication of a single insurance coverage dispute in a single forum, not by permitting as many as 26 separate actions across the country.

Here, judicial economy, the importance of which was stressed in *Summy*, provides a compelling reason to abstain. Sperry is one of 26 credit unions which purchased a materially identical fidelity bond from CUMIS and was defrauded in connection with a single fraudulent scheme. *See*, Sperry Complaint, at ¶ 18; Wisconsin Complaint at ¶¶ 1, 29-60 (annexed to the Aizley Declaration as Exhibits "A" and "B respectively). The Wisconsin Action accordingly seeks to adjudicate the respective rights and liabilities of *all* of the 26 credit unions and CUMIS in one proceeding, not 26 duplicative proceedings. Sperry, by contrast, asks this Court to exercise its discretion to condone duplicative proceedings, and ignore the risk of inconsistent rulings from having multiple courts evaluate whether losses arising from a single alleged fraudulent scheme, are, or are not, covered under the very same policy language.

Moreover, as *Summy* and its progeny make clear, the absence of any federal issue in dispute also warrants abstention. Sperry has not, and cannot, identify any issue of federal law. Indeed, Sperry's Complaint makes clear that this is a routine insurance coverage dispute except for the sheer number of insureds with materially identical policies impacted by a single fraudulent scheme. The sheer number of impacted insureds, however, does not create any issue of federal law or warrant exercise of this Court's discretionary jurisdiction to hear a declaratory judgment action. To the contrary, as discussed above, the presence of multiple insureds impacted by the same fraudulent scheme strongly cuts in favor of abstention so that the claims of all impacted insureds can be adjudicated in a single forum (the Wisconsin Action, where all 26 credit unions have been named as defendants) without the risk of inconsistent treatment of their claims.

### III. Sperry's Arguments Based on the Wisconsin Action Should Be Addressed to the Wisconsin Court

CUMIS anticipates that Sperry will argue that retention of this case is warranted because: (1) the Wisconsin court allegedly does not have jurisdiction over it and/or that the venue is inappropriate; or (2) because CUMIS did not disclose the Wisconsin action to Sperry prior to

executing a tolling agreement. While Sperry's factual and legal contentions are without merit, these are precisely the kind of questions of state law which *Summy* advises the district courts to defer to the state courts. Indeed, it is difficult to imagine questions more appropriately deferred to a state court then the evaluation of its own jurisdiction and venue, and the evaluation of any alleged misconduct arising from the failure to disclose state action. Thus, while CUMIS will respond to any arguments Sperry choses to make in opposition to this motion, arguments relating to jurisdiction, venue, or regarding the alleged failure to disclose the Wisconsin Action, necessarily reinforce the appropriateness of abstention, regardless of the merit (or here, lack thereof) of such arguments.

If the Wisconsin court ultimately concludes that it does not have jurisdiction over Sperry or that it is an inappropriate forum for this dispute, this action can be re-filed, or, if stayed and not dismissed, the stay can be lifted. Conversely, if, as CUMIS expects, the Wisconsin court retains jurisdiction, then the Wisconsin Action provides a single forum where the rights and liabilities of the 26 credit unions and CUMIS can be efficiently adjudicated without the risk of inconsistent verdicts. Accordingly, Sperry's jurisdiction and forum arguments do not provide any basis to refrain from abstention.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, CUMIS requests that the Court stay or dismiss Sperry's complaint pursuant to the *Brillhart* abstention doctrine, or at a minimum, stay this action until the Wisconsin court determines whether it will excercise jurisdiction over Sperry.

Date:  April 26, 2010

/s/  Arthur H. Aizley
Arthur H. Aizley
Martin Eide
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
CUMIS INSURANCE SOCIETY, INC.

        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925
        Email:    arthur.aizley@sdma.com

OF COUNSEL:

        Michael R. Davisson  (Bar No. 083278)
        SEDGWICK, DETERT, MORAN & ARNOLD LLP
        801 S. Figueroa Street, 19th Floor
        Los Angeles, CA 90017
        Email: michael.davisson@sdma.com

        Attorneys for CUMIS Insurance Society, Inc.