Arthur H. Aizley
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad St., 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

*Attorneys for Defendant*
*CUMIS INSURANCE SOCIETY, INC.*

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION, | ) CIVIL Action No. 10-CV-00029<br>) (DBD) (MAS)<br>)<br>) Return Date: June 22, 2010 |
| Plaintiff, | ) |
| v. | )<br>) |
| CUMIS INSURANCE SOCIETY, INC., | )<br>) |
| Defendant. | ) |

**DEFENDANT'S OMNIBUS REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS OR STAY ON ABSTENTION GROUNDS AND STATEMENT OF NON-OPPOSITION TO MOTION TO AMEND**

Defendant CUMIS Insurance Society, Inc. ("CUMIS") submits this omnibus memorandum as its reply in further support of its Motion to Dismiss or Stay on Abstention Grounds and Statement of Non-Opposition to the cross-motion of Sperry Associates Federal Credit Union ("Sperry") to amend its Complaint.

{09346}

**PRELIMINARY STATEMENT**

In its Motion to Dismiss or Stay on Abstention Grounds, ("Motion to Dismiss or Stay") CUMIS relied on Supreme Court and Third Circuit law holding that a federal court should normally abstain when an insurance coverage action in federal court *seeking declaratory relief* is parallel to an action pending in state court. Specifically, CUMIS relied on the Supreme Court's decision in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) as re-affirmed in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and the uniform body of Third Circuit authority applying these decisions in the context of insurance coverage actions. Under this body of law, the federal courts within the Third Circuit routinely abstain from hearing insurance coverage actions seeking declaratory relief when the insurance coverage issues raised by the federal action duplicate those raised in a state action.

Faced with a clear-cut case for abstention, Sperry, while briefing is ongoing, seeks to amend its Complaint to add causes of action seeking monetary, and not declaratory relief – *a tactical maneuver Sperry openly admits is intended to change the applicable legal standard*. Specifically, Sperry hopes to avoid the liberal *Brillhart/Wilton* standard for abstention in favor of the admittedly more restrictive *Colorado River* standard.

Sperry's attempt to strategically manipulate the applicable legal standard fails because courts within the Third Circuit have consistently held that *Brillhart/Wilton* – and not *Colorado River* – is applicable when the "heart of the matter" is a dispute over the interpretation of an insurance policy, regardless of whether non-declaratory claims are added to declaratory claims. Consistent with this body of law, this Court should reject Sperry's tactical ploy, and apply *Brillhart*/*Wilton* to this action, regardless of whether the cross-motion to amend is granted.

As CUMIS established in its moving brief, under *Brillhart/Wilton* courts within the Third Circuit routinely dismiss federal insurance coverage cases where a state court action seeks adjudication of the same insurance coverage issues at issue in a federal suit and – as is case here – the federal action is predicated on diversity jurisdiction and federal law is not implicated. Specifically, abstention is warranted under the *Brillhart/Wilton* standard because: (1) precisely the same insurance coverage issues are at issue in the Wisconsin Action that Sperry raises here; (2) this action turns exclusively on state law; and (3) as a result, this case fits squarely within the overwhelming precedent requiring abstention.

Even if Sperry was correct that CUMIS's Motion to Dismiss or Stay should be evaluated under the *Colorado River* standard – which it is not – abstention remains warranted. Specifically, abstention is appropriate because the state action seeks to efficiently adjudicate the rights and liabilities of multiple credit unions, including Sperry, all of which were impacted by a single fraudulent scheme and purchased materially identical fidelity bonds from CUMIS, and allowing this action to proceed would condone duplicative litigation and the possibility of inconsistent adjudications. In its Opposition and Cross-Motion, Sperry raises three arguments, each of which, as discussed herein, is without merit. Specifically, Sperry argues:

(1)     that the Wisconsin Court allegedly does not have jurisdiction over Sperry and the other credit union-defendants – ignoring the fact that a short stay of this action to permit the Wisconsin Court to adjudicate this issue is entirely consistent with *Colorado River;* and

(2)     that application of the *Colorado River* factors allegedly does not support abstention. If credited, Sperry's arguments would entirely eliminate the ability of a federal court with a single claimant before it to abstain in favor of a state court that can hear the claims of *all*

of the nationwide victims of a *single fraudulent scheme*.  As discussed below, this runs counter to the purposes of the *Colorado River* doctrine and is simply not the law.

In a final attempt to preclude this Court from evaluating abstention under the *Brillhart/Wilton* standard, Sperry argues that CUMIS's Motion to Stay or Dismiss On Abstention Grounds Based Upon the "First-to-File" Rule (hereafter "First-to-File Motion") should have anticipated the possibility that the Wisconsin Action might be remanded to state court, and briefed an alternative legal standard not applicable to the then-existing state of facts.  Sperry's contention runs afoul of the constitutional limit of judicial jurisdiction to "cases and controversies," not advisory opinions on hypothetical future events.  Moreover, as discussed herein, no rule or precedent requires briefing hypothetical sets of facts that might become applicable in the future, and Sperry's argument to the contrary would, if credited, fundamentally change legal practice by forcing counsel to routinely brief multiple contingent sets of fact, and thereby double or triple the length of many briefs submitted to the courts.

Accordingly, as set forth in more detail below, this Court should grant CUMIS's Motion to Dismiss or Stay on Abstention Grounds and dismiss or stay this action in favor of the Wisconsin Action.

## ARGUMENT

### I. The Standard Articulated In Brillhart & Wilton Governs The Instant Motion

Sperry "concedes" that but for its tactical attempt to amend its complaint in the middle of briefing on CUMIS's motion to dismiss or stay, "the *Brillhart* standard for abstention would apply to this matter."  Opposition and Cross Motion, at 25.  Unwilling to face the consequences of its Complaint as pled, Sperry contends that if the Court grants its motion to amend the complaint, the Amended Complaint will change the applicable legal standard from *Brillhart* and

*Wilton* to *Colorado River* by adding non-declaratory relief causes of action. As discussed below, Sperry is wrong, and its' tactical ploy does ***not*** change the applicable legal standard under prevailing law in this Circuit.

Sperry's bid to avoid *Brillhart* and *Wilton*'s standard for abstention simply ignores an extensive body of law pertaining to "mixed" claims – *i.e.*, complaints which allege both claims for declaratory and non-declaratory relief. While the standard applicable to mixed claims is admittedly an issue which has split the Circuits and which the Third Circuit has yet to address, this Court is not without the guidance of its sister courts. Specifically, the majority of district courts within the Third Circuit addressing the standard applicable to mixed claims – and all of the decisions addressing this issue in the context of mixed insurance claims – apply the "heart of the action" test. *See, e.g., Leonard v. State Farm Mutual Auto Ins. Co.*, 2009 WL 3088425 (W.D. Pa.) at *5-6; *General Nutrition Corp. v. Charter Oak Fire Ins. Co.*, 2007 WL 2998443 (W.D. Pa.), at *2; *Coltec Ind. Inc. v. Continental Ins. Co.*, 2005 WL 1126951 (E.D. Pa.), at 2-3; *ITT Indus., Inc. v. Pacific Employers Ins. Co.*, 427 F. Supp. 2d 552, 556-557 (E.D. Pa. 2006). *See, also*, *Scully Co. v. One Beacon Ins. Co.*, 2004 WL 1166594 (E.D. Pa.), at *2 (concluding that *Brillhart/Wilton* appropriately governed a mixed insurance claim alleging breach of contract and bad faith without discussing the standard applicable to mixed claims); *Franklin Commons East Partnership v. Abex Corp.*, 997 F. Supp. 585 (D. N.J. 1998) (same). While a minority of the district courts within the Third Circuit have applied other tests to mixed claims *in other contexts*, each and every case addressing this issue *in the context of a "mixed" insurance claim* in this Circuit – *i.e.,* those cited above – follows the heart of the action test. Thus, the weight of relevant authority strongly counsels in favor of adoption of the heart of the action test in this case.

The heart of the action test is straightforward in application. Where, as here, the non-declaratory claims turn on how the insurance policies at issue are interpreted, the "heart of the action" is for declaratory relief and *Brillhart/Wilton*, and not *Colorado River,* supply the standard to evaluate whether abstention is appropriate. *See, e.g., Leonard*, at 5-6; *General Nutrition*, at 2; *Coltec*, at 2-3; *ITT*, at 556-557. This is a "fact-driven" analysis designed to cut "through the rhetorical fog of the pleadings." *ITT*, at 557. The intent of the test is to avoid allowing a subsidiary claim to dictate federal jurisdiction. "It would be the tail wagging the dog if the presence of a subordinate claim were sufficient to require a federal court to hear primary claims that it has determined are better resolved elsewhere." *Leonard*, at *6 (quoting *Franklin Commons East PShip v. Abex Corp.*, 997 F. Supp. 585, 592 (D. N.J. 1998)). Courts adopting this test reason that it is the most faithful to *Brillhart/Wilton*'s mandate that the federal courts should abstain from hearing claims sounding in declaratory relief where considerations of "wise judicial administration" so warrant, and not needlessly "compel the district courts to duplicate parallel state proceedings." *See, e.g.*, *Coltec*, at 3.

Moreover, the above-cited cases applying the heart of the action test are remarkably on point, in that all are insurance cases where, in addition to claims for declaratory relief, breach of contract and/or bad faith claims were also asserted. Despite the presence of these additional claims, each court found that because such claims turned on the interpretation of the insurance policies at issue (exactly like the claim for declaratory relief), the "heart of the action" in these cases was for declaratory relief and the *Brillhart/Wilton* standard applied. *See, e.g., Leonard*, at *3 (breach of contract, bad faith and violation of motor vehicle law); *ITT*, at 554 (breach of contract and bad faith); *General Nutrition*, at 2 (breach of contract and third-party beneficiary); *Coltec*, at *3 (breach of contract and bad faith).

The rationale of *Leonard*, *General Nutrition*, *Coltec* and *ITT* apply with particular force here, where Sperry tactically seeks to add bad faith and breach of contract claims – claims based on the same facts alleged in the original Complaint – to change the applicable legal standard in the middle of the briefing process. Applying the *Colorado River* analysis in these circumstances

would be to condone Sperry's tactical maneuvering and allow parties to avoid *Brillhart* and *Wilton*'s test of "wise judicial administration" merely by adding non-declaratory claims – regardless of the true nature of their action, or whether they were even interested in such claims prior to facing an abstention motion.  This cannot be the law.

II. **Application Of Brillhart & Wilton Require Abstention**

In its moving brief, CUMIS demonstrated that application of the *Brillhart/Wilton* test mandates abstention, citing numerous decisions demonstrating that, in this Circuit, the federal courts normally abstain when a federal suit seeking declaratory judgment with respect to an insurance policy duplicates a state proceeding.  *See*, Motion to Dismiss or Stay, at 7.  In its 27-page Opposition and Cross-Motion, Sperry devotes just over one page to arguing that abstention is not warranted even if *Brillhart/Wilton* applies, and wholly fails to cite or distinguish any of these authorities.  As discussed below, Sperry's arguments are conclusory, and contradicted by the case law which Sperry wholly fails to discuss.

A. **The Federal And State Actions Are "Parallel"**

The insurance coverage issues to be adjudicated in this action are *identical* to those to be adjudicated in the Wisconsin action.  *See,* Motion to Dismiss or Stay, at 7.  Sperry and the other credit unions named as defendants in the Wisconsin Action purchased materially identical fidelity bonds from CUMIS and were defrauded as part of a single fraudulent scheme.  *Id.*  Thus, the very same bond issued to Sperry, and the very same alleged losses by Sperry from the same fraudulent scheme, are at issue in both actions.  Sperry does not contest any of these critical facts, and expressly admits that with respect to Sperry, both this action and the Wisconsin Action "involve the same loss and the same bond."  Opposition and Cross-Motion, at 17.

Despite its concession, Sperry argues that this action is not "parallel" to the Wisconsin Action by making arguments that are directly contradicted by the case law.  *See*, Opposition and Cross-Motion, at 16-17, 25-26.  Specifically, Sperry incorrectly suggests that:  (1) absolute identity of parties is required; and (2) that Sperry's tactical attempt to add new causes of action

7

while briefing is underway somehow defeats a parallelism finding.  Sperry is flatly wrong on both fronts.

It is settled that actions are "parallel" if, as here, the state action is ***broader than*** the federal action, and includes parties not present in the federal action.  For example, District of New Jersey Senior Judge Walls found that federal and state actions were parallel even though the federal action sought adjudication of the insurance coverage issues arising from the contamination of a single site against a modest number of insurers, while the state action sought adjudication of the insurance coverage issues arising from the contamination of multiple sites (including the site at issue in the federal suit) against over 50 insurers (including the insurers at issue in the federal proceeding).  *Franklin Commons*, 997 F. Supp. at 587, 589-90.  Similarly, in *IFC*, the Court explicitly found that a federal action was parallel to a state action which also included additional parties and expressly noted that:  "the presence of additional parties in the [state] action does not bear on whether abstention here is proper.   The Third Circuit has stated that it has 'never required complete identity of the parties for abstention.'"  *Id.*  at 558 (quoting *IFC Interconsult, AG v. Safeguard International Partners*, 438 F.3d 298, 306 (3d Cir. 2006). Under *Franklin Commons* and *IFC*, Sperry's concession that the state action is broader than the federal action affirmatively establishes that the actions are parallel.

Sperry also contends that the claims it tactically seeks to add mid-briefing (breach of contract and bad faith) preclude a parallelism finding.  Preliminarily, Sperry's claim that these causes of action are not at issue in the Wisconsin Action is disingenuous.  Sperry has not yet answered the Wisconsin Action, and thus not yet asserted cross-claims.  Moreover, the Motion to Dismiss filed by Sperry in the Wisconsin Action expressly alleges that CUMIS has acted in bad faith.  *See*, Ex. A., at ¶ 5 (alleging – just like the proposed Amended Complaint – that CUMIS's conduct with respect to the tolling agreement constitutes "bad faith").

Sperry's claim is also flawed because absolute identity of claims has never been required, and parallelism is found where the same insurance policies are at issue in both the federal and state proceedings, even if one of the actions includes additional claims such as bad faith or

8

breach of contract. Indeed, this was precisely the issue in *ITT* – the party opposing abstention argued that its bad faith and breach of contract claims defeated a finding of parallelism. *ITT*, at 559. Just as this Court should rule here, the ITT court found that the two actions were parallel despite the presence of breach of contract and bad faith claims in the federal action because only substantial identity of claims is required and – as here – the party opposing abstention put forth no evidence that such claims could not be raised as counterclaims in the state proceeding. *ITT*, at 559.

      B.      **This Action Does Not Implicate Federal Law**

As noted in CUMIS's opening memorandum, the Third Circuit and District Courts following its guidance have repeatedly held that abstention is appropriate where, as here, a federal action involving the same insurance coverage issues at issue in a state proceeding does not implicate federal law. Motion to Dismiss or Stay, at 5-6. Sperry has neither disputed the importance of whether federal law is implicated, nor argued that this action somehow does so. Instead, Sperry argues that this Court can apply a choice-of-law analysis and apply the relevant state's law[1] (Opposition and Cross-Motion, at 26). Sperry thus concedes that federal law is not implicated by this action, a factor strongly favoring abstention.

      C.      **Abstention Will Avoid Duplicative Litigation**

In its moving brief, CUMIS discussed the inefficiency of litigating the very same insurance coverage issues under a single "form" fidelity bond arising from a single fraudulent scheme impacting over two dozen credit unions in multiple forums. In its Opposition and Cross-Motion, Sperry argues that the settlement of a subset of the credit unions somehow moots these concerns. It does not. Six credit unions will remain as defendants in the Wisconsin Action, and the Wisconsin Action thus remains the most efficient forum for the remaining litigation as a whole. Moreover, abstaining from this action will indisputably avoid duplicative proceedings *as to Sperry*, which is all that is required to show that abstention is appropriate. *See, e.g.*, *Leonard*,

---

[1] Sperry suggests that this is New York, a contention which is not relevant for present purposes, and which CUMIS accordingly does not address herein.

9

at *7 (noting that proceedings in federal and state court seeking adjudication of a single party's insurance claims against a single carrier created inevitable "duplication of effort" warranting abstention.)

### III. Abstention Is Warranted Even If The Applicable Standard Is Colorado River

Abstention is warranted even if this Court holds that the instant abstention motion must be evaluated under the standard of *Colorado River*.  Under *Colorado River*, where the "state and federal courts exercise concurrent jurisdiction simultaneously" a federal court may dismiss or stay a federal suit for "reasons of wise judicial administration."  *Colorado River*, 424 U.S. at 818, 96 S. Ct. at 1236.  In determining whether *Colorado River* applies, a threshold question is whether a federal and state action are "parallel."  As discussed in section II. A above, this action is parallel to the Wisconsin Action based on facts which Sperry concedes – that both actions seek adjudication of whether the very same loss, arising from the very same fraudulent scheme, is covered under the same provisions of the same bond.

Where, as here, the threshold requirement of parallel litigation is satisfied, to determine whether abstention under *Colorado River* is appropriate, a district court "is required to weigh six factors":

> (1)  the assumption of jurisdiction by either court over any res or property;
>
> (2)  the inconvenience of the federal forum;
>
> (3) the avoidance of piecemeal litigation;
>
> (4) the order in which jurisdiction was obtained;
>
> (5) whether state or federal law supplies the rule of decision; and
>
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Colorado River*, 424 U.S. at 818, 96 S. Ct. at 1236.  *See also*, *Trent v. Dial Med. Of Florida, Inc.*, 33 F.3d 217, 233 (3d Cir. 1994).

In this case, the balance of the Colorado River factors weigh heavily in favor of abstention:

First, this is not a case involving the assumption of jurisdiction by either court over any res or property, so this factor is not material to this dispute.  *See, e.g.*, *Franklin Commons*, 997 F.

Supp. at 590 n.5 (expressly holding that where a "complaint does not involve property, the first factor is not relevant.")

In this case, analysis of the second and third *Colorado River* factors, the convenience of the federal forum and the need to avoid of piecemeal litigation, are closely related. Because the all of the credit unions named as defendants in the Wisconsin action were impacted by a single fraudulent scheme, seek coverage from CUMIS under materially identical fidelity bonds and are located across the country, this action cannot serve as a vehicle for anything but piecemeal and inefficient adjudication of this dispute. By contrast, CUMIS contends that the Wisconsin Court may exercise personal jurisdiction over each of the credit unions. While Sperry has challenged the jurisdiction of the Wisconsin Court, this challenge implicates only state law and should be addressed by the Wisconsin Court. If the Wisconsin Court concludes that it does not have jurisdiction over Sperry, this action could be reinstated, or, if stayed, the stay could be lifted.

The facts of this case are remarkably similar to those at issue in Senior Judge Walls' decision in *Franklin Commons*, in which the state action involved the claims of over 50 parties, multiple environmental sites and insurance policies, while the federal action involved just one of these sites, and a subset of the parties and insurance policies. Judge Walls explained that the desirability of avoiding piecemeal litigation has been recognized as "[b]y far the most important factor" supporting abstention. *Id.* at 590 (citing *Moses H. Cone*, 460 U.S. 1, 16 (1983)). Further, he noted that courts have long utilized the abstention doctrine to seek "to avoid the possibility of conflicting interpretations of the same insurance policy." *Id.*

Significantly, Judge Walls further explained that the avoidance of piecemeal litigation factor applies with particular force when, as here, the state action is broader then the federal action. *Id.* Litigating the claims at issue on multiple fronts "is clearly an inconvenience and waste of resources" and would needlessly require witnesses to "travel back and forth" between the forums "to offer precisely the same testimony." *Id.*

While Sperry argues that Wisconsin is an inconvenient forum by placing its own interests above judicial efficiency in the context of litigation arising from a fraudulent scheme with

nationwide scope, *Franklin Commons* expressly notes that the court may evaluate the convenience of the litigation *as a whole*. *Id.* Sperry fails to acknowledge that there is no single forum that is convenient for each of the credit unions that remain as defendants in the Wisconsin Action[2], and simply does not discuss the most convenient forum for this litigation as a whole. If CUMIS prevails on the jurisdictional motions being briefed in the Wisconsin Action, the Wisconsin Court can efficiently adjudicate *all* of the coverage issues arising from a single fraudulent scheme under a single form coverage bond *in a single forum*. Simply put, Sperry argues that only its convenience matters, and that the Court must ignore the fact that this litigation arises from a fraud with nationwide consequences.

If Sperry's narrow interpretation of the convenience prong of the *Colorado River* analysis were correct, the federal courts could never abstain in favor of a single state court when a fraudulent scheme has victims in multiple states. Sperry's self-centered approach would thus make judicial efficiency impossible to achieve *in the very cases it matters most*. Sperry's approach is not the law – as noted in *Franklin Commons*, *Colorado River* explicitly considers the need to avoid piecemeal litigation, a factor which has been repeatedly stressed by courts within the Third Circuit.

Fourth, with respect to the order in which jurisdiction was obtained, it is undisputed that CUMIS filed and served the Wisconsin Action long before this action was filed. While Sperry alleges that CUMIS's service of the Wisconsin action is ineffective because service violated a tolling agreement, this argument has been made to the Wisconsin Court, which has a compelling interest in evaluating its own personal jurisdiction. If the Wisconsin Court concludes that it does not have jurisdiction over Sperry because of the breach of a tolling agreement, this action could be reinstated, or, if stayed, the stay could be lifted. Thus, this factor favors abstention.

Fifth, it is clear that state, and not federal law, supplies the rule of decision as to all of

---

[2] While Sperry correctly alleged that certain of the defendants in the Wisconsin Action have reached an agreement in principle with CUMIS, at least six credit union defendants will remain defendants in the Wisconsin Action pending further settlements. Accordingly, the need to avoid duplicative and piecemeal litigation arising from a single fraudulent scheme remains compelling.

Sperry's causes of action (including those alleged in its proposed Amended Complaint). Whether couched as claims for declaratory relief, breach of contract or bad faith, all of Sperry's claims turn on the application of state insurance law to a fidelity bond.  Accordingly, Sperry's Complaint fits squarely within a fact pattern to which abstention is typically applied. *See, e.g.*, Motion to Dismiss or Stay, at 5-7.

Finally, it is clear that the Wisconsin Action will fully protect the rights of Sperry, because all of the issues Sperry raises here can be addressed therein.  Indeed, the Wisconsin Action was filed for the express purpose of adjudicating the same very insurance coverage issues at issue in Sperry's duplicative Complaint as to all of the implicated credit union defendants, including Sperry.  While Sperry contends that the Wisconsin Court lacks jurisdiction, this is a threshold issue which will be fully briefed before the Wisconsin Court in a matter of weeks, and accordingly is not an argument against a stay, which can quickly be lifted if the Wisconsin Court rules that it lacks jurisdiction.

## IV.   CUMIS'S Abstention Motion Was Timely

In yet another bid to prevent this Court from analyzing abstention, Sperry argues that CUMIS's motion was untimely for two reasons.  First, Sperry argues that CUMIS has improperly filed successive 12(b) motions.  Opposition and Cross-Motion, at 11.  In so arguing, Sperry ignores the fact that it previously argued that a first-filed motion is not a 12(b) motion, and moved for a default judgment based on its argument that CUMIS's first-filed motion therefore did not stay its obligation to answer.  Perhaps more fundamentally, the Constitution mandates that the courts may only decide "cases and controversies," and may not issue advisory opinions based on hypothetical or contingent sets of future facts.  Litigants have never been required to speculate on, and brief, multiple contingent sets of fact which may never come to pass, and Sperry has noted cited any authority to the contrary.  Indeed, Federal Rule 12 itself, on which Sperry relies, expressly prohibits a second motion based on a defense or objection "***then available*** to the party".  (Emphasis added.)  Because the Wisconsin Action was pending in federal, and not state, court at the time CUMIS filed its First-Filed motion, arguments based on

*Brillhart, Wilton* and *Colorado River* were not "then available" and CUMIS was not obligated to speculate on facts that might or might not come to pass, and a new 12(b) motion is not prohibited.

Finally, Sperry argues that the Court's denial of CUMIS's First-Filed motion as moot should trigger issue or claim preclusion. Sperry's argument is patently frivolous, as the Court ruled that CUMIS's first-filed motion was moot solely because the new facts – i.e., the remand of the Wisconsin Action – removed the factual predicate for First-Filed motion. Accordingly, the Court did not address the merits of the motion, much less make any ruling pursuant to *Brillhart/Wilton* or *Colorado River*. Because a final judgment **on the merits** is an essential requirement for either claim or issue preclusion, these doctrines are flatly inapplicable. *See, e.g.*, *Churchill v. Star Enters*, 183 F.3d 184, 194 (3d Cir. 1999).

### V. Sperry's Arguments Based on the Wisconsin Action Should Be Addressed to the Wisconsin Court

Sperry argues that retention of this case is warranted because: (1) the Wisconsin court allegedly does not have jurisdiction over it and/or that the venue is inappropriate; or (2) because CUMIS did not disclose the Wisconsin action to Sperry prior to executing a tolling agreement. While Sperry's factual and legal contentions are without merit, these are precisely the kind of questions of state law which the Third Circuit has advised the district courts to defer to the state courts. *See, e.g., State Auto Ins. v. Summy*, 234 F.3d 131, 135-36 (3d Cir. 2000). Indeed, it is difficult to imagine questions more appropriately deferred to a state court then the evaluation of its own jurisdiction and venue, and the evaluation of any alleged misconduct arising from the failure to disclose the filing of the action before it to the defendants.

If the Wisconsin court ultimately concludes that it does not have jurisdiction over Sperry or that Wisconsin is an inappropriate forum for this dispute, this action can be re-filed, or, if stayed and not dismissed, the stay can be lifted. Conversely, if, as CUMIS expects, the Wisconsin court retains jurisdiction, then the Wisconsin Action provides a single forum where

the rights and liabilities of all of the six credit unions which remain as defendants in that action and CUMIS can be efficiently adjudicated without the risk of inconsistent verdicts. Accordingly, Sperry's jurisdiction and forum arguments do not provide any basis to refrain from abstention.

## VI.    Sperry's Motion To Amend

As discussed at length above, Sperry's motion to amend is a tactical attempt to manipulate the legal standard applicable to a pending motion. Fortunately, however, Sperry need not be rewarded for its tactical maneuvering, and if this Court applies the test applicable to "mixed" claims adopted by all of its sister courts considering this issue in the context of insurance claims, then the *Brillhart/Wilton* standards for abstention will remain applicable even if the motion to amend is granted.

While CUMIS contends, and at an appropriate point in time will demonstrate, that the new claims Sperry seeks to add are entirely without merit, CUMIS acknowledges that an opposition to a motion to amend is not an ideal procedural vehicle prove that these claims are without merit. Accordingly, CUMIS has opted not to oppose Sperry's motion to amend, and will address Sperry's new claims at an appropriate future point in this case.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, CUMIS requests that the Court stay or dismiss Sperry's complaint pursuant to the *Brillhart* abstention doctrine, or at a minimum, stay this action until the Wisconsin court determines whether it will exercise jurisdiction over Sperry.

Date:  June 15, 2010

/s/  Arthur H. Aizley
Arthur H. Aizley
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
CUMIS INSURANCE SOCIETY, INC.

        125 Broad Street, 39th Floor
        New York, New York 10004-2400
        Telephone: (212) 422-0202
        Facsimile: (212) 422-0925
        Email:    arthur.aizley@sdma.com

OF COUNSEL:

        Michael R. Davisson  (Bar No. 083278)
        SEDGWICK, DETERT, MORAN & ARNOLD LLP
        801 S. Figueroa Street, 19th Floor
        Los Angeles, CA 90017
        Email: michael.davisson@sdma.com

        Attorneys for CUMIS Insurance Society, Inc.