# EXHIBIT A

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

CUMIS INSURANCE SOCIETY, INC.,

        Plaintiff,

v.

        Case No.: 09-CV-4343

TCT FEDERAL CREDIT UNION, et al.

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### PRELIMINARY STATEMENT

1.    This is an action for declaratory relief under the Cumis Form 500 Bond (hereinafter "Bond") issued by Plaintiff Cumis Insurance Society (hereinafter "Cumis") to Sperry. Upon information and belief, Cumis issued similar bonds to the other Defendants in this action. Sperry contends, as do the other defendants in this declaratory judgment action, that it has suffered losses in connection with the sale of real estate loans issued to its members to the secondary market (hereinafter "Losses"), which fall within the coverage provided under the Bond.

2.    Cumis contends that coverage under the Bond does not extend to the Losses claimed by Sperry and, upon information and belief, has taken the same position with regard to the losses suffered by the other Defendants. Sperry, having conducted an investigation into the Losses and after having coverage counsel review the coverage form, firmly believes that coverage for the Losses fits squarely within the four corners of the Cumis Bond and that Cumis has a duty under the Bond form to indemnify Sperry for the Losses.

### SUMMARY OF THE MORTGAGE SALE
### SCHEME GIVING RISE TO THE LOSSES

For the purpose of brevity, the affiant respectfully refers the Court to Defendant's Brief in Support of its Motion to Remand or Dismiss, Docket Entry 63 of U.S. District Court record.

## PROCEDURAL HISTORY

3. Cumis issued a Bond to Sperry effective on or about July 6, 2008. On or about February 13, 2009, Sperry provided notice under the Bond with respect to Losses resulting directly from the acts of CUN and USM partners, officers, or employees. On or about September 11, 2009, Sperry provided Cumis with a signed Proof of Loss, with a copy attached hereto as "Exhibit A."

4. Subsequently, the parties then entered into a Tolling Agreement on or about September 16, 2009, whereby Cumis agreed to refrain from investigating the claim asserted by Sperry, and both Cumis and Sperry agreed that they would take no further actions to pursue or adjudicate coverage for the Losses. The agreement was to remain in force through December 30, 2009. A copy of the tolling agreement is attached hereto as "Exhibit B."

5. In bad faith and in contravention to the spirit of the tolling agreement, Cumis failed to disclose to Sperry that prior to entering into the tolling agreement it had filed a declaratory judgment action in the Dane County Circuit Court for the State of Wisconsin on August 31, 2009, naming Sperry, along with twenty-six other credit unions that suffered similar losses, as Defendants (hereinafter "State Declaratory Judgment Action"). A copy of Cumis' complaint in the State Declaratory Judgment Action (the instant action) is attached hereto as "Exhibit C." The State Declaratory Judgment Action sought an order declaring that Cumis had no duty under the Bond to indemnify the credit unions, including Sperry, for the Losses resulting directly from the acts committed by CUN/USM partners, officers or employees.

6. On or about November 17, 2009, Cumis' general counsel advised Sperry's counsel by telephone that a declaratory judgment action had been filed in Wisconsin. Cumis' counsel acknowledged that the parties were currently bound by the tolling agreement and requested that

Sperry waive the tolling agreement and agree to consent to service in the State Declaratory Judgment Action.

7. Sperry never waived its rights under the tolling agreement and was never served in the State Declaratory Judgment Action as required by Wis. Stat. § 801.02.

8. The State Declaratory Judgment Action was subsequently removed to Federal Court in the Western District of Wisconsin on December 17, 2009, by consent of all of the defendants except Sperry and Suffolk Federal Credit Union (hereinafter "Suffolk"), which were un-served. A copy of the Notice of Removal and accompanying Consents to Removal are attached collectively hereto as "Exhibit D." As acknowledged in the Notice of Removal, neither Sperry nor Suffolk had been served in the State Declaratory Judgment Action at the time the Notice of Removal was filed with the court.

9. On January 4, 2010, thirty-six days after the statutory ninety-day period for service, Sperry was served with a Summons from the U.S. District Court for the Western District of Wisconsin, authenticated copies of the state court Summons and Complaint, Notice of Removal, and related documents.

10. On March 22, 2010, upon stipulation of the parties this matter was remanded back to this Court, the Dane County Circuit Court of the State of Wisconsin. A true and accurate copy of the remand order is attached hereto as "Exhibit E." The record from the Federal court was transferred to this court on March 23, 2010.

## ARGUMENT

I.     SERVICE OF THE SUMMONS WAS UNTIMELY AND THE COMPLAINT MUST BE DISMISSED PURSUANT TO WIS. STAT. 801.02(1).

11.     The Wisconsin Rules of Civil Procedure require service of an authenticated copy of the summons and complaint on a defendant within ninety days after filing. Section 801.02, Commencement of action reads as follows:

> (1) Except as provided in Wis. 20.931 (5) (b), a civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing.

Wis. Stat. § 801.02. It is a fundamental error on the part of the complainant to fail to comply with Wis. Stat 801.02(1), which is strictly construed. *See State ex v. Walworth*, 170 Wis. 2d 40, 489 N.W.2d 899 (Wis. Ct. App. 1992). Further, under Wis. Stat. § 803.06 a complaint not served within the proscribed time limit is subject to immediate dismissal. Such dismissal may be made by the trial court on its own initiative or by motion of any party. *See Vettle v. Sommers*, 91 Wis. 2d 848, 284 N.W.2d 120 (Wis. Ct. App. 1979).

12.     While Sperry had entered into a tolling agreement with Cumis, the agreement did not toll or expand the ninety day time period under Wis. Stat. § 801.02(1). In fact, Wis. Stat. 801.15(2)(a) prohibits the tolling of the time period for service: "When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause and upon just terms. The 90 day period under § 801.02(1) may not be enlarged." Wis. Stat. § 801.15(2)(a). The running of the statutory time period under Wis. Stat. § 801.02(1) "creates a substantive right in the defendants which a court has no power to abridge." *Pulchinski v. Strand*, 276 N.W.2d 781 (1979).

13.     The Cumis complaint was filed in the Dane County Circuit Court of the State of

Wisconsin on August 31, 2009. A true and correct copy of the complaint is attached hereto as "Exhibit C." Applying Wis. Stat. §801.02(1), Cumis had ninety days from August 30, 2009 to serve Sperry. This deadline passed on November 30, 2009. Cumis failed to make a summons request in this matter (federal summons request) until December 30, 2009, and ultimately served Sperry late (under the Wisconsin Statute) on January 4, 2010, missing the service deadline by thirty-six days. A true and correct copy of the certificate of service is attached hereto as "Exhibit F." Accordingly, the Complaint should be dismissed. *See Bartels v. Rural Mutual Ins. Co.*, 687 N.W.2d 84, 87 (Wis. Ct. App.) (affirming the lower court's dismissal of complaint where plaintiff failed to serve defendant with the complaint within ninety days as required by Wisconsin Stat. § 801.02(1)).

## II. SERVICE IN THE FEDERAL ACTION DOES NOT CURE THE FAILURE TO SERVE UNDER THE WISCONSIN STATUTE.

14. The procedure for removing a state court action to federal court is set forth in 28 U.S.C. § 1446, which reads in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

15. However, in diversity actions removed to federal court, state procedural law is applied to conduct that occurred while the case was pending in state court. *See Romo v. Gulf Stream*

*Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) ("We agree with [defendant] and conclude that federal courts may apply state procedural rules to pre-removal conduct."); *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which service was made[.]"); *see also Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (affirming the lower court's dismissal of complaint for plaintiff's pre-removal failure to serve defendant within the proscribed time).

16.     Cumis' failure to serve Sperry within the ninety-day period cannot be cured by application of the Federal Rules governing removal. While U.S.C § 1448 provides that after removal, incomplete, unperfected, or defective service may be completed or corrected by re-issuance of the service of process, § 1448 does not apply here because "the issue is not whether this court can now correct defective service, but whether it can confer jurisdiction on a state court that had none." *Sutcliff v. Potter*, No. 1:05 Civ. 425, 2006 WL 752574, (N.D. Ind. 2006) (Section 1448 does not retroactively extend the time limits prescribed by state law where service was untimely before the action is removed to federal court. Nothing in the text or legislative history of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived the state courts.); *Witherow v. Firestone Tire & Rubber Co.*, 539 F.2d 160, 168 (3d Cir. 1976).

17.     As Cumis has failed to comply with the ninety-day limitation of Wis. Stat. § 801.02(1), and neither the tolling agreement or the provisions of U.S.C. § 1448 can cure this defect, the Complaint should be dismissed without a consideration of the issue of long-arm jurisdiction.

### III.     CUMIS' COMPALINT SHOULD BE DISMISSED FOR LACK OF PERSONAL     JURISDICTION PURSUANT TO WIS. STAT. § 801.05.

18.     Under Wisconsin law, personal jurisdiction over a defendant is governed by Wis. Stat. sec. 801.05., which sets forth in pertinent part the grounds for personal jurisdiction as follows:

A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

(1) LOCAL PRESENCE OR STATUS.

In any action whether arising within or without this state, against a defendant who when the action is commenced:(a) Is a natural person present within this state when served; or (b) Is a natural person domiciled within this state; or (c) Is a domestic corporation or limited liability company; or (d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise . . . .

(4) LOCAL INJURY; FOREIGN ACT.

In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

(5) LOCAL SERVICES, GOODS OR CONTRACTS.

In any action which: (a) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiffs benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or (b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant; or (c) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiffs benefit, by the defendant to deliver or receive within this state or to ship from this state goods, documents of title, or other things of value; or (d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendants order or direction; or (e) Relates to goods, documents of title, or other things of value actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred.

(6) LOCAL PROPERTY.

In any action which arises out of:(a) A promise, made anywhere to the plaintiff or to some 3rd party for the plaintiffs benefit, by the defendant to create in either party an interest in, or protect, acquire, dispose of, use, rent, own, control or possess by either party real property situated in this state; or(b) A claim to recover any benefit derived by the defendant through the use, ownership, control or

possession by the defendant of tangible property situated within this state either at the time of the first use, ownership, control or possession or at the time the action is commenced; or(c) A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this state at the time the defendant acquired possession or control over it.

19. Whether or not Wisconsin courts have jurisdiction over a nonresident defendant is a two-fold inquiry. First, the nonresident's contacts with the state must be determined pursuant to Wisconsin's long-arm statute, Wis. Stat. § 801.05. Second, if the long-arm statute extends to the defendant it must be determined whether the exercise of jurisdiction comports with due process requirements. While Wisconsin's long-arm statute should be liberally construed in favor of exercising jurisdiction, due process requires that the defendant have certain minimum contacts with the state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Regal Ware, Inc. v. TSCO Corp.*, 207 Wis. 2d 538, 541-42, 558 N.W.2d 679 (Ct. App. 1996); *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99 at ¶8, 245 Wis. 2d 396, 409, 629 N.W.2d 662.

20. The second step to determine whether due process is satisfied requires the application of another two-factor test. The first factor is whether the defendant purposefully established "minimum contacts" in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Plaintiff carries the burden of proof on the first step. *Kopke*, 2001 WI 99 at ¶22, 629 N.W.2d at 671. If the first step is satisfied, the second step involves determining whether the forum-state contacts "may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476. The burden of proof as to the second step falls on the defendant.

21. A defendant corporation establishes minimum contacts by *purposely availing itself of the privilege of conducting business in the forum state*. The defendant's activities must be such that

it could reasonably anticipate being subject to suit in the forum state. *Precision Erecting v. M&I Marshall & Ilsley Bank*, 224 Wis. 2d 288, 296-97, 592 N.W.2d 5 (Ct. App. 1998). "Jurisdiction is proper when the contacts result from actions by the defendant corporation which create a substantial connection to the forum state." *Regal Ware*, 207 Wis. 2d at 544. If the nature of the relationship between the nonresident and the company is "fortuitous" or "attenuated," a contractual relationship between the parties will fail to satisfy the minimum contacts.

22.  Sperry is a community-based, chartered credit union serving individuals and business that live, work, worship, attend school, or conduct business in Nassau County, New York. A true and correct copy of a screenshot from Sperry's website is attached hereto as "Exhibit G." The nature of Sperry's business activities are highly localized. Sperry's contact with Wisconsin is limited to purchasing a bond from Cumis.

23.  Sperry does not solicit business or regularly carry on activities within the state. Other than purchasing a bond from Cumis, Sperry does not engage in any activities or business within the state of Wisconsin nor has it ever had any customers who reside there. Sperry does not solicit business or carry on activities within the state. It does not provide any products or materials nor does it process, service, manufacture, use, or consume anything within Wisconsin. Sperry does not provide any services nor does it maintain any property within the state. In short, other than the Cumis bond, Sperry has no contacts with Wisconsin that would confer jurisdiction under the statute or satisfy the first prong of the test for long-arm jurisdiction.

24.  However, even if it were found that Sperry had in fact established the minimum contacts necessary for this Court to exercise its long arm jurisdiction, the contact would be so limited that there is no substantial connection between Sperry and the state of Wisconsin. Coupled with Cumis' failure to disclose that it had filed suit in Wisconsin prior to entering into the tolling

agreement, the assertion of personal jurisdiction could hardly be seen to comport with the notions of fair play and substantial justice in this instance, making this case inappropriate for the exercise of long arm jurisdiction.

## CONCLUSION

Sperry respectfully requests that this Court grant this Motion to Dismiss pursuant to Wis. Stat. § 801.02 and Wis. Stat. Sec. 801.05. For the reasons set forth above, Defendant Sperry's Motion to Dismiss the Complaint pursuant to Wis. Stat 801.02(1) should be granted due to Cumis' failure to serve the Complaint within the time period required by statute, and if granted on such basis would eliminate the need for the Court to consider the issue of long-arm jurisdiction; and should be dismissed pursuant to Wis. Stat. Sec. 801.05 as personal jurisdiction under the long-arm statute does not apply Sperry.

Respectfully submitted this 5th day of April, 2010.

The Law Office of Rollie R. Hanson, SC
Local Counsel for Defendant,
Sperry Associates Federal Credit Union

Rollie R. Hanson, Esq.
6737 W. Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414) 321- 9733

- and -

Scott A. Rosenberg, P.C.
2400 Jericho Turnpike
Suite 210
Garden City Park, New York 11590
(516) 877-7205
Counsel for Defendant
Sperry Associates Federal Credit Union

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733/ fax 321-9601
Rollie@hansonlaw.net