**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SPERRY ASSOCIATES FEDERAL CREDIT UNION,

Plaintiff,

v.

CUMIS INSURANCE SOCIETY, INC.,

Defendants.

Civ. No. 10-29 (DRD)

**OPINION**

*Appearances by:*

LOANZON SHEIKH LLC
by: Umar Sheikh, Esq.
197 Route 18 South
PMB 4175, Suite 3000
East Brunswick, NJ 08816

*Attorneys for Plaintiff,*

SEDGWICK DETERT MORAN & ARNOLD LLP
by: Arthur H. Aizley, Esq.
Michael R. Davisson, Esq.
125 Broad Street
New York, NY 10004

*Attorneys for Defendant.*

**DEBEVOISE, Senior District Judge**

This matter comes before the Court on the Defendant, Cumis Insurance Society, Inc.'s motion to dismiss or stay this diversity declaratory judgment action on abstention grounds because a suit involving the same parties and state law issues is currently pending in a state court

in Wisconsin. The underlying dispute in this matter concerns the coverage of a fidelity bond, [1] and the Plaintiff, Sperry Associates Federal Credit Union ("Sperry") brought this federal suit pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and under the Court's diversity jurisdiction, 28 U.S.C. § 1332. Sperry asserts that the fidelity bond Cumis issued covers the loss Sperry suffered when its mortgage servicer fraudulently sold mortgages Sperry owned to a third party. Cumis contends that the Court should abstain under the Brillhart/Wilton doctrine[2] because a parallel action is pending in a state court in Wisconsin, or in the alternative, stay this matter pending determination of the state court proceeding. In response, Sperry cross-moves to amend the Complaint and add non-declaratory causes of action for breach of contract and bad faith; it contends that if the Court accepts its amendments, the Colorado River doctrine[3] of abstention should apply rather than Brillhart/Wilton. Sperry also raises an array of procedural objections to Cumis's present motion. The questions raised by these motions are (1) whether Cumis's motion is procedurally deficient and should be denied as such, (2) whether the Court should allow Sperry to amend the pleadings, (3) which doctrine of abstention applies, and finally, (4) whether the Court should abstain in favor of the suit filed in Wisconsin. For the reasons explained below, the Court will reject Sperry's procedural objections to the motion. As for the abstention issue, the Court must deny Cumis's motion at this time. Sperry is challenging the Wisconsin court's jurisdiction over it and the Wisconsin court has not yet ruled on the issue, so it is not clear whether Sperry will be party to the Wisconsin suit and at this juncture the Court cannot find

---

[1]Defined by Black's Law Dictionary as "[a] bond to indemnify an employer or business for loss due to embezzlement, larceny, or gross negligence by an employee or other person holding a position of trust." Black's Law Dictionary (8th ed. 2004).

[2] Set forth in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942) and further developed in Wilton v. Seven Falls Co., 515 U.S. 277 (1995) and its progeny.

[3] Developed in Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-819 (1976), and its progeny, including Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983).

that the Wisconsin suit is parallel to the litigation before this Court.

## I. BACKGROUND

Generally, Sperry alleges that the fraud perpetrated on it by its mortgage servicer was covered by a fidelity bond that Cumis issued to Sperry. Sperry is a federal credit union with a principal place of business in New York State. Cumis is a private shareholder-owned corporation incorporated and having its principal place of business in the State of Wisconsin.

Sperry asserts that it was defrauded by two corporations, CU National Mortgage, LLC ("CUN"), and the affiliated corporation, U.S. Mortgage Corp. ("USM," collectively, "CUN/USM"), which were Sperry's former mortgage loan servicer. CUN/USM ran a fraudulent scheme in which CUN sold mortgages it was in charge of servicing on behalf of the credit unions that owned the mortgages to the Federal National Mortgage Association ("Fannie Mae"). (Id. ¶¶ 7-8.)

As part of that scheme, CUN and USM sold twenty-seven mortgages that Sperry owned ("Subject Mortgages")—valued together at approximately of $9.49 million—to Fannie Mae without prior authorization and without thereafter advising Sperry that the Subject Mortgages had been sold. Sperry did not receive any of the proceeds from the sale. After the sale, CUN/USM continued to give Sperry monthly reports and summaries of the mortgages they had fraudulently sold; in the monthly statements it appeared that Sperry still owned and was receiving income from the twenty-seven Subject Mortgages. (Id. ¶ 9.) Sperry alleges that to perpetrate the fraudulent scheme, employees of CUN/USM prepared a set of fraudulent documents purporting to assign the Subject Mortgages from Sperry to USM, and then from USM to Fannie Mae. (Id. ¶ 10.) In February 2009, federal officials raided CUN/USM's offices; CUN and USM filed for bankruptcy. (Id. ¶ 13.)

CUMIS issued a bond to Sperry (the "Bond"), and also issued the substantially identical "Cumis Form 500 Bond" to each of 26 credit unions who claim to have also been defrauded by CUN/UMS's scheme. (Aizley Decl. Ex. B ¶ 1.) On or about February 13, 2009, Sperry sent notice to Cumis that it had experienced losses resulting from the acts of CUN/UMS employees. On or about September 11, 2009, Sperry provided Cumis with a signed proof of loss. (Compl. ¶ 16.)

On or about September 26, 3009, Sperry and Cumis entered into a tolling agreement, in which Cumis agreed not to investigate the claim asserted by Sperry, and both Sperry and Cumis agreed not to take further actions to pursue or adjudicate coverage for Sperry's claimed losses, until December 31, 2009. (Id. ¶ 18.) When they entered into the agreement, Cumis did not inform Sperry that on August 31, 2009, it had filed an action in Wisconsin state court ("Wisconsin case") seeking a declaration that Cumis had no duty under the Cumis Form 500 Bonds to indemnify any of the 26 credit unions that had been defrauded by CUN/USM. (Id. ¶ 18.)

Sperry did not learn of the Wisconsin case until November 17, 2009, when Cumis's general counsel informed Sperry's attorney that the action naming Sperry as a defendant had been filed. Cumis's general counsel asked that Sperry waive the tolling agreement and consent to service in the Wisconsin case. (Id. ¶ 19.) Sperry never consented to waiving its rights under the tolling agreement and Cumis never served Sperry in the Wisconsin case; Sperry asserts that the Wisconsin action will be dismissed based on a statute which requires that service in Wisconsin state court be effected within 90 days after a complaint is filed. (Id. ¶ 20.)

The Wisconsin case was removed to the United States District Court for the Western District of Wisconsin on December 17, 2009. (Id. ¶ 21.) The first business day after the tolling

agreement expired was January 4, 2010; Sperry filed the present action in this Court on January 5, 2010. Cumis served Sperry in the Wisconsin case on January 4, 2010.

The preliminary phase of litigation in this Court has been contentious. The Complaint, filed in this Court on January 5, 2010, sought a judgment declaring that Cumis is under a duty to indemnify Sperry for the losses caused by fraudulent acts committed by CUN/USM based on two portions of the relevant bond. In lieu of an answer and while the Wisconsin case was in federal court, Cumis moved to dismiss or stay the case based on the "first to file" rule, which dictates that a federal district court should abstain in favor of a previously filed federal suit in which the issues and parties substantially overlap with the issues and parties in the case before it. Sperry cross moved for default judgment against Cumis and argued that Cumis's actions were inequitable for several reasons, including that Cumis's motion to remand the Wisconsin case to state court was then pending in the Western District of Wisconsin. While Cumis's motion to dismiss the instant matter was pending before the Court, the Western District of Wisconsin remanded the Wisconsin case to state court for lack of complete diversity. This Court denied Cumis's motion as moot, since the factual basis it asserted in support of its motion—that a first-filed suit was pending in federal court—no longer existed. On April 5, 2010, the Court ordered that Cumis file an answer to the Complaint within 20 days. Cumis complied, filing its answer on April 26, 2010. However, it also filed the present motion to dismiss on the same day. In response, Sperry cross-moved to amend the Complaint, adding two additional claims for breach of contract and bad faith.

## II. DISCUSSION

Sperry invokes jurisdiction based on 28 U.S.C. § 1332, asserting that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that the conflict is between

citizens of different states.

**A. Sperry's Procedural Challenges to the Motion to Dismiss or Stay**

Sperry raises three main arguments in support of its contention that the Court should deny Cumis's motion without reaching its merits. First, Sperry argues that the motion should be denied because Cumis already interposed its answer, so a motion to dismiss is untimely. In the alternative, Sperry argues that Cumis cannot raise any issues that may properly be considered in a Rule 12(b) motion because Cumis already raised a 12(b)(6) motion and failed to present this particular abstention doctrine in support of the motion, so the subject matter of the motion is barred by Rule 12(g) and Rule 12(h)(2). Finally, Sperry argues that the Court should deny Cumis's motion on the basis of res judicata or claim preclusion, since Cumis's original motion to dismiss or stay, filed February 16, 2010 ("February motion"), could have raised the present grounds for abstention but failed to do so.

Sperry bases all of its procedural objections on the fact that Cumis previously filed the February motion captioned as a motion to dismiss or stay based on the "first to file" rule, styled as a motion under 12(b)(3).[4] Although it may have been more efficient for Cumis to raise the present abstention arguments as alternative grounds for its previous motion,[5] its failure to do so does not give the Court sufficient procedural grounds to reject the present motion.

Cumis argues that Sperry should be estopped from claiming that Cumis improperly filed successive 12(b) motions, since in support of Sperry's previous cross-motion for default judgment, it asserted that Cumis's motion to stay or dismiss based on the "first to file" rule was

[4] Cumis did not caption the February motion as falling under Rule 12(b)(3); rather, the motion was captioned simply "Motion to Dismiss or Stay." Cumis only asserted that the motion fell under Rule 12(b)(3) in opposition to Sperry's cross motion for default judgment.

[5] Cumis had filed a motion to remand the Wisconsin case to state court when it filed its February Motion, so it was not altogether unforeseeable that its motion might be granted, giving it grounds to assert the abstention argument it asserts in the instant motion.

not a 12(b) motion. Additionally, Cumis argues that at the time it filed the motion, the Wisconsin case was in federal court, so the "first to file" rule was the proper grounds on which to raise the abstention issue based on the facts in existence at the time. Cumis did not know at the time it prepared its motion papers that the Wisconsin case would be remanded to state court and its motion based on the "first to file" rule would be mooted.

The Court will reject each of Sperry's arguments and proceed to its consideration of the merits of the motion.

Federal Rule of Civil Procedure 12(g) provides, in pertinent part:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Federal Rule of Civil Procedure 12(h)(2) states, in pertinent part:

> Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial.

To determine whether waiver applies here, the Court first must define the type of motion before it.[6] Often, parties will present Colorado River or Brillhart abstention in the form of a Rule 12(b) motion to dismiss. See, e.g., Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 136 (3d Cir. 2009). However, a motion to abstain based on a concurrent case pending in state court does not fit neatly into any of the categories of motions enumerated in 12(b)—the challenge is neither the facial sufficiency of the complaint nor the factual basis pled in the complaint. Likewise, it cannot be properly characterized as a motion based on a lack of jurisdiction. See Int'l Ass'n of Entrepreneurs of America v. Angoff, 58 F.3d 1266, 1271 (8th

[6] Cumis styles the present motion as simply a "Motion to Dismiss or Stay on Abstention Grounds."

Cir. 1995). Rather, this type of abstention motion is a function of the Court's discretion to promote "wise judicial administration." See Colorado River Water Dist. v. United States, 424 U.S. 800, 817 (1976).

Although it appears that the Court of Appeals for the Third Circuit has not directly addressed the issue of whether a motion for abstention is a Rule 12(b) motion, other courts considering the issue, including this Court, have found that an abstention motion is not a Rule 12(b) motion for the purpose of Rule 12(g) and 12(h)(2). Aetna Life Ins. Co. v. Alla Medical Servs., Inc., 855 F.2d 1470, 1474-1475 (9th Cir. 1988) (reasoning that a motion to dismiss or stay because of a pending state court action is not a 12(b) motion); AFN, Inc. v. Schlott, Inc., 798 F. Supp. 219, 222 n.4 (D.N.J. 1992) ("A motion to stay or dismiss a federal action due to a pending state action is not a Rule 12 motion and, therefore, a second motion to dismiss is not barred by Rule 12(g)."); Manna v. Greenburgh No. 11 Sch. Dist., 2 F. Supp. 2d 461, 463 n.1 (S.D.N.Y. 1998) ("Although this motion is styled as a Rule 12(b) motion to dismiss, the arguments of the defendants make clear that they are seeking abstention…"). The Court finds that a motion to abstain is not a Rule 12(b) motion so Rule 12(g) and Rule 12(h)—which apply only to Rule 12 motions—do not bar Cumis's current motion.

Sperry's argument that Cumis should be estopped from presenting its arguments based on the doctrine of claim preclusion or res judicata since it could have presented them in the February motion is equally unavailing. It is true that "the doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). However, claim preclusion clearly does not apply here. "Federal law of claim preclusion requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their

privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991) (citing United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)). The Court's previous dismissal of the February motion as moot was not a ruling on the merits and this is not a subsequent action, but a subsequent motion. Furthermore, Cumis's argument that it had sufficient reason not to assert the present abstention grounds in its February motion is reasonable. The Court rejects Sperry's various procedural objections and moves to its consideration of the motion and cross-motion's merits.

**B. Sperry's Cross Motion to Amend the Complaint**

Sperry contends that if the Court grants its cross-motion to amend the Complaint, Brillhart/Wilton abstention, which pertains to parallel declaratory actions in state court, would be inapplicable and Colorado River abstention would apply instead. It argues that the Court should grant leave to amend because Cumis would suffer no prejudice if leave were granted. Cumis does not oppose the motion to amend and asserts that the Court's analysis will yield the same result with or without Sperry's proposed amendment.

Sperry submitted a proposed amended complaint with its cross motion. The significant additions in the Proposed Amended Complaint are two state law claims for (1) breach of contract, based on Cumis's filing the Wisconsin case before Sperry filed its proof of loss; and (2) bad faith, based on Cumis allegedly misleading Sperry about the Wisconsin case.

After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Rule 15(a); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). In light of that policy, the early stage of this litigation, and also because Cumis does not oppose Sperry's cross motion, the Court will grant Sperry's cross-motion and deem the Complaint

amended in considering the abstention motion.

**C.      Whether the Court Should Dismiss or Stay this Matter Based on Abstention**

The parties disagree as to which doctrine of abstention—the discretionary Brillhart/Wilton standard or Colorado River exceptional circumstances" test—should apply.  It is clearly established that when a declaratory action is filed in federal court and a parallel state action is pending concerning the same state law issues, Brillhart/Wilton applies; Colorado River applies when a parallel state action is pending but the federal suit has no declaratory aspect.  However, the courts of appeals are currently split on which standard to apply when the duplicative federal suit asserts claims for both declaratory and non-declaratory relief.  The Court of Appeals has not yet addressed the issue.

Under either doctrine, before the Court proceeds to its abstention analysis it must first determine a threshold issue—whether the concurrent proceedings in state and federal court are indeed parallel.  "Parallel cases involve the same parties and substantially identical claims, raising nearly identical allegations and issues."  IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006) (internal quotations omitted).  Sperry argues that the parties are not the same in this matter because the Wisconsin case also involves other credit unions that were defrauded by the same mortgage servicer.  This argument must be rejected.  The Court of Appeals has "never required complete identity of parties for abstention."  Id.  The presence of additional parties in the state action does not affect whether the pertinent issues and parties presently before this Court are also currently before the Wisconsin court.

Next, Sperry argues that it was not properly served so the Wisconsin court does not have personal jurisdiction over it.  Sperry asserts on that basis that there is no case currently pending in Wisconsin in which it is a party, so the Court cannot find that the Wisconsin case involves the

same parties. In its reply brief, Cumis informs the Court that Sperry filed a motion contesting the propriety of the Wisconsin court exercising jurisdiction over it in that case. It appears from the representations of the parties that the Wisconsin court has not yet decided the jurisdictional question. Since it is unclear whether the Wisconsin court will exercise jurisdiction over Sperry in the case before it, the Court cannot find at this juncture that a parallel proceeding involving Sperry and Cumis is in fact currently pending in state court. As the Court of Appeals has instructed, "[t]he threshold requirement for a district court to even entertain abstention is a contemporaneous parallel judicial proceeding." IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298 (3d Cir. 2006) (declining to consider Colorado River abstention because the state proceeding at issue was not parallel in that it had ended more than a year before the case came before the district court). It would be improper for the Court to consider the abstention issue when it appears that there may not be a parallel state proceeding involving Sperry and Cumis.

**III. CONCLUSION**

For the foregoing reasons, the Court will grant Sperry's cross motion to amend the Complaint and deny without prejudice Cumis's motion to dismiss or stay this matter. This case will proceed in the normal course. When the Wisconsin court determines the personal jurisdiction issue, Cumis may renew its motion if it sees fit to do so. The Court will enter an order implementing this opinion.

**s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 21, 2010