UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SPERRY ASSOCIATES FEDERAL CREDIT UNION,

    Plaintiff,

-against-

CUMIS INSURANCE SOCIETY, INC.,

    Defendant.

---

Case No.: 10-29 (DRD) (MAS)

Hon. Dickinson R. Debevoise

**DISCOVERY PLAN**

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Arthur H. Aizley
   Sedgwick, Detert, Moran & Arnold LLP
   125 Broad Street
   New York, NY 10004
   (212) 898-4051
   Fax: (212) 422-0925

   OF COUNSEL
   Michael R. Davisson  (Bar No. 083278)
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
   801 S. Figueroa Street, 19th Floor
   Los Angeles, CA 90017
   (213) 426-6900
   Fax: (213) 426-6921

   Counsel for CUMIS Insurance Society, Inc.

   Umar Sheikh   (Local Counsel)
   Loanzon Sheikh, LLC
   197 State Highway 18
   PMB 4175, Suite 3000
   East Brunswick, New Jersey 08816
   (732) 398-8600
   Fax: (732) 398-8601

Kenneth J. Pagliughi (*Pro Hac Vice*)
Scott A. Rosenberg, P.C.
2400 Jericho Turnpike
Suite 201
Jericho, New York 11040
(516) 877-7205 x 12
Fax: (516) 730-2732

Counsel for Sperry Associates Federal Credit Union

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

This is an insurance coverage action in which Sperry seeks a declaration of the parties' rights and obligations under a fidelity bond issued by CUMIS to Sperry (the "Bond") with respect to the allegedly fraudulent sale of mortgages by CU National Mortgage, LLC ("CUN") and its affiliated corporation U.S. Mortgage Corp. ("USM") which Sperry hired to service its residential loan portfolio. The Court granted Sperry permission to file an Amended Complaint, which will add bad faith and breach of contract claims. CUMIS denies that the Bond covers the losses at issue, and contends that its handling of Sperry's claim has been and continues to be appropriate, and denies that it has acted in bad faith. The parties agree that there are several key policy provisions which both sides contend have unambiguous meanings which support their respective positions, including: (1) whether CUN/USM meets the definition of a "loan servicer" under the Bond and/or was acting within this role with respect to the allegedly fraudulent transactions; and (2) whether the Bond's "forgery" or "alteration" coverage is factually and/or legally applicable to the allegedly fraudulent loan documents. CUMIS refers to, and incorporates by reference, its Answer to the Complaint for a complete list of applicable or potentially applicable affirmative defenses.

This action is one of several related actions, inasmuch as CUN/USM allegedly defrauded over two dozen credit unions which were insured by CUMIS under materially identical fidelity bonds. Four such actions are currently pending in federal court including this action; however, an agreement in principle has been reached with respect to one of the four actions. In addition to this action, Suffolk Federal Credit Union has an action pending in the E.D.N.Y. before the Honorable Senior Judge Arthur Spatt, and TCT Federal Credit Union has an action pending before the Honorable Senior Judge Frederick J. Scullin, Jr. in which a motion to remand is currently pending. Additionally, an action filed by CUMIS is pending in state court in Wisconsin which seeks declaratory judgment with respect to all of the implicated credit unions which have tendered claims to CUMIS, as to which a settlement has not yet been reached, including Sperry.

Has this action been: Settled: No    Discontinued: No

If so, has there been a Stipulation/Dismissal filed?

N/A

3. Have settlement discussions taken place?

The parties have not engaged in formal settlement discussions and no demands or offers have been exchanged.

4. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

5. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)

CUMIS has requested that Sperry make the documents referred to in its disclosures available to CUMIS. Sperry points out that many such documents are already in CUMIS's possession, but concedes that there are certain additional materials which will be produced on a rolling basis. Additionally, the parties will need to evaluate whether supplemental disclosures are appropriate in light of the to be filed Amended Complaint.

6. The parties have not yet conducted discovery other than the above disclosures. If so, describe.

CUMIS anticipates serving document requests and interrogatories before the 26(f) conference.

7. The parties met pursuant to Rule 26(f) on or about July 19, 2010

   (a) If not, state the reason therefor.

   N/A

   (b) If so, state the date of the meeting and the persons in attendance

   July 19, 2010 teleconference between Kenneth J. Pagliughi and Arthur H. Aizley.

8. The following is a proposed joint discovery plan.

   (a) Discovery is needed on the following subjects:

   CUMIS seeks discovery regarding Sperry's relationship with CUN/USM, including CUN/USM's loan servicing activities, documentation with respect to the loans at issue, including Sperry's discovery of the alleged fraud and attempt to recover the proceeds of same.

   Sperry seeks discovery regarding CUMIS's handling of the claim, including how the determination was made that coverage did not apply, the handling of similar loan servicer claims, and circumstances under which the parties entered into the tolling agreement.

   (b) Discovery should not be conducted in phases or be limited to particular issues. Explain.

   The parties do not believe that phasing of fact discovery is necessary or advantageous.

NY/581817v1

    (c)    Maximum of 25 Interrogatories by each party to each other party.

    (d)    Maximum of 10 depositions to be taken by each party.

    (e)    Plaintiff's expert reports due on April 15, 2011.

    (f)    Defendant's expert reports due on: June 1, 2011.

The parties propose the following additional dates: Plaintiff's experts deposed by July 15, 2011. Defendant's experts deposed by September 1, 2011.

    (g)    Motions to amend or to add parties to be filed by_____.

By July 21, 2010 Order, Judge Debevoise gave Sperry 20 days to file its Amended Complaint. Apart from a responsive pleading, the parties do not presently contemplate further amendments.

    (h)    Dispositive motions to be served within 30 days of completion of expert discovery.

    (i)    Factual discovery to be completed by: March 1, 2011.

    (j)    Expert discovery to be completed by: September 1, 2011.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

The parties contemplate submission of an agreed protective order.

    (l)    A pretrial conference may take place on _____.

The parties mutually contemplate reciprocal summary judgment motions, which the parties believe will materially advance and/or shape further proceedings in this litigation regardless of outcome. Accordingly, the parties agree that it would be productive to meet with the Court to discuss the nature of, and a schedule for, further proceedings, following a decision on the parties' summary judgment motions.

    (m)    Trial date:_____ (_____Jury Trial; _____ Non-Jury Trial).

    (n)    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes_____ No_____.

If so, please explain.

The parties reserve the right to videotape depositions, and certain depositions may occur in Wisconsin, where CUMIS is headquartered. Additionally, certain depositions may be occur in New York where Sperry is located.

    (o)    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes_____ No_____.

The parties contemplate discovery of e-mail and other electronic discovery, but have not yet determined whether it is necessary to seek discovery of electronic materials from "back-up" or similar systems, or whether discovery from the "active server" will suffice. To facilitate this analysis, the parties will discuss their retention procedures for electronically stored information following the service of discovery requests.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

_____

_____

_____

(p) Do you anticipate any other discovery problem(s) not listed above?

No.

If so, explain.

N/A.

(q) State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

No.

(r) Is this case appropriate for bifurcation?

No.

(s) An interim status/settlement conference (with clients in attendance), should be held in

The claims of the majority of credit unions to which CUMIS issued a materially identical fidelity bond which were allegedly defrauded by CUN/USM have already settled. The parties anticipate discussing settlement productively, and will contact the Court to request assistance if warranted.

(t) The parties do not consent to the trial being conducted by a Magistrate Judge.

5

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)

NY/581817v1