Arthur H. Aizley
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202
Facsimile (212) 422-0925
Attorneys for Defendant
CUMIS INSURANCE SOCIETY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x
SPERRY ASSOCIATES FEDERAL CREDIT
UNION,

                Plaintiff,

-against-

CUMIS INSURANCE SOCIETY, INC.,

                Defendant.
-----------------------------------------------------------------x

**CUMIS INSURANCE SOCIETY, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Civil Action No. 10-CV-00029 (DBD) (MAS)

### ANSWER OF CUMIS INSURANCE SOCIETY, INC. TO COMPLAINT

Defendant CUMIS Insurance Society, Inc. ("CUMIS"), through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, in Answer to the Complaint by Plaintiff, Sperry Associates Federal Credit Union ("Sperry"), states as follows:

### PARTIES

1.     CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 1 of the Complaint, and therefore denies same, except that CUMIS admits only that, on information and belief, Sperry is a federally chartered credit union.

2.     Paragraph two is denied.

## JURISDICTION AND VENUE

3. Paragraph 3 purports to state a legal conclusion to which no response is required. To the extent a response is required, CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 3 of the Complaint, and therefore denies same.

4. Paragraph 4 purports to state a legal conclusion to which no response is required. To the extent a response is required, CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 4 of the Complaint, and therefore denies same.

5. CUMIS admits that paragraph five purports to characterize the relief sought by Sperry in this action, but expressly denies that Sperry is entitled to any relief in this action.

## SUMMARY OF ACTION

6. Paragraph 6 is denied, except that CUMIS admits only that Sperry purports to characterize its contentions in this action, but expressly denies the accuracy of such contentions, and admits only that CUMIS contends that the coverage under the bond issued to Sperry does not extend to the losses claimed by Sperry.

## SUMMARY OF THE MORTGAGE SALE SCHEME GIVING RISE TO THE LOSSES

7. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 7 of the Complaint, and therefore denies same.

8. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 8 of the Complaint, and therefore denies same.

9. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 9 of the Complaint, and therefore denies same.

10. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 10 of the Complaint, and therefore denies same.

11. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 11 of the Complaint, and therefore denies same.

NY/593905v1

12. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 12 of the Complaint, and therefore denies same.

13. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 13 of the Complaint, and therefore denies same, except that CUMIS admits only that Sperry purports to refer to a chapter 11 filing and the status of such action, which speaks for itself, and that, on information and belief, USM was the subject of a federal investigation concerning the matters alleged in the Complaint.

14. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 14 of the Complaint, and therefore denies same.

15. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 15 of the Complaint, and therefore denies same, except that CUMIS admits only that Sperry purports to attach a true and correct copy of its Loan Servicing Agreement with CUN to the Complaint as Exhibit A, and that, on information and belief, this is a true and correct copy of such agreement, which speaks for itself.

## CUMIS DELCARATORY ACTION

16. The first sentence of paragraph 16 is admitted.  The remainder of paragraph 16 is denied.

17. Admitted.

18. Paragraph 18 is denied, except that CUMIS admits only that on August 31, 2009 CUMIS filed a declaratory judgment action in the State of Wisconsin, County of Dane naming Sperry and 26 other credit unions as defendants, that a copy of the Summons and Complaint filed by CUMIS is annexed to the Complaint as Exhibit "D", which speaks for itself, and that CUMIS entered into a Tolling Agreement with Sperry on or about September 16, 2009 and that a copy of such Tolling Agreement is annexed to the Complaint as Exhibit "C", but expressly denies Sperry's characterization of such Tolling Agreement, which speaks for itself, and expressly denies that CUMIS breached such agreement.

19. CUMIS lacks knowledge and information sufficient to form a belief as to the truth of each and every allegation made in paragraph 19 of the Complaint, and therefore denies same, except that CUMIS admits only that counsel for CUMIS contacted Sperry to inform Sperry that a declaratory action had been filed by CUMIS in Wisconsin and request that Sperry waive the tolling agreement and consent to service.

20. Paragraph 20 is denied, except that CUMIS admits only that Sperry did not waive the provisions of the tolling agreement.

21. Paragraph 21 is denied, except that CUMIS admits only that the Wisconsin action was removed to federal court in the Western District of Wisconsin on December 17, 2009, and subsequently remanded to the Circuit Court for Dane County Wisconsin, and that Sperry purports to characterize its allegations in this action and another action in which CUMIS is not named as defendant, but expressly denies that Sperry is entitled to any relief from CUMIS.

## The CUMIS BOND

22. Paragraph 22 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

23. Paragraph 23 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

24. Paragraph 24 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

25. Paragraph 25 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

26. Paragraph 26 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

27. Paragraph 27 is denied, except that CUMIS admits only that Sperry purports to refer to and/or quote the bond issued by CUMIS to Sperry, which speaks for itself.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF

28. CUMIS repeats and realleges its responses to the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Paragraph 29 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

30. Paragraph 30 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

31. Paragraph 31 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

32. Paragraph 32 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

33. Paragraph 33 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied, except that CUMIS admits only that it denies that it has a duty under the bond issued by CUMIS to Sperry to indemnify Sperry for any losses arising from the acts described in the Complaint.

36. Paragraph 36 purports to state a legal conclusion to which no response is required. To the extent a response is required, paragraph 36 is denied, except that CUMIS admits only that a justiciable controversy exists between Sperry and CUMIS as to their rights duties and obligations under the bond issued by CUMIS to Sperry.

## SECOND CLAIM FOR RELIEF
## DECLARATORY RELIEF

37. CUMIS repeats and realleges its responses to the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Paragraph 38 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

39. Paragraph 39 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

40. Paragraph 40 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

41. Paragraph 41 is denied, except that CUMIS admits only that it denies that it has a duty under the bond issued by CUMIS to Sperry to indemnify Sperry for any losses arising from the acts described in the Complaint.

42. Paragraph 42 purports to state a legal conclusion to which no response is required.  To the extent a response is required, paragraph 42 is denied, except that CUMIS admits only that a justiciable controversy exists between Sperry and CUMIS as to their rights duties and obligations under the bond issued by CUMIS to Sperry.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT

43. CUMIS repeats and realleges its responses to the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Paragraph 44 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

45. Paragraph 45 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

46. Paragraph 46 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

47. Paragraph 47 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

48. Paragraph 48 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

49. CUMIS repeats and realleges its responses to the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Paragraph 50 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

51. Paragraph 51 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

52. Paragraph 52 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

53. Paragraph 53 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

54. Paragraph 54 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

55. Paragraph 55 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

56. Paragraph 56 is denied, except that CUMIS admits only that Sperry purports to characterize its allegations in this action, but expressly denies such contentions.

## WHEREFORE CLAUSE

Sperry's "Wherefore Clause" is denied in its entirety, including each and every subpart thereto.

## DEMAND FOR TRIAL BY JURY

CUMIS demands trial by jury on all issues so triable.

## CUMIS'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent that Plaintiff failed to satisfy all conditions precedent or subsequent required for contribution or indemnity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against CUMIS may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Contribution or indemnity is not available, if at all, until other sources of contribution or indemnity are exhausted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue claims against CUMIS.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent there is other valid and collectible insurance.

## SEVENTH AFFIRMATIVE DEFENSE

Sperry's alleged losses fall outside of, or are defeated by, the terms, conditions, limitations and exclusions of the Bond issued to Sperry by CUMIS.

## EIGHTH AFFIRMATIVE DEFENSE

Sperry is not entitled to coverage for its alleged losses under the Bond under Coverage "S. Forgery or Alteration" because Sperry's alleged losses do not arise from the "alteration" of existing documents, inasmuch as the allegedly fraudulent mortgage assignments and allonges were newly created documents prepared by McGrath and/or US Mortgage/CU National.

## NINTH AFFIRMATIVE DEFENSE

Sperry is not entitled to coverage for its alleged losses under the Bond under Coverage "S. Forgery or Alteration" because Sperry's alleged losses did not result directly from the forgery or alteration of an instrument, inasmuch as McGrath and/or US Mortgage/CU National had the authority to execute the allegedly forged or altered documents in question on Sperry's behalf.

## TENTH AFFIRMATIVE DEFENSE

Sperry is not entitled to coverage for its alleged losses under the Bond under Coverage "S. Forgery or Alteration" because Sperry's alleged losses did not result directly from the forgery of an instrument, inasmuch as the allegedly forged or altered documents were signed by Michael McGrath, Jr. ("McGrath") and/or US Mortgage/CU National in his or its own name.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 12 of the Bond, Sperry is not entitled to coverage for its alleged losses to the extent such losses consist of indirect or consequential losses, including but not limited to earnings or interest not realized by Sperry as a result of the conduct alleged.

NY/593905v1

## TWELTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 14 of the Bond, Sperry is not entitled to coverage for its alleged losses to the extent such losses resulted directly or indirectly from investments, investment transactions or trading of any kind or nature and are not within the scope of the coverages for Employee or Director Dishonesty or Forgery or Alteration.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 15 of the Bond, Sperry is not entitled to coverage for its alleged losses as such alleged losses resulted directly or indirectly from the complete or partial nonpayment of or default on a "loan" or transaction in the nature of a "loan" and are not within the scope of the coverages for Employee or Director Dishonesty, Faithful Performance, Faithful Performance-Enhanced, Forgery or Alteration, Mortgage Defective Signature, Plastic Card/PIN, Electronic Crime – Loan Endorsement, or Counterfeit Share Draft, Check or Securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Exclusion 18 of the Bond, Sperry is not entitled to coverage for its alleged losses to the extent such losses consist of any type of damages other then compensatory damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Sperry is not entitled to coverage for its alleged losses under the Bond under Coverage "A. Employee or Director Dishonesty" because Sperry's alleged losses did not result directly from dishonest acts committed by an "employee" or "director" as those terms are defined within the Bond.

## SIXTEENTH AFFIRMATIVE DEFENSE

CUMIS may have additional defenses that cannot be articulated due to the generality of the Complaint, the absence of documents, and/or due to the early stages of this litigation.  Accordingly, CUMIS reserves the right to supplement the foregoing and to assert additional defenses as may appear after the claims are particularized, and after discovery of information concerning the matters set forth in the Complaint.

NY/593905v1

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

CUMIS's acted in good faith with respect to Sperry's claim for insurance coverage for the alleged losses described in the Amended Complaint, and there is no factual or legal predicate for the bad faith claim alleged in Sperry's Complaint.

**WHEREFORE**, Defendant CUMIS demands judgment as follows:

(i) Dismissing Plaintiff's Complaint on the merits and with prejudice;

(ii) Awarding, against Plaintiff, Defendant CUMIS's attorneys' fees, costs, expenses and disbursements in this action;

(iii) Granting such other and further relief as the Court deems just and proper.


Dated:  August 19, 2010

By:     /s Arthur H. Aizley
Arthur H. Aizley
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
Attorneys for Defendant
CUMIS INSURANCE SOCIETY, INC.
125 Broad Street, 39th Floor
New York, New York 10004
Phone:  (212) 422-0202
Fax:  (212) 422-0925
arthur.aizley@sdma.com


Of Counsel:
Michael Davisson
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017

NY/593905v1