*Arthur Aizley*
*212-898-4051*
*Arthur.Aizley@sdma.com*

February 14, 2011


*Via Electronic Filing*
The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101


Re:  Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.
        Case 2:10-cv-00029-DRD-MAS


Your Honor:

I am counsel for CUMIS Insurance Society, Inc. ("CUMIS") the sole defendant in the above-referenced matter.  I write to, with the consent of counsel for plaintiff Sperry Associates Federal Credit Union ("Sperry"), request a continuance of the close of discovery, which is currently scheduled to close on March 1, 2011.  (I note, purely for the Court's reference, that there is a telephonic status conference currently set for March 1st, but this is presumably too late to address the close of discovery.)

As the Court may recall, Ken Pagliughi, counsel for Sperry acknowledged in an October 14, 2010 letter to the Court that as a result of client-turnover and other factors beyond Sperry's control, Sperry required significant additional time to prepare its written responses to discovery.  Specifically, Sperry's responses to both CUMIS's first sets of document demands and interrogatories were initially due on September 21, 2010, and extended to October 4, 2010 by agreement.  Because of the client turnover, Sperry asked for and received an additional extension of time to provide its responses to October 31, 2010.  At an October 28, 2010 Status Conference, the Court expressed its understanding that the situation occurred without fault, but indicated that it was simply too early to grant a continuance.  The Court accordingly asked the parties to make good faith efforts to meet the March 1, 2011 deadline, and to advise the Court if this proved impossible.  As described below, Sperry's document production was made on January 5th and 17th, 2011, and the parties are currently meeting and conferring regarding what appears to be a significant "hole" in the production.

After the conference with the Court, a short extension to November 23, 2010 was agreed for exchange of written discovery responses, and written responses were exchanged at that time.  Neither party has filed any motions to compel with respect to these responses.  Sperry did not produce documents with its written responses, producing its documents on January 5, 2011.  However, one of the disks that Sperry initially produced was unreadable – Sperry produced a replacement disk on January 17, 2011.  Although CUMIS began industriously analyzing Sperry's production immediately, it took a few weeks for CUMIS to realize that Sperry's production of emails appears incomplete.  Specifically, while Sperry produced emails from the Federal National Mortgage Association – the party that bought the loans allegedly sold without Sperry's authority– Sperry does not appear to have produced its internal emails, or emails it exchanged with its loan

NY/653956v1

The Honorable Michael A. Shipp
Re:  Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.
February 14, 2011
Page 2

servicer, CU National (or its parent US Mortgage) – the parties that allegedly carried out the fraudulent scheme underlying this insurance dispute.  Mr. Pagliughi has agreed to confer with his client and advise whether there is in fact a gap in its production, and what Sperry will do to rectify this omission.

Because Sperry's current production was completed on January 17, 2011, and appears to be missing crucial emails exchanged between Sperry and the parties which allegedly orchestrated the fraud, CUMIS is not yet in position to take meaningful depositions.  It is accordingly clear that discovery cannot be fairly or meaningfully completed by the current March 1, 2011 discovery close.

In light of the above, CUMIS respectfully requests a 90 day continuance of the close of discovery, and following substantive dates, to permit the completion of discovery.  We have conferred with counsel for Sperry, and are authorized to indicate that Sperry joins in this request.

Thank you for your consideration of the above.


Respectfully Submitted,

/s/ Arthur H. Aizley


Arthur H. Aizley
Sedgwick, Detert, Moran & Arnold LLP

AXA/axa

cc:  Counsel of Record by Electronic Filing

NY/653956v1