UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sperry Associates Federal Credit Union, | |
| Plaintiff, | Civil Action No. 10-29 (DRD)(MAS) |
| v. | |
| CUMIS Insurance Society, Inc., | **FIRST AMENDED SCHEDULING ORDER** |
| Defendant. | |

**THIS MATTER** having come before the Court by way of a telephone status conference on March 1, 2011; and for other good cause shown,

IT IS on this **2nd** day of **March**, 2011,

**ORDERED THAT:**

1. Fact discovery shall remain open through **May 2, 2011.**

2. All affirmative expert reports shall be produced by **June 14, 2011.**

3. All rebuttal expert reports shall be produced by **August 1, 2011.**

4. All expert depositions shall be completed by **September 5, 2011.**

5. There is a telephone status conference scheduled for **April 15, 2011** at **1:00 p.m.** Plaintiff's counsel shall initiate the call to 973-645-3827. One week prior to the conference, the parties shall submit a joint status letter to this Court setting forth the status of the case and each party's position regarding any discovery-related disputes.

6. Even if dispositive motions are pending, a joint proposed final pretrial order shall be submitted to this Court by **October 7, 2011**. The proposed order shall comply with Judge Debevoise's template, attached hereto. The proposed order shall include all headings, subheadings, parenthetical instructions and introductory sentences set forth in the template. The wording of the template shall not be edited or revised without this Court's permission.

7. There shall be a final pretrial conference on **November 15, 2011** at **1:00 p.m.** in Newark – Courtroom 2C before the Hon. Michael A. Shipp. U.S.M.J.

8. Absent extenuating circumstances, no additional extensions or adjournments shall be granted.

9. All other dates, terms or provisions set forth in this Court's previous Scheduling Orders shall remain in full force and effect.


                                   s/ Michael A. Shipp
                                   **MICHAEL A. SHIPP**
                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Hon. Dickinson R. Debevoise |
| Plaintiff, |  |  |
|  | : |  |
| -v- | : |  |
|  | : |  |
|  | : | Civil Action No. |
| Defendant. |  |  |
|  | : | **FINAL PRETRIAL ORDER** |

This matter having come before the Court for a pretrial conference pursuant to <u>Fed. R. Civ. P. 16</u>; _____ having appeared for plaintiff(s) and _____ having appeared for defendant(s); the following Final Pretrial Order is hereby entered:

1. **JURISDICTION** (Set forth specifically)

2. **PENDING/CONTEMPLATED MOTION** (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion and the return date. If the court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position).

3. **STIPULATION OF FACTS** (Set forth in narrative form a comprehensive listing of all uncontested facts, including all answers to interrogatories and admissions, to which there is agreement among the parties).

4. **PLAINTIFF'S CONTESTED FACTS** (Stated separately for each defendant. Proof shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof.)

   A. Plaintiff intends to prove the following contested facts with regard to liability:

-1-

B. Plaintiff intends to prove the following contested facts with regard to damages:
(This must include each item of damages, the amount of each item, the factual basis for each item and, if punitive damages are claimed, the facts upon which plaintiff will rely to establish punitive damages.)

5. **DEFENDANT'S CONTESTED FACTS** (Stated separately for each plaintiff. Proof shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof.)

    A. Defendant intends to prove the following contested facts with regard to liability:

    B. Defendant intends to prove the following contested facts with regard to damages:
(This statement must include the factual basis for each defense against the plaintiff's claims for damages.)

6. **PLAINTIFF'S WITNESSES** (Aside from those called for impeachment purposes, only the witnesses and rebuttal witnesses whose names and addresses are listed below will be permitted to testify at trial.)

    A. On liability plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

    B. On damages plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

    C. Defendant objects to the following witnesses for the reasons stated:

7. **DEFENDANT'S WITNESSES** Aside from those called for impeachment purposes, only the witnesses and rebuttal witnesses whose names and addresses are listed below will be permitted to testify at trial.)

    A. On liability defendant intends to call the following witnesses who will testify in accordance with the following summaries:

    B. On damages defendant intends to call the following witnesses who will testify in accordance with the following summaries:

    C. Plaintiff objects to the following witnesses for the reasons stated

8. **EXPERT WITNESSES** (No expert shall be permitted to testify at Trial unless listed below and unless a summary of his qualifications and a copy of his report are attached hereto. Said summary shall be read into the record at the time he takes the stand, and no opposing counsel

shall be permitted to question his expert qualifications unless the basis of objection is set forth herein).

    A. Plaintiff's expert witnesses are:

    B. Defendant's objections to the qualifications of plaintiff's experts are:

    C. Defendant's expert witnesses are:

    D. Plaintiff's objections to the qualifications of defendant's experts are:

9. **PLAINTIFF'S DEPOSITIONS:** (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed).

    A. On liability plaintiff intends to read into evidence the following:

    B. On damages plaintiff intends to read into evidence the following:

    C. Defendant objects to the deposition testimony set forth above for the reasons stated:


10. **DEFENDANT'S DEPOSITIONS** (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed).

    A. On liability defendant intends to read into evidence the following:

    B. On damages defendant intends to read into evidence the following:

    C. Plaintiff objects to the deposition testimony set forth above for the reasons stated

11. **PLAINTIFF'S EXHIBITS**
    (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made

    A. Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each exhibit):

       B. Defendant objects to the introduction of plaintiff's exhibits (set forth number of exhibit and grounds for objection).

## 12. DEFENDANT EXHIBITS

(Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.

       A. Defendant intends to introduce into evidence the exhibits listed on the attached exhibit list( list by number with a description of each exhibit).

       B. Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection).

(COPIES OF EXHIBITS ARE TO BE MADE FOR OPPOSING COUNSEL, AND A BENCH BOOK OF EXHIBITS IS TO BE DELIVERED TO THE JUDGE AT THE START OF TRIAL. IF COUNSEL DESIRES TO DISPLAY EXHIBITS TO THE JURY, SUFFICIENT COPIES SHOULD BE AVAILABLE TO PROVIDE EACH JUROR WITH A COPY; ALTERNATIVELY, ENLARGED PHOTOGRAPHIC OR PROJECTED COPIES MAY BE USED).

## 13. PLAINTIFF'S LEGAL ISSUES

## 14. DEFENDANT'S LEGAL ISSUES

## 15. MISCELLANEOUS

     Set forth any other matters which require action by, or should be brought to the attention of, the Court.

## 16. JURY TRIALS:

Not Later Than: _____

A. Each party shall submit to the District Judge and to opposing counsel, a Trial Brief or memorandum in accordance with General Rule 27, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Counsel for each party shall each submit to the Judge with a copy to opposing counsel, written request for instructions to the jury. Supplemental requests for instructions may be submitted at any time prior to argument to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall

designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C. If any hypothetical questions to be put to an expert witness on direct examination, these shall be submitted to the Judge and opposing counsel.

D. Counsel shall submit to the Judge, with a copy to opposing counsel, their propose <u>voir dire, if</u> any.

17. **NON JURY TRIALS**

Not Later Than: _____

A. Each party shall submit to the District Judge and to opposing counsel, a Trial Brief or memorandum in accordance with General Rule 27, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Counsel for each party shall each submit to the Judge with a copy to opposing counsel, written request for instructions to the jury. Supplemental requests for instructions may be submitted at any time prior to argument to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C. If any hypothetical questions to be put to an expert witness on direct examination, these shall be submitted to the Judge and opposing counsel.

18. **TRIAL COUNSEL** (List the names of trial counsel for all parties).

19. **BIFURCATION:** (Where appropriate, the issues relating to liability shall be severed and tried to verdict. Thereafter, all issues relating to damages issues will be tried).

The issue of liability and damages SHALL/ SHALL NOT be tried separately.

20. **ESTIMATED LENGTH OF TRIAL:**

_____ days for liability and _____ days for damages.

AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLES THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY, FROM TIME TO TIME, SCHEDULE

CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL

_____
Attorney For Plaintiff

_____
Attorney For Defendant

_____
UNITED STATES MAGISTRATE JUDGE

DATED:

(EXHIBIT LIST FOLLOWS)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Case No. _____  Civil/Criminal_____

Jury/Non-Jury_____  Trial_____

-vs-

Appearances:

No.

Description of Exhibit

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____