*Arthur.Aizley@sdma.com*
*Valerie.Rojas@sdma.com*

April 7, 2011

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

    RE:    *Sperry Associates Federal Credit Union vs. CUMIS Ins. Society, Inc.,*
               *Case No. 10-CV-00029-DRD-MAS*

               *Case Management Conference: April 13, 2011, 10:30 a.m.*

Your Honor:

As requested by the Court, defendant CUMIS Insurance Society, Inc. ("CUMIS") and plaintiff Sperry Federal Credit Union's ("Sperry") write to provide a status report concerning the status of discovery in this matter.  The discovery deadline in this matter is May 2, 2011.

In this case, Sperry claims that CUMIS improperly denied coverage under a credit union bond for its alleged loss arising from the unauthorized sale of 27 real estate loans by CU National.  CU National is a bankrupt New Jersey corporation that formerly contracted with Sperry to provide a number of loan-related services to Sperry.  Specifically, CU National marketed Sperry's mortgage loan products, originated mortgage loans for Sperry, serviced the mortgage loans funded by Sperry, and when Sperry did not wish to hold a loan in its portfolio, CU National would sell the loans to the Federal National Mortgage Association ("Fannie Mae") for Sperry.  Sperry claims that CU National and/or its parent company, U.S. Mortgage, sold 27 loans to Fannie Mae without Sperry's authorization.[1]  CUMIS denied coverage for Sperry's claim because neither CU National nor U.S. Mortgage are employees of Sperry.

In order to establish coverage under the Bond, Sperry must prove that it suffered a loss resulting "directly from dishonest acts committed by the "employee" or "director," acting alone or in collusion with others, with the intent to: (a)  to cause [Sperry] to sustain such loss; and (b) to obtain financial benefit for the "employee" or "director," or a financial benefit for any other person or entity."  Sperry claims that CU National was its servicing contractor, and that servicing contractors are "employees" pursuant to the Bond.  While the Bond's definition of "employee" includes "servicing contractors,"  the

---

[1] Sperry does not have a contract with U.S. Mortgage.

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
April 7, 2011
Page 2

Bond also makes it clear that a third party is a "servicing contractor" under the Bond only while that entity is collecting payments from borrowers on behalf of Sperry. Here, CU National's alleged dishonesty relates to the sale of mortgages to Fannie Mae, and thus does not fall within the activities that define a "servicing contractor" under the Bond. Accordingly, CU National was not an "employee" under the Bond, and there is no coverage for Sperry's loss.

Further, even if CU National were an employee of Sperry (which CUMIS denies), there is no evidence that Sperry suffered a loss. First, Sperry is currently pursuing claims related to the subject loans against Fannie Mae who has placed the subject loans, and the payments received related to those loans, in escrow until the dispute between Sperry and Fannie Mae is resolved. Therefore, the loans still exist, payments are still being received, and Sperry may ultimately prevail in obtaining all loans and all loan payments from Fannie Mae. Second, even after the loans were sold, Sperry continued to receive payments on the loans from CU National (from the operating account of CU National's or CU National's parent, U.S. Mortgage) supposedly to cover up the fact that the loans had been sold. Nonetheless, Sperry is claiming that its alleged loss is equal to the full amount it funded for all of the loans at issue, and has not accounted for any payments it received on the loans. Therefore, CUMIS' original request for production included requests for all loan documents and all financial records related to the loans, among other requests.

During the last Case Management Conference on March 1, 2011, counsel for CUMIS advised the Court and Sperry's counsel that certain categories of documents appeared to be missing from Sperry's production. In particular, CUMIS requested certain loan documents for loans that Sperry claims CU National had sold without Sperry's authorization, as well as loan documents for loans that CU National serviced for Sperry. The documents related to loans that were serviced, but not sold are relevant because they are expected to demonstrate how Sperry relayed to CU National its intent to keep the loans in Sperry's portfolio, the communications and reports provided to Sperry by CU National concerning loans CU National serviced for Sperry, the frequency and accuracy of CU National's reporting and remittance of funds related to the loans it serviced for Sperry, any issues related to CU National's servicing of loans held in Sperry's portfolio which alerted Sperry to CU National's fraudulent activity or financial trouble, and whether Sperry discovered, or should have discovered, CU National's alleged fraud earlier than Sperry alleges. Sperry's counsel agreed to investigate, and determine whether there are additional documents available for production. On March 2, 2011, counsel for CUMIS sent a letter to counsel for Sperry outlining the categories of documents CUMIS believes are missing from Sperry's production.

Initially, on March 15, 2011, Sperry responded by advising that it would be too burdensome to produce certain files for loans that were serviced by CU National, but not sold, and therefore, Sperry would object to producing the additional loan files. Also, Sperry requested clarification and additional information concerning one category of documents. Sperry did not produce any documents. Thereafter, CUMIS and Sperry met and conferred concerning the subject documents. On March 27, 2011, Sperry agreed to provide the requested documents, but advised that it required approximately three weeks to produce the documents.

In addition, in reviewing Sperry's production, it appears that Sperry has failed to produce complete financial records related to the loans. Therefore, CUMIS has also requested financial documents (i.e.,

LA/1018995v1

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
April 7, 2011
Page 3

payment histories, transaction reports, general ledgers) related to the loans CU National allegedly sold or serviced for Sperry, and is in the process of meeting and conferring with Sperry concerning those documents. These documents are relevant to determine the extent of Sperry's alleged loss because they are expected to show payments that Sperry received on each loan, and when such payments were received. Therefore, CUMIS continues to wait for relevant documents in this case.

Despite the lack of complete documentation, and because of the upcoming discovery deadline, CUMIS has noticed the depositions of four non-party witnesses (former employees of CU National) which are confirmed to proceed on April 12, 13, 14 and 20, 2011. In addition, CUMIS has scheduled the deposition of Sperry's 30(b)(6) witness, and Sperry's former Lending Manager for April 21 and 22, 2011, respectively. Sperry noticed CUMIS' 30(b)(6) deposition shortly before the March 1st conference with the Court, and the parties are working to schedule this deposition. One topic to be addressed is the location of documents related to the loans CU National serviced for Sperry, including financial documents. In addition, CUMIS plans to depose 2 additional third party witnesses during the week of April 25, 2011. One key witness, Michael McGrath, is identified on Sperry's initial disclosures as the individual who sold Sperry's loans without Sperry's authorization by misrepresenting that he was an officer of Sperry, but was recently sentenced to federal prison in connection with his role in the fraud directed to, among others, Sperry, and will very shortly be incarcerated. Accordingly, CUMIS will likely require additional time to depose Mr. McGrath. Once Sperry produces additional documents, CUMIS may require additional depositions, especially for purposes of authenticating and explaining documents. However, it is unclear to CUMIS when Sperry will be producing additional documents.

Accordingly, CUMIS requests that Sperry be ordered to produce documents by a date certain. In addition, CUMIS respectfully requests an additional 30 days to complete discovery so that it can obtain the additional documents from Sperry, and conduct depositions.

Thank you for your consideration of the above.


Respectfully Submitted,

/s/ Arthur H. Aizley

Arthur H. Aizley
Valerie D. Rojas
Sedgwick, Detert, Moran & Arnold LLP


Cc: Counsel of Record by Electronic Filing

LA/1018995v1