ATTORNEYS AT LAW

801 SOUTH FIGUEROA STREET, 19TH FLOOR   LOS ANGELES, CA  90017-5556

*www.sedgwicklaw.com*   213.426.6900  *phone*   213.426.6921  *fax*



*Arthur.Aizley@sedgwicklaw.com*
*Valerie.Rojas@sedgwicklaw.com*

June 14, 2011

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

    RE:    *Sperry Associates Federal Credit Union vs. CUMIS Ins. Society, Inc.,*
              *Case No. 10-CV-00029-DRD-MAS*

Your Honor:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes pursuant to the Court's June 10, 2011 Order requesting that CUMIS respond to Plaintiff Sperry Associates Federal Credit Union's ("Sperry") June 10, 2011 letter to the Court.  In its letter to the Court, Sperry purports to provide the current status of discovery, and requests a continuance of the July 5, 2011 discovery deadline, as well as other deadlines in this matter.

As CUMIS sets forth below, the outstanding discovery issues pertain to Sperry's failure to properly and fully respond to CUMIS' discovery, and produce all documents related to Sperry's damages.  In addition, prior to Sperry filing its letter with the Court on June 10, and despite Sperry's failure to advise the Court of same, CUMIS provided the identity of its only 30(b)(6) witness, confirmed the date for CUMIS' deposition, and gave Sperry notice of a  new date for third party witness Michael McGrath's deposition (June 16, 2011 – which has since been rescheduled to accommodate Sperry's counsel's schedule).

However, a discussion of the background of this action is appropriate to give Sperry's outstanding discovery proper context.

BACKGROUND OF CASE

This matter arises from Sperry's claim for insurance coverage for purported losses caused by the alleged theft of mortgages by the parent company of Sperry's third party vendor CU National, Inc. ("CU National").  CU National was responsible for originating, processing, underwriting, closing, servicing and, if requested by Sperry, selling the loans at issue with the help of its parent company, US Mortgage, Corporation ("US Mortgage").

LA/1029618v1

Case 2:10-cv-00029-DRD -MAS   Document 63   Filed 06/14/11   Page 2 of 5 PageID: 1287

The Honorable Michael A. Shipp
RE:  *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
      Case No. 10-CV-00029-DRD-MAS
June 14, 2011
Page 2

Sperry contends that Michael McGrath, Jr. ("McGrath"), the owner of CU National and US Mortgage, sold 27 loans CU National was servicing for Sperry to the Federal National Mortgage Association ("Fannie Mae") without Sperry's knowledge or authority.  Sperry further contends that certain employees of CU National assisted in covering up McGrath's fraud by falsely reporting that loans remained in Sperry's portfolio when, in fact, the loans had been sold to Fannie Mae.  Accordingly, Sperry contends that, when CU National submitted false reports to Sperry, CU National committed a fraud while acting as a servicer, and its loss is covered under the CUMIS Bond.

Specifically, Sperry argues that the loss caused by CU National is covered under either Coverage A [Employee or Director Dishonesty] or Coverage S [Forgery or Alteration] of the CUMIS Bond.  Under the Employee or Director Dishonesty Insuring Agreement, the issue is whether the loss arose from CU National's activities as a "servicing contractor" within the meaning of the CUMIS Bond.  Specifically, the CUMIS 500 Bond's definition of an "employee" includes "servicing contractors," but only while the person or entity is performing one of the following three services: (1) collecting and recording payments on real estate mortgage or home improvement loans; (2) establishing tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by the credit union; or (3) managing real property owned by the credit union or under the credit union's supervision and control.

CUMIS contends that CU National was not an "employee" for purposes of the claimed loss because it was not acting as a "servicing contractor" when US Mortgage sold loans to Fannie Mae.  Clearly, selling loans on the secondary market does not fall within any of the three categories of "services" set forth above.  Moreover, even if CU National sent false servicing reports to Sperry to cover up the sale of the loans (which there is no evidence of), this was not "collecting and recording" payments on real estate mortgage loans.  In the only published opinion to date that has considered this specific "capacity" issue (*North Jersey Savings & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 660 A.2d 1287 (N.J. Super. 1993)), a court deemed a similar definition of "servicing contractor" to unambiguously preclude coverage for losses arising from the origination and packaging of loans for sale.

In addition, discovery has revealed that Sperry cannot identify any false reports because the employee at CU National responsible for Sperry's reports testified that no reports he provided were false, Sperry's 30(b)(6) witness could not identify any false reports, and Sperry's former Lending Director could not identify any false reports.

## STATUS OF SPERRY'S DISCOVERY RESPONSES

Discovery has also revealed that Sperry has not produced all documents responsive to CUMIS' Request for Production of Documents, or pursuant to Rule 26(a)(iii) and Sperry has not provided complete verified responses to CUMIS' second set of interrogatories.

First, on June 15, 2011, CUMIS took the deposition of Sperry's 30(b)(6) witness (after rescheduling it at Sperry's request on 3 occasions).  During that deposition, Sperry's 30(b)(6) witness could not identify the amount of Sperry's alleged loss, but testified that if he wanted to know the amount of the balance on the loans, he could simply look at Sperry's general ledgers concerning the loans at issue in this case to determine the current outstanding balance on each loan, and the amount of payments received for each

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
      Case No. 10-CV-00029-DRD-MAS
June 14, 2011
Page 3


loan.  However, Sperry has failed to produce its ledgers for each loan in this case.  Sperry has a general ledger for each loan at issue in this case because it continues to account for the mortgages at issue and all payments made on such mortgages as assets in its financial records.  Sperry lists the loans as assets because Sperry does not yet consider the fraud to have caused a loss.  This is because, according to Sperry's 30(b)(6) witness, the loans are in a trust with Wilmington Trust, all payments are being collected by Cenlar and are sitting in escrow pending resolution of Sperry's case against Fannie Mae.  Both Wilmington Trust and Cenlar produce to Sperry weekly and/or monthly reports concerning the current status of each loan at issue, including the current outstanding balance on the loans.  Only if Sperry fails in its claims against Fannie Mae will Sperry suffer a loss and until such time, Sperry has no loss.  If Sperry prevails against Fannie Mae, the mortgages will be returned to Sperry along with all payments received on the loans.

Information related to the current status of the loans in trust, all payments on the loans held in escrow, and documents related to this information are directly relevant to the issue of Sperry's alleged loss, including the amount of Sperry's alleged loss.  Yet, for reasons unknown, Sperry has failed to produce any of the weekly and monthly reports Sperry's 30(b)(6) witness testified that Sperry receives via email from Wilmington Trust and Cenlar concerning the loans.  (See, FRCP 26(a)(iii) – a party must provide "a computation of each category of damages" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.")  In fact, despite CUMIS' request for "18. All DOCUMENTS and COMMUNICATIONS, including e-mails, REFERING or RELATING to any loan serviced by CU National," Sperry's 30(b)(6) witness testified about the existence of the following documents (relevant to the loans and Sperry's alleged damages) which Sperry has failed to produce:

-       Sperry's general ledgers for each loan, which according to Sperry's 30(b)(6) witness, should reveal the amount of payments received on each loan which is relevant to demonstrate that Sperry continues to identify the loans as assets, has no loss if it prevails in its action against Fannie Mae, and the amount of Sperry's loss if it fails in its action against Fannie Mae;

-       The weekly and monthly reports which Sperry apparently receives from Cenlar or which Cenlar makes available to Sperry on a secure website, and which are relevant to demonstrate the current status of the loans and amount of the payments received on the loans, etc.; and

-       The reports provided to Sperry by Wilmington Trust which are relevant to demonstrate the current status of the loans.

In addition to failing to produce the above documents, Sperry failed to fully respond to CUMIS' interrogatories.  On April 4, 2011, CUMIS served Sperry with a second set of interrogatories, and Sperry's responses were due on May 9, 2011.  However, Sperry completely ignored CUMIS' second set of interrogatories, and only agreed to provide responses when CUMIS' counsel requested the responses.  Sperry then requested, and CUMIS granted, a further extension of time to respond.  However, despite the extension, Sperry "responded" by stating that Sperry would respond in the future.  Since that time,

LA/1029618v1

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
June 14, 2011
Page 4

Sperry has been responding to the interrogatories in piecemeal fashion.[1]  Two interrogatories Sperry has not yet provided complete responses to are the dates of the sale of each loan to Fannie Mae, and the dates and amount of each payment received by Sperry for each loan.  Both are relevant to Sperry's alleged damages.  In addition, in response to certain interrogatories, Sperry produced numerous documents which it had not previously produced and which relate to the loans, such as servicing reports and trial balances.

Accordingly, on June 9, 2011, after learning of the missing documents at the deposition of Sperry's 30(b)(6) witness, counsel for CUMIS left a voice message and sent an email to Sperry's counsel to request a meet and confer regarding Sperry's failure to produce all relevant documents, and Sperry's outstanding responses to interrogatories.  The parties were able to conduct a meet and confer on June 14, 2011, and during that conference, Sperry's counsel agreed to "look into" these issues, and suggested that Sperry could produce the documents soon.

## STATUS OF CUMIS' DISCOVERY

Before the parties scheduled a meet and confer on Sperry's deficient discovery responses however, Sperry filed a letter to the Court suggesting that more time for discovery is needed because CUMIS supposedly had not confirmed the deposition of its 30(b)(6) witness, or the deposition of McGrath in federal prison, and that CUMIS supposedly has not provided proper responses to discovery.  However, these issues are moot.

First, on June 9, 2011, before Sperry filed its letter with the Court, CUMIS confirmed the deposition of its only 30(b)(6) witness for June 22, 2011.  On June 14, Sperry's counsel requested a continuance and additional dates for the week of June 27, and CUMIS' counsel agreed to check the witness' availability during that week.[2]

Second, on June 9, 2011, before Sperry filed its letter with the Court, CUMIS confirmed that the deposition of McGrath would proceed on June 16, 2011.  Despite the fact that Sperry has at least four attorneys working on this matter (three of which have appeared at various depositions, and one of which is admitted to practice in Florida where McGrath's deposition will take place) Sperry claimed that it could not attend, and therefore CUMIS agreed to reschedule the deposition to June 29, 2011 at Sperry's request.  Therefore, this issue is moot.

Third, CUMIS timely and properly served responses to Sperry's discovery.  However, on June 10, 2011, the same day Sperry filed its letter with this Court, Sperry served CUMIS' counsel with a letter requesting a meet and confer because Sperry takes issue with CUMIS' objections.  CUMIS objected to Sperry's discovery because Sperry's overbroad requests seek irrelevant information concerning the drafting history of the entire Bond.  Sperry's requests are overbroad, and seek irrelevant information

---

[1]  In fact, Sperry has yet to provide an amended response, and instead has been providing information via email and in spreadsheets.  Thus, CUMIS requests an amended verified response to its second set of interrogatories.
[2]  Sperry contends that there will be more than one 30(b)(6) witness because CUMIS' counsel advised that CUMIS was considering producing more than one witness.  However, CUMIS will only be producing one witness and advised counsel on June 9, 2011.

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
June 14, 2011
Page 5

because the Bond consists of 30 coverages, 61 definitions, 35 exclusions, 6 IRA and EDCP Additional Exclusions, 7 general agreements, and 27 conditions, but in this case, according to Sperry's complaint there are only 2 coverages, and 4 definitions at issue. Sperry made no effort to focus its discovery requests on the real issues in this case, and made no effort to resolve this dispute prior to raising this issue with the Court. Further, neither Sperry nor CUMIS contends that the language of the Bond is ambiguous and therefore, the Bond's drafting history is irrelevant in any event. The parties conducted a meet and confer on June 14, 2011, to address this issue. At that time, CUMIS confirmed for Sperry's counsel that it did not contend that Bond is ambiguous, and the parties resolved this dispute. Therefore, this issue is moot.

## CONCLUSION

Thus, Sperry has failed to produce all documents related to the loans, failed to comply with the Court's March 1, 2011 Order to produce all such documents, and failed to properly respond to interrogatories.

Therefore, CUMIS joins in Sperry's request, and does not object to extending the deadlines in this matter. However, CUMIS requests that Sperry be ordered to produce all documents related to the loans which it has not previously produced, and provide verified responses to CUMIS' interrogatories by June 20, 2011.[3]

Respectfully Submitted,

/s/ Arthur Aizley

Arthur Aizley
Valerie D. Rojas
Sedgwick, LLP


AA:VDR:KU


Cc:  Counsel of Record by Electronic Filing

---

[3] Sperry's responses to CUMIS' third set of interrogatories are due on July 5, but Sperry states in its letter only that it "hopes" to provide timely responses.

LA/1029618v1