ATTORNEYS AT LAW

801 SOUTH FIGUEROA STREET, 19TH FLOOR   LOS ANGELES, CA  90017-5556

*www.sedgwicklaw.com*   213.426.6900  *phone*   213.426.6921  *fax*



*Arthur.Aizley@sedgwicklaw.com*
*Valerie.Rojas@sedgwicklaw.com*

July 7, 2011

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

    RE:    *Sperry Associates Federal Credit Union vs. CUMIS Ins. Society, Inc.,*
              Case No. 10-CV-00029-DRD-MAS

Dear Judge Shipp:

As requested by the Court, plaintiff Sperry Federal Credit Union's ("Sperry") and defendant CUMIS Insurance Society, Inc. ("CUMIS") write to provide a status report concerning the status of discovery in this matter. The discovery deadline in this matter has been extended to July 13, 2011for the purpose of deposing non-party witness Amy Owen.

In this case, Sperry claims that CUMIS by virtue of having filed a declaratory action in the state of Wisconsin, improperly denied coverage under a credit union bond for its alleged loss arising from the unauthorized assignment of 27 real estate loans by CU National. CU National is a bankrupt New Jersey corporation that formerly contracted with Sperry to provide a number of loan-related services to Sperry. Specifically, CU National marketed Sperry's mortgage loan products, originated mortgage loans for Sperry, serviced the mortgage loans funded by Sperry, and when Sperry did not wish to hold a loan in its portfolio, CU National would be authorized to assign the loans to its parent company U.S. Mortgage which in turn would sell the loans to the Federal National Mortgage Association ("Fannie Mae") for Sperry. Sperry claims that CU National and/or its parent company, U.S. Mortgage, sold 27 loans to Fannie Mae without Sperry's authorization. CUMIS denied coverage for Sperry's claim because it alleges neither CU National nor U.S. Mortgage are employees of Sperry.

The primary issues of contention in this case are: 1.) whether or not CU National is an employee of Sperry's for purposes of coverage under the bond; and 2.) whether or not Sperry has suffered a loss.

At our last conference on June 16, 2011the Court directed that fact discovery be completed by July 5, 2010 and subsequently on the application of Sperry extended the deadline to July 13, 2011 solely for the purpose of deposing non-party Amy Owen.

LA/1032361v1

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
     Case No. 10-CV-00029-DRD-MAS
July 7, 2011
Page 2

**Sperry**

At this time Sperry has produced all responsive documents to CUMIS. CUMIS has requested that Sperry re-verify its responses to the CUMIS's second set of interrogatories (based on additional production); confirm its responses to interrogatories 17 and 18; and supplement its response to interrogatory 21.

      The outstanding issues as respects Sperry's discovery in this matter are:

1. The deposition of Amy Owen on July 13, 2010;

2. The production of CUMIS's claims handling manual, which the parties have discussed but is still under consideration by CUMIS; and

3. Issues related to Sperry's expert outlined below.

On June 28, 2011 Sperry filed a letter motion regarding its objection to a subpoena for documents served on its expert Dean Felton. The parties have now conferred regarding Sperry's objections and the matter has been resolved. Also, Mr. Felton has advised that he is in critical need of unplanned surgery. When Mr. Felton was retained by Sperry he was very candid and explained that he has an internal defibrillator attached to his heart which is powered by an internal battery. Based on a recent medical examination it was believed that Mr. Felton would not need surgery to replace his internal battery until November at the earliest. However, last week the warning system in Mr. Felton's battery indicated that it was running low and needed to be replaced immediately. Mr. Felton is scheduled to have surgery to replace his battery on July 13, 2011 and will be unable to perform any work through August 15, 2011. In light of this Sperry will be requesting that the court allow an extension of time for Mr. Felton to review transcripts of recent depositions in this matter and if necessary supplement his expert report. The parties have conferred on this matter and in principle agree to an extension subject to the Court's approval.

**CUMIS**

Sperry has failed to properly respond to CUMIS' discovery requests. Specifically, on April 4, 2011, CUMIS served Sperry with a second set of interrogatories, and despite two extensions to of time to respond, Sperry responded to the interrogatories in piecemeal fashion via email and without verifications. Two interrogatories that Sperry has not yet provided complete responses to request the dates of the sale of each loan to Fannie Mae, and the dates and amount of each payment received by Sperry for each loan. Both are relevant to Sperry's alleged damages. Accordingly, CUMIS requested complete verified responses to its interrogatories, set two, and Sperry has agreed to provide supplemental responses.

Further, on June 29, 2011, Sperry responded to CUMIS' interrogatories, set three. Interrogatory number 21 asked that Sperry "[i]dentify (by Bate or reference number) each report provided to SPERRY by CU National that SPERRY contends falsely identified loans in SPERRY's portfolio that had been sold to Fannie Mae without SPERRY's authorization (as alleged in paragraph 9 of SPERRY's complaint), and

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
July 7, 2011
Page 3

identify all facts, witnesses and evidence which support that contention." However, in response, Sperry referred to all service reports it produced in this litigation, and failed to identify any specific reports or provide any facts or evidence to support its contention. In fact, Sperry identified one witness in its response who would supposedly support its contention that it received false servicing reports, but contrary to Sperry's response that witness testified at deposition that she could not identify any false reports.

The identification of false reports is relevant because Sperry's theory is that it is entitled to coverage for its alleged loss because Sperry claims that CU National, Inc. ("CU National") was its employee when CU National covered up the fraudulent sale of Sperry's real estate mortgage loans by its parent company, U.S. Mortgage, Inc. ("U.S. Mortgage"). CU National was Sperry's third party vendor responsible for originating, processing, underwriting, closing, servicing and, if requested by Sperry, selling the loans at issue with the help of its parent company, US Mortgage.

Sperry contends that Michael McGrath, Jr. ("McGrath"), the owner of CU National and US Mortgage, sold 27 loans CU National was servicing for Sperry to the Federal National Mortgage Association ("Fannie Mae") without Sperry's knowledge or authority. Sperry further contends that certain employees of CU National assisted in covering up McGrath's fraud by falsely reporting that loans remained in Sperry's portfolio when, in fact, the loans had been sold to Fannie Mae. Accordingly, Sperry contends that, when CU National submitted false reports to Sperry, CU National committed a fraud while acting as a servicer, and its loss is covered under the CUMIS Bond.
Specifically, Sperry argues that the loss caused by CU National is covered under either Coverage A [Employee or Director Dishonesty] or Coverage S [Forgery or Alteration] of the CUMIS Bond. Under the Employee or Director Dishonesty Insuring Agreement, the issue is whether the loss arose from CU National's activities as a "servicing contractor" within the meaning of the CUMIS Bond. Specifically, the CUMIS 500 Bond's definition of an "employee" includes "servicing contractors," but only while the person or entity is performing one of the following three services: (1) collecting and recording payments on real estate mortgage or home improvement loans; (2) establishing tax or insurance escrow accounts on real estate mortgage or home improvement loans, made, held or assigned by the credit union; or (3) managing real property owned by the credit union or under the credit union's supervision and control. CUMIS contends that CU National was not an "employee" for purposes of the claimed loss because it was not acting as a "servicing contractor" when US Mortgage sold loans to Fannie Mae. Clearly, selling loans on the secondary market does not fall within any of the three categories of "services" set forth above. Moreover, even if CU National sent false servicing reports to Sperry to cover up the sale of the loans (which there is no evidence of), this was not "collecting and recording" payments on real estate mortgage loans. In the only published opinion to date that has considered this specific "capacity" issue (*North Jersey Savings & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 660 A.2d 1287 (N.J. Super. 1993)), a court deemed a similar definition of "servicing contractor" to unambiguously preclude coverage for losses arising from the origination and packaging of loans for sale.

Further, discovery has revealed that Sperry cannot identify any false reports because the employee at CU National responsible for Sperry's reports testified that no reports he provided were false, Sperry's 30(b)(6) witness could not identify any false reports, and Sperry's former Lending Director could not

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
July 7, 2011
Page 4


identify any false reports.  Accordingly, CUMIS requested that Sperry provide a further supplemental response to interrogatory number 21, and Sperry has agreed to do so.

With respect to Sperry's production of documents, on July 5, 2011, Sperry produced 2 disks of documents related to the loans at issue in this litigation, and a hard drive of voluminous documents (over 430,000 total) related to the loans which were apparently provided by Fannie Mae.  CUMIS is currently reviewing the documents Sperry recently produced.

On June 22, 2011, Sperry noticed the deposition of Amy Owen, an individual who assisted CUMIS in investigating Sperry's claim, and who communicated with Sperry's current counsel concerning Sperry's claim in 2009.  Sperry noticed the deposition of Ms. Owen for July 1, when Ms. Owen was scheduled to be out of town.  Therefore, CUMIS agreed to make Ms. Owen available for deposition on July 13, and advised Sperry that it would not object to extending the discovery deadline, but only for purposes of deposing Ms. Owen.

Nonetheless, Sperry now seeks additional discovery.  Although Sperry contends that CUMIS is "considering" whether to produce its claims manual, CUMIS objects to the production of the manual because Sperry's claims against CUMIS do not relate to CUMIS' claim handling and therefore, the claims manual is irrelevant.  Sperry alleges in its complaint that CUMIS acted in bad faith by supposedly breaching the Tolling Agreement (which CUMIS denies), and failing to advise Sperry that CUMIS had filed a declaratory relief action in Wisconsin.  Therefore, CUMIS' claims handling is not an issue in this matter.  Moreover, Sperry did not serve a timely request for production of the claims manual within the discovery deadline (July 5, 2011).  Rather, Sperry made a last minute, informal request for its production at the deposition of CUMIS' 30(b)(6) witness on June 22, 2011.  Therefore, CUMIS should not be compelled to produce a claims manual.

Indeed, fact discovery should be complete once Ms. Owen's deposition is completed, and after CUMIS receives Sperry's supplemental responses to interrogatories (sets two and three).

With respect to expert witness discovery, Sperry has disclosed its expert witness report, but has indicated that it intends to supplement the report and that it needs additional time to do so.  As an initial matter, CUMIS objects to the report and opinions of Sperry's expert witness (Dean Felton) because he offers opinions concerning coverage which invades the province of the Court.  Such "opinion" testimony interpreting the language of the Bond is improper, and CUMIS should not be required to incur the time and expense of deposing Sperry's expert and having its own expert rebut the improper opinions of Sperry's expert.  In addition, CUMIS intends to file a summary judgment motion and anticipates that it will move to strike the opinions of Sperry's expert in connection with the motion.  Accordingly, in an effort to efficiently resolve this issue, CUMIS requests an opportunity to move to strike the report of Sperry's expert witness prior to deposing Sperry's expert, serving its rebuttal report and filing its summary judgment motion.  Once the Court rules on the issue, CUMIS intends to file its summary judgment motion.

The Honorable Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
      Case No. 10-CV-00029-DRD-MAS
July 7, 2011
Page 5


However, if the Court is unwilling to address CUMIS' objections at this stage, CUMIS requests that it be given the opportunity to obtain the supplemental report of Sperry's expert witness before it is required to depose him or disclose its rebuttal experts. CUMIS further requests a briefing schedule for its summary judgment motion.


Respectfully Submitted,

/s/ Valerie D. Rojas

Valerie D. Rojas
Arthur Aizley

Sedgwick, LLP


VDR:KU


Cc:  Counsel of Record by Electronic Filing