# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 279-6848
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI

July 8, 2011

**By:   ECF Filing**

Hon. Michael A. Shipp
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, Room 4015
Newark, New Jersey 07101

*Re:*   ***Sperry Associates Federal Credit Union***
*v.*
***CUMIS Insurance Society, Inc.***
**Civil Case No. 10-00029**

Dear Judge Shipp:

     As you are aware this office represents the Plaintiff Sperry Associates Federal Credit Union ("Sperry"). As directed by the Court counsel for Sperry and CUMIS conferred regarding the preparation of a joint letter on the status of discovery in this matter. Sperry writes to inform the Court that it had not been given an adequate opportunity to review the joint letter prior to its filing and that if it had such an opportunity it would have made additional changes to its portion of the letter based on issues raised by CUMIS on which the parties had not conferred.

     The parties conferred by phone regarding open issues and discovery status on the afternoon of Wednesday July 6, 2011. After the conclusion of the call and a follow-up call regarding the production of the CUMIS claims handling manual, counsel for Sperry prepared a draft of the joint letter leaving space for CUMIS to insert a section relative to its issues. As agreed by the parties the draft was forwarded to CUMIS early evening (7:20 p.m. est/ 4:20 p.m. pst) of the 6th, with the understanding that CUMIS would insert its section and forward to counsel for Sperry to review and if necessary make changes before filing. Having not received a copy of the proposed letter I called counsel at approximately 5:00 p.m. est (2:00 p.m. pst) and left a message. I again called at approximately 7:50 p.m. est (4:50 p.m. pst) leaving a second message and following up on counsel's cell phone. It was not until 8:35 p.m. when I had gone to my office to prepare a separate status letter to the Court that I saw for the first time the draft letter which was received via email at 7:52 p.m. est, attached to an email advising that the letter

would be filed at 5:40 p.m. pst. However, counsel never called to inform me that the email had been sent and that I would have less than an hour before filing to review and supplement it.

The two areas with which the parties are in disagreement based on the final letter submitted by CUMIS are the production of the CUMIS claims manual and the striking of the expert report of Dean Felton.

As to the CUMIS claims manual, the assertion that this request is belated is not accurate. Sperry requested this information in Interrogatory Number 6 of its First Set of Interrogatories and in its Document Request Number 5. Sperry again requested the document at the deposition of David Lynett and was advised that the request was under consideration. Sperry's claim of bad faith is related to the handling of its claim, in that the Wisconsin action was filed with Sperry never having received a notice of declination of coverage from CUMIS or any indication that CUMIS completed its investigation of the claim pursuant to its own procedures. A review of the claims handling manual is necessary to determine if CUMIS did in fact follow its own procedures or rather in bad faith chose to file the Wisconsin action as a prophylactic measure. Accordingly, Sperry respectfully requests that the Court compel CUMIS to produce the Claims handling manual.

As respects Mr. Felton's expert report CUMIS did not raise its objection when we conferred prior to preparation of the joint letter. Sperry objects to the striking of Mr. Felton's report as such opinion testimony in the form of a report squarely falls under Federal Rule of Evidence § 704. CUMIS offers no legal authority as to why Mr. Felton's report should be stricken, and Sperry respectfully requests that the Court deny CUMIS's request to move to strike Mr. Felton's report.

I thank you for your consideration of these matters.

Respectfully,

*[signature]*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc:   Michael R. Davisson, Esq. (via ECF Notification)
      Arthur Aizley, Esq. (via ECF Notification)
      Valerie Rojas, Esq. (via ECF Notification)