

ATTORNEYS AT LAW

801 SOUTH FIGUEROA STREET, 19TH FLOOR   LOS ANGELES, CA  90017-5556

*www.sedgwicklaw.com*   213.426.6900  *phone*    213.426.6921  *fax*

Arthur.Aizley@sedgwicklaw.com
Valerie.Rojas@sedgwicklaw.com

July 13, 2011

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ  07101

    RE:    *Sperry Associates Federal Credit Union vs. CUMIS Ins. Society, Inc.,*
                   Case No. 10-CV-00029-DRD-MAS

Dear Judge Shipp:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes to provide an updated status report concerning the status of discovery in this matter because on July 8, 2011, the day after the parties filed their joint status report, plaintiff Sperry Associates Federal Credit Union ("Sperry") served supplemental responses to CUMIS' interrogatories, sets two and three.  However, Sperry's supplemental responses to interrogatories are deficient and internally inconsistent with respect to a key issue – Sperry's claim that it is entitled to coverage for its alleged loss under a Credit Union Bond issued by CUMIS because CU National was supposedly acting as Sperry's "servicing contractor" (as that term is defined by the Bond) when it provided false service reports on real estate mortgage loans in order to cover up the fraudulent sale of those loans by CU National's parent company.

Sperry has failed to identify the allegedly false reports (interrogatory number 21), any facts which support its contention that it received false reports, the dates the loans were sold to assist in the identification of false reports (interrogatory number17) and all payments Sperry received on the loans which relate to Sperry's alleged loss as such payments may off-set Sperry's alleged loss (interrogatory number 18).  Moreover, on July 5, 2011, CUMIS received from Sperry a hard drive (of Federal National Mortgage Association ("Fannie Mae") documents), and two disks of documents (containing financial and other information on the loans) which may contain this information.  Therefore, CUMIS respectfully requests an extension of the discovery deadline so that it may complete its review of the over 1.7 million pages recently produced, obtain Sperry's verified responses to interrogatories, depose the witnesses identified in Sperry's interrogatories concerning the interrogatories and other witnesses who may be identified in the documents.  CUMIS' request is supported by the following facts.

Honorable Judge Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
July 13, 2011
Page 2


First, Sperry's supplemental responses to interrogatories sets two and three are internally inconsistent because on the one hand Sperry contends (in response to interrogatory number 17 that it does not know the dates that the subject loans were sold (a fact which Sperry bears the burden of proving), and on the other hand, Sperry contends in response to interrogatory number 21 that "the trial balance reports" (without identifying which reports) falsely reflect that the subject loans are in Sperry's portfolio when they had actually been sold to Fannie Mae.  It is unclear how Sperry and the witness identified in the response to the interrogatory, and a witness who should have been disclosed sooner (Marti Clarke), can claim that the reports falsely reflected that the loans had not been sold and remained in portfolio when Sperry does not know when the loans were actually sold.  Sperry cannot claim on the one hand that all trial balances falsely reflect that the subject loans are in Sperry's portfolio when they have actually been sold to Fannie Mae, and on the other hand claim that it does not know the dates that the subject loans were sold - a fact which Sperry bears the burden of proving.[1]  It is also unclear why Ms. Clarke was not disclosed in Sperry's initial disclosures (along with Ms. Kahn and Mr. O'Hara who were deposed, but could not identify any false reports) if Ms. Clarke is actually the only witness who will support Sperry's theory that CU National assisted in committing the fraud by providing false trial balance reports to Sperry as Sperry's supplemental response now states.

Third, response to interrogatory number 21 is deficient because Sperry failed to describe all facts which support its contention that the trial balances "are however false, as they reflected payments for loans that had already been sold to Fannie Mae."  CUMIS is entitled to know what facts support Sperry's claim.  Also, in response to interrogatories numbers 17 and 18, Sperry claims that it does not know when the loans were sold or the date and amount of payments received, respectively.  However, Sperry bears the burden on both of these issues in order to supports its claims, and is likely in possession of documents from which it could derive this information.  Indeed, the documents which Sperry received from Fannie Mae may reflect the dates the loans were sold.  Moreover, Sperry refers generally to "loan documents" in its response to interrogatory 17 without referring to any Bates or reference numbers leaving CUMIS to guess at which "loan documents" Sperry is referring to.  Sperry also likely has documents which would reflect the amount of payments Sperry continued to receive on the loans.   Therefore, CUMIS requests further supplemental responses to interrogatories 17, 18, and 21.

Third, more troubling is the fact that on July 5, 2011, CUMIS received a hard drive of approximately 1.7 million pages from Sperry which Sperry had received from Fannie Mae.  On August 16, 2010, CUMIS served Requests for Production #1 asking for, among other categories that could cover the recently produced documents, "26. ALL DOCUMENTS and COMMUNICATIONS, including emails, sent to, or received from, FANNIE MAE and/or the mortgagors, REFERRING or RELATING TO CU National and/or USM, and/or each loan serviced by CU National or USM."  Suspecting that Sperry did not fully respond, on June 1, 2011, CUMIS further requested, "All DOCUMENTS produced to SPERRY by the Federal National Mortgage Association."  On July 5, 2011 Sperry finally produced documents from

---

[1]  Sperry's counsel attempted to explain that the Assignments of the loans to Fannie Mae from U.S. Mortgage indicate the date the loans were sold to Fannie Mae.  However, CUMIS' counsel explained that CUMIS has found that the date on the Assignments of the loans do not necessarily reflect the date of sale because with respect to other loans for other credit unions, CUMIS has found Assignments dated both well before and after loans were sold.  The Fannie Mae documents should contain documents which reflect the date Fannie Mae purchased each loan.

Honorable Judge Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
   Case No. 10-CV-00029-DRD-MAS
July 13, 2011
Page 3

Fannie Mae, but these documents should have been produced long before July 5, and CUMIS should not be prejudiced because Sperry failed to do so. Somewhere in the 1.7 million pages there may be information concerning the dates the loans were sold. If the documents show that the loans were sold at around the time they were removed from the trial balance reports, Sperry's contention that it received false trial balance reports would be incorrect. The documents may also show that Ms. Clarke is incorrect in claiming that Sperry received false reports from CU National. CUMIS would therefore like an opportunity to depose Ms. Clarke concerning why she believes the reports are false when Sperry does not even know when the loans were sold, and other witnesses who may be identified during our review of the documents.

Fourth, on August 16, 2010, CUMIS requested "With respect to YOUR loans serviced or formerly serviced by CU National and/or USM, all DOCUMENTS, COMMUNICATIONS, including emails, REFERRING or RELATING to any principal, interest or other sums owed to, paid to, or received by Sperry, whether directly or by settlement, from any PERSON or entity, including, but not limited to, accounting records, mortgage statements or balances, bank records, financial reporting, payments receipts, overdue notices, correspondence and/or other cancelled checks." On July 5, 2011, almost one year after the request was made (and after Sperry's 30(b)(6) witness testified about such records), Sperry produced documents from Cenlar and Wilmington Trust related to principal and interest payments, financial records, etc. related to the loans at issue. Due to Sperry's belated production, CUMIS has been prejudiced by its inability to conduct further discovery, including depositions, concerning these documents, and therefore requests an opportunity to depose additional witnesses identified in the documents, if any.

Finally, CUMIS asked Sperry to verify all responses to interrogatories, set two. As it was, Sperry's counsel has personally responded to certain interrogatories by providing charts/spreadsheets via email. CUMIS requested that all supplemental responses be verified by a Sperry witness so that CUMIS can depose whatever witness supposedly has knowledge of Sperry's contentions, and who will be subject to cross examination on the responses. On July 13, 2011, Sperry provided the verifications signed by Marti Clarke and Jorge Ponce, and therefore, CUMIS would also like to depose Mr. Ponce about the responses.

Accordingly, CUMIS requests that the discovery deadline be extended to allow CUMIS to obtain Sperry's verified responses to interrogatories sets two and three, to depose the witnesses identified in the responses, to depose Ms. Clarke after it has an opportunity to review the Fannie Mae documents, and the opportunity to depose other witnesses who may be identified through the review of the documents recently produced. CUMIS has written to Sperry's counsel to request Sperry's cooperation and stipulation to CUMIS' request. Sperry responded on July 13 indicating that it would be agreeable to extending the discovery deadline pursuant to CUMIS' request, but insists that the extension be mutual.

Honorable Judge Michael A. Shipp
RE: *Sperry Associates Federal Credit Union vs. CUMIS Insurance Society, Inc.*
   *Case No. 10-CV-00029-DRD-MAS*
July 13, 2011
Page 4

CUMIS asked Sperry's counsel to identify the discovery Sperry wants so that CUMIS could evaluate Sperry's request, but as of the time this letter was filed, CUMIS had not received a response.

Respectfully Submitted,

/s/ Valerie D. Rojas

Arthur Aizley
Valerie D. Rojas
Sedgwick, LLP

VDR:KU

Cc:  Counsel of Record by Electronic Filing

LA/1032976v1