# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 279-6848
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI

July 28, 2011

**By:   ECF Filing**

Hon. Michael A. Shipp
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, Room 4015
Newark, New Jersey 07101

**Re:   *Sperry Associates Federal Credit Union*
        *v.*
        *CUMIS Insurance Society, Inc.*
        *Civil Case No. 10-00029***

Dear Judge Shipp:

As you are aware this office represents the Plaintiff Sperry Associates Federal Credit Union ("Sperry"). Sperry submits this letter in reply to CUMIS's letter of July 28, 2011.

On July 25, 2011 in response to CUMIS's interrogatory 21 Sperry provided CUMIS, with Fannie Mae's records which reflect the dates the Sperry loans were sold to Fannie Mae. Sperry identified the report as the "Loan Delivery Spreadsheet." Sperry also forwarded the "Loan Delivery Data Dictionary" which defines the codes used in the report and provided the following direction to CUMIS: "Attached are the documents you requested regarding the dates the loans were sold to Fannie Mae. One attachment is the Loan Delivery Spreadsheet. The other attachment is the Loan Delivery Data Dictionary, which notes that the column titled Fnd_Dt is the "Funding Date" and reflects the date that the loan is purchased by Fannie Mae. You are able to search the Loan Delivery Spreadsheet for Sperry loans using Sperry's loan numbers." *See,* Exhibit "A". It is Sperry's position that the information provided to CUMIS is responsive to interrogatory 21.

Sperry's position regarding the false trial balances remains consistent. Once Sperry continued to receive trial balances and payments reflecting loans that were assigned and/or sold, such statements were false. Sperry previously pointed out, that Michael McGrath in a deposition noticed by CUMIS admitted that false statements were provided to Sperry to cover up his fraud.

      As respects the issue of conversion, CUMIS misstates the law. Sperry's loans were converted once McGrath as an employee of CU National assigned the loans to U.S. Mortgage which as part of his fraudulent scheme he used as a conduit to sell the loans to Fannie Mae. The law CUMIS cites for the premise that no conversion has occurred is actually a defense (which Fannie Mae has raised in the companion case to this matter pending in this district) that can be raised by the subsequent purchaser of a loan but is not dispositive on whether or not the Sperry loans were converted. Further, it is clear that Sperry has in fact suffered a loss, as Sperry no longer has dominion and control over its property and it no longer receives payments on the subject loans. The question of whether Sperry or Fannie Mae holds title to the loans does not vitiate the fact that Sperry has suffered a loss under the bond and is an issue which CUMIS could pursue through subrogation.

      I thank you for your consideration of these matters.

Respectfully,

*[signature]*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc:    Michael R. Davisson, Esq. (via ECF Notification)
        Arthur Aizley, Esq. (via ECF Notification)
        Valerie Rojas, Esq. (via ECF Notification)