ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*



*arthur.aizley@sedgwicklaw.com*
*valerie.rojas@sdma.com*

September 7, 2011

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King Jr. Federal Building &
U.S. Courthouse
50 Walnut St., Room 4015
Newark, NJ 07101

Re: *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
   Case No. 10-CV-00029-DRD-MAS
   Our File No.: 00480-006356

Dear Judge Shipp:

CUMIS Insurance Society ("CUMIS") respectfully submits this letter in reply to Plaintiff Sperry Associates Federal Credit Union's ("Sperry") letter of September 5, 2011. In its letter, Sperry represents that once it provides CUMIS with the bates ranges of a particular document Sperry relies upon in support of its contention that Sperry was provided with false servicing reports by CU National, Inc. (CU National), this issue will be resolved. CUMIS disagrees. CUMIS has requested, repeatedly (including on September 1, 2011), that Sperry provide a complete verified answer to its interrogatory (number 22) which asks Sperry to "Identify (by Bate or reference number) each report provided to Sperry by CU National that Sperry contends falsely identified loans in Sperry's portfolio that had been sold to Fannie Mae without Sperry's authorization (as alleged in paragraph 9 of Sperry's complaint), and identify all facts, witnesses and evidence which support that contention."

In this case, Sperry contends it is entitled to coverage under a credit union bond issued to Sperry by CUMIS for fraud perpetrated by one of Sperry's vendors, CU National. Sperry outsourced its real estate loan function to CU National. As a result, CU National originated, processed, marketed, underwrote, serviced and sold mortgage loans on behalf of Sperry. In this case, Sperry contends that Michael McGrath, Jr. ("McGrath"), the owner of CU National, sold 27 loans to FNMA sometime during the end of 2008 without Sperry's knowledge or authority and did not remit and proceeds from the sale to Sperry. According to Sperry, McGrath/CU National would first assign the loans from Sperry to CU National's parent (US Mortgage Corp.), and then subsequently assign the mortgage notes from US Mortgage to FNMA to complete the sale. Sperry also alleges that CU National "covered up" the alleged fraud by providing monthly reports which falsely identified loans in Sperry's portfolio which McGrath had actually sold to FNMA.

LA/1112171v1

The Honorable Michael A. Shipp
Re:	Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.
Case No. 10-CV-00029-DRD-MAS
September 7, 2011
Page 2

Preliminarily, CUMIS notes that the CUMIS Bond provides coverage for employee dishonesty, but not for vendor fraud.  The Bond deems a servicing contractor to be an employee, but only while that servicing contractor is actually collecting and recording payments on mortgages.  Here, the fraud occurred when McGrath sold the loans to FNMA, with the result that there is no coverage under the CUMIS Bond for the acts of either McGrath or CU National.

Nevertheless, in order to rebut Sperry's allegations, CUMIS propounded interrogatories to Sperry to identify which monthly servicing reports Sperry alleges were false, and when its loans were actually sold to FNMA.  CUMIS needs this information to determine whether Sperry ever actually received any false monthly servicing reports, and thus rebut Sperry's contention that CU National "covered up" the loan sales.  In response to CUMIS' interrogatories Sperry failed to identify any false reports or state when FNMA purchased the loans.   In addition, as noted above, Sperry has continued to argue, inconsistently, that it did not know when FNMA purchased the loans at issue, but still somehow contends that the monthly servicing reports it received for the last quarter of 2008 were false.  It is the date of the sale to FNMA which will determine whether the monthly reports are accurate or false because, until the loans were sold for value, CU National was still holding the loans.[1]

Accordingly, CUMIS respectfully requests that Sperry be ordered to provide a complete verified response to interrogatory number 22 to "Identify (by Bate or reference number) each report provided to Sperry by CU National that Sperry contends falsely identified loans in Sperry's portfolio that had been sold to Fannie Mae without Sperry's authorization (as alleged in paragraph 9 of Sperry's complaint), and identify all facts, witnesses and evidence which support that contention" by Monday September 12, 2011.[2]

Very truly yours,

/s/Arthur Aizley

Arthur Aizley
Valerie Rojas
Sedgwick LLP



Cc:  Counsel of Record by Electronic Filing

VDR:KU

---

[1] In addition, it seems clear that Sperry cannot suffer a loss until the loans were sold for consideration to a third party, and until title to the loans is resolved.
[2] CUMIS is currently scheduled to depose Marti Clarke on September 15, 2011, and would like Sperry's response in advance so that Ms. Clarke may be questioned about Sperry's response.

LA/1112171v1