Arthur H. Aizley (AA-5049)
SEDGWICK, LLP
125 Broad Street, 30th Floor
New York, New York  10004-2400
Tel:  (212)422-0202
Fax:  (212) 422-0925

Michael R. Davisson  *(Pro Hac Vice)*
Valerie D. Rojas        *(Pro Hac Vice)*
SEDGWICK, LLP
801 S. Figueroa Street, 18th Floor
Los Angeles, CA  90017
Tel:  (213) 426-6900
Fax:  (213) 426-6921
Attorneys for Defendant CUMIS INSURANCE SOCIETY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION, | Case No. 10-29 (DRD)(MAS) |
| Plaintiff, | DEFENDANT CUMIS INSURANCE SOCIETY, INC.'S EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY TO PLAINTIFF SPERRY'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| -against- | |
| CUMIS INSURANCE SOCIETY, INC., | |
| Defendant. | |

---------------------------------------------------------------X

Defendant CUMIS Insurance Society, Inc. (hereinafter referred to as "CUMIS" and/or "Defendant") submits the following Evidentiary Objections in Support of its Reply to Plaintiff Sperry Associates Federal Credit Union's (hereinafter referred to as "Sperry" and/or "Plaintiff") Opposition to Defendant's Motion for Summary Judgment.

| | SPERRY'S EVIDENCE PURSUANT TO DECLARATION OF KENNETH PAGLIUGHI | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 1. | Exhibit D, True copies of unauthorized notes and assignments. | 1. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), |

| | SPERRY'S EVIDENCE PURSUANT TO DECLARATION OF KENNETH PAGLIUGHI | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | and hearsay (FRE 802). |
| 2. | Exhibit E, True copies of Fannie Mae Purchase Advices. | 2. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). |
| 3. | Exhibit H, Copies of borrower's checks. | 3. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). |
| 4. | Exhibit J, CU National Certificate of Formation. | 4. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). |
| 5. | Exhibit K, US Mortgage Certificate of Incorporation. | 5. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). |
| 6. | Exhibit N, Trial Balance reports Sperry received from CU National. | 6. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). |

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 7. | Paragraph 3. | 7. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Marti Clark ("Clark") states that "I have personal knowledge of *some* of |

2

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 8. | Paragraph 4. | 8. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 9. | Paragraph 5, and Exhibit "A" to Clark Declaration cited therein. | 9. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), |

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 10. | Paragraph 6 and Exhibit "A" to Clark Declaration cited therein. | 10. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data |

LA/1139912v1

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | and other records she relied upon. |
| 11. | Paragraph 7. | 11. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 12. | Paragraph 8. | 12. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not |

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 13. | Paragraph 9. | 13. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon.<br><br>Further, Clark fails to identify how she knows the "the dates of the unauthorized sales to Fannie Mae." |
| 14. | Paragraph 12 and Exhibit "C" to Clark Declaration cited therein. | 14. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of |

6

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 15. | Paragraph 13 and Exhibit "D" to Clark Declaration cited therein. | 15. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 16. | Paragraph 14 and Exhibit "E" to Clark Declaration cited therein. | 16. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE |

7

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |
| 17. | Paragraph 15 | 17. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |

| | DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 18. | Paragraph 17 and Exhibit "F" to Clark Declaration cited therein. | 18. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon.  Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. A to the Declaration of Davisson) or in its amended disclosures (Ex. B to CUMIS' the Declaration of Davisson), and therefore, the exhibit should be excluded.  (FRCP 26 and 37(c)(1).) |
| 19. | Paragraph 18 and Exhibit "G" to Clark Declaration cited therein. | 19. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of |

9

| DECLARATION OF MARTI CLARK & EVIDENCE PURSUANT THERETO | CUMIS' BASIS FOR OBJECTION |
|---|---|
| | which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon.<br><br>Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. A to the Declaration of Davisson) or in its amended disclosures (Ex. B to CUMIS' the Declaration of Davisson), and therefore, the exhibit should be excluded.  (FRCP 26 and 37(c)(1).) |

| | MICHAEL MCGRATH AFFIDAVIT DATES JULY 21, 2010, EXHIBIT "A" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 20. | Paragraph 8. | 20. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. |

LA/1139912v1

| | MICHAEL MCGRATH AFFIDAVIT DATES JULY 21, 2010, EXHIBIT "A" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 21. | Paragraph 9. | 21. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business.  Furthermore the statements by Fannie Mae referred to by the declarant constitute inadmissible hearsay. |
| 22. | Paragraph 10. | 22. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The restriction referred to in paragraph 10 is presumably drawn from the Mortgage Full Services Agreement with Sperry and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. |
| 23. | Paragraph 11. | 23. | Objection. Lacks foundation (FRE 901). The declarant lacks foundation for his conclusory legal assertions concerning authority. |
| 24. | Paragraph 33. | 24. | Objection.  Lacks foundation (FRE 901), |

11

| | MICHAEL MCGRATH AFFIDAVIT DATES JULY 21, 2010, EXHIBIT "A" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | lack of personal knowledge (FRE 602), and hearsay (FRE 802).  Michael McGrath has not identified who at CU National, "at [his] direction" engaged in the conduct referred to.  Nor does McGrath specify who he is referring to when he uses the word "we" in the statement. CUMIS' Ex. B to Appendix of Exhibits in Support of CUMIS' Motion for Summary Judgment (Appendix of Exhibits), Depo of Michael McGrath, 65:5-24, 88:2-89:19. |
| 25. | Paragraph 34. | 25. | Objection.  Lacks foundation (FRE 901). Michael McGrath does not specify who he is referring to when he uses the word "we" in the statement.  CUMIS' Ex. C to Declaration of Davisson is Support of CUMIS' Reply to Defendant's Opposition to CUMIS' Motion for Summary Judgment (Declaration of Davisson), Depo of Michael McGrath, 36:9-24, 88:2-89:19.  Nor does Mr. McGrath identify which reports he contends were false.   McGrath Dep. at 26:18-27:15, and 27:25-28:20, Sperry's Ex. B to Pagliughi Dec. |
| 26. | Paragraph 35. | 26. | Objection.  Relevance (FRE 401-402), Michael McGrath does not specify who |

12

| | MICHAEL MCGRATH AFFIDAVIT DATES JULY 21, 2010, EXHIBIT "A" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | he is referring to when he uses the words "our" and "we" in the statement. |
| 27. | Paragraph 36 | 27. | Objection.  Relevance (FRE 401-402), Michael McGrath does not specify who he is referring to when he uses the words "our" and "we" in the statement. |

| | DEAN FELTON DEPOSITION, EXHIBIT "G" TO PAGLIUGHI DEPOSITION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 28. | Page 55:1-13 | 28. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602).  Mr. Felton's opinion lacks foundation and is based on speculation.  Furthermore, Sperry cites to Mr. Felton's response without citing to the question to which Mr. Felton was responding. |

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 29. | Paragraph 3. | 29. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. |

13

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 30. | Paragraph 4. | 30. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. |
| 31. | Paragraph 6. | 31. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. CUMIS' Ex. A to Appendix of Exhibits, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19. |
| 32. | Paragraph 7. | 32. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Michael McGrath has not identified who at CU National, "at [his] direction, engaged in this conduct." Further, Michael McGrath has not |

14

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | identified any Sperry loans which he believes he or others sold without Sperry's authorization.  CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19.  Finally, Michael McGrath's conclusion that CU National was acting as a servicer when it allegedly sold Sperry's loans, is irrelevant and an improper legal conclusion which attempts to invade the province of the Court. |
| 33. | Paragraph 8. | 33. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business.  Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in Sperry's portfolio.  CUMIS' Ex. A, |

15

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19. Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. |
| 34. | Paragraph 9. | 34. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the was Mortgage Full Services Agreement signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in Sperry's portfolio. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19. |

LA/1139912v1

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization.  Finally, Michael McGrath's conclusion that CU National was acting as a servicer when it allegedly sold Sperry's loans, is irrelevant and an improper legal conclusion which attempts to invade the province of the Court. |
| 35. | Paragraph 10. | 35. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in Sperry's portfolio. Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization.  CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19. Finally, Michael McGrath's conclusion that CU National was acting as a |

| | MICHAEL MCGRATH AFFIDAVIT DATED MARCH 5, 2010, EXHIBIT "L" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | servicer when it allegedly sold Sperry's loans, is irrelevant and an improper legal conclusion which attempts to invade the province of the Court. |
| 36. | Paragraph 11. | 36. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Michael McGrath has no personal knowledge of what Sperry believed or how the alleged reports "appeared to Sperry." CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. C to Declaration of Davisson, Depo of Michael McGrath, 36:9-24; Ex. B to Appendix of Exhibits, Depo of Michael McGrath, 65:5-24, 88:2-89:19. Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. |

| | LEROY HAYDEN DEPOSITION, EXHIBIT "M" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 37. | Page 64:4-65:21. | 37. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Leroy Hayden testified that he was not the individual who prepared the Sperry reports and therefore, he lacks personal knowledge concerning Sperry's reports and his testimony about other |

| | LEROY HAYDEN DEPOSITION, EXHIBIT "M" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| | | | credit unions is irrelevant.  CUMIS' Ex. D to Declaration of Davisson, Hayden Depo. 85:21-23, 86:2-4. |
| 38. | Page 75:7-15. | 38. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802).  Leroy Hayden testified that he was not the individual who prepared the Sperry reports, does not have knowledge of CU National or US Mortgage's accounting practices and therefore, he lacks personal knowledge concerning Sperry alleged loss and his testimony about other credit unions is irrelevant.  .  CUMIS' Ex. D to Declaration of Davisson, Hayden Depo. 54:14-55:9.  76:7-18, 80:8-11, 85:21-23, 86:2-4. |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | SWAPAN ROY DEPOSITION, EXHIBIT "O" TO PAGLIUGHI DECLARATION | | CUMIS' BASIS FOR OBJECTION |
|---|---|---|---|
| 39. | Page 34:14-24. | 39. | Objection.  Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802).  Swapan Roy admits that he did not perform the posting function which he attempts to describe in his testimony, and testified that the function was performed by "Kathy."  CUMIS' Ex. I, Roy Depo. Page 34:2-15. |

Dated:  February 9, 2012                    Respectfully submitted,


By:  /s/Arthur H. Aizley (AA-5049)
          Arthur H. Aizley
          SEDGWICK, LLP
          Attorneys for Defendant
          CUMIS INSURANCE SOCIETY, INC.
          125 Broad Street, 30th Floor
          New York, New York  10004-2400
          Tel:  (212) 422-0202
          Fax:  (212) 422-0925

          Michael R. Davisson  (*Pro Hac Vice*)
          Valerie D. Rojas        (*Pro Hac Vice*)
          SEDGWICK, LLP
          Attorneys for Defendant
          CUMIS INSURANCE SOCIETY, INC.
          801 S. Figueroa Street
          Los Angeles, CA  90017
          Phone:  (213) 426-6900
          Fax:  (213) 426-6921

LA/1139912v1