**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

_____

SPERRY ASSOCIATES

FEDERAL CREDIT UNION,                                         Hon. Dickinson R. Debevoise

                            Plaintiff,

            -against-

CUMIS INSURANCE SOCIETY, INC.,                    10-CV-00029-DRD-MAS

                                                            REPLY TO CUMIS'S EVIDENTIARY
                                                            OBJECTIONS

                            Defendants.

_____

        Sperry assumes that CUMISs has submitted its Evidentiary Objections in Support of

Opposition to Plaintiff Sperry's Motion for Partial Summary Judgment in order to preserve the

evidentiary objections.  To the extent CUMIS has submitted the pleading for that limited

purpose, Sperry does not object to its submission and offers its response to CUMIS's objections

as set forth below.

        However, if CUMIS has submitted its evidentiary objections for the purpose of asking the

court to disregard the evidentiary proof submitted by Sperry in support of its Partial Motion for

Summary Judgment, Sperry objects to the document on the basis that the Local Rules do not

authorize such a pleading.  Local Rule 56.1 states in pertinent part:

The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.  In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.  The movant shall respond to such supplemental statement of disputed material facts as above, with its reply papers.

The Local Rule does not authorize the filing of Evidentiary Objections in Support of a non-movant's opposition to a motion for summary judgment and to that extent, the court should not consider CUMIS's pleading in reaching its decision on Sperry's motion.

Dated: Garden City Park, New York

February 9, 2011

Respectfully submitted,

Kenneth J. Pagliughi

| | SPERRY'S EVIDENCE | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 1 | Exhibit "C", Signed Proof of Loss provided to CUMIS by Sperry. | 1 | Objection. Lacks foundation (FRE 901),lack of personal knowledge (FRE 602) and hearsay (FRE 802). | 1 | Document is admissible under FRE 902, FRE 602 and FRE 803. |
| 2 | Exhibit "D", Wisconsin Complaint. | 2 | Objection. Irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or amended initial disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 2 | Document is relevant (FRE 401) and admissible under FRE 803. Document was not one required to be disclosed under FRCP 26. Document was drafted by Defendant, was part of the record in that Action and should not be excluded under FRCP 26 and FRCP 37(c)(1) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 3 | Exhibit "F", Notice of Removal of Wisconsin Action. | 3 | Objection. Irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 3 | Document is relevant (FRE 401) and admissible under FRE 803. Plaintiff was not required to disclose document under FRCP 26.  Document was served upon Defendant in the Wisconsin Action was part of the record in that action and should not be excluded under FRCP 26 and FRCP 37(c)(1) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 4 | Exhibit "G", Motion to Remand in Wisconsin Action. | 4 | Objection. Irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 4 | Document is relevant (FRE 401) and admissible under FRE 803. Plaintiff was not required to disclose document under FRCP 26.  Document was served upon Defendant in the Wisconsin Action, was part of the record in that Action and should not be excluded under FRCP 26 and FRCP 37(c)(1) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 5 | Exhibit "H", Motion to Dismiss Wisconsin Action. | 5 | Objection. Irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry | 5 | Document is relevant (FRE 401) and admissible under FRE 803. Plaintiff was not required to |

| | | | | | |
|---|---|---|---|---|---|
| | | | failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | | disclose document under FRCP 26. Document was served upon Defendant in Wisconsin Action, was part of the record in that matter and should not be excluded under FRCP 26 and FRCP 37(c)(1) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 6 | Exhibit "I", April 5, 2010 order in Wisconsin Action. | 6 | Objection. Irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 6 | Document is relevant (FRE 401) and admissible under FRE 803. Plaintiff was not required to disclose document under FRCP 26. Document was served upon Defendant in Wisconsin Action, was part of the record in that Action and should not be excluded under FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 7 | Exhibit "L", Certificate of Formation, CU National Mortgage LLC. | 7 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). | 7 | Document is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 8 | Exhibit "N", Certificate of Incorporation, US Mortgage Corporation. | 8 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 3 802). | 8 | Document is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 9 | Exhibit "U", Copies of notes and assignments. 9. | 9 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 9 | Document is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 10 | Exhibit "V", Copies of Uniform Underwriting and Transmittal Summary(ies). | 10 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 10 | Document is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 11 | Exhibit "Y", Copies of Trial | 11 | Objection. Lacks foundation | 11 | Document is admissible under |

| | | | | | |
|---|---|---|---|---|---|
| | Balance Reports. | | (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | | FRE 901, FRE 902, FRE 602 and FRE 803. |
| 12 | Exhibit "Z", Copies of Fannie Mae Purchase Advices. | 12 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 12 | Document is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 13 | Exhibit "BB, Copy of Document Examiner Letter of Opinion by Robert Baier. | 13 | Objection. Sperry failed to disclose Baier, and Baier's declaration in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits), in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and in its expert witness disclosures (Ex. R to CUMIS' Appendix of Exhibits), and therefore, the declaration and testimony should be excluded. (FRCP 26 and 37(c)(1)). | 13 | The evidence should not be excluded under FRCP 26 and FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 14 | Exhibit "CC", Copy of US Mortgage Bankruptcy filing. | 14 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 14 | Document is admissible under FRE 901, FRE 902, FRE 602, FRE 803 and FRE 401. The document should not be excluded under FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |
| 15 | Exhibit "FF", McGrath Criminal Judgment. | 15 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to | 15 | Document is admissible under FRE 901, FRE 902, FRE 602, FRE 803 and FRE 401. The evidence should not be excluded under FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |

|  |  |  | CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) |  |  |
|--|--|--|--|--|--|

|  | MARTI CLARK'S DECLARATION |  | CUMIS' OBJECTION |  | SPERRY'S RESPONSE |
|--|--|--|--|--|--|
| 16 | Paragraph 3. | 16 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Marti Clark ("Clark") states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | 16 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 17 | Paragraph 4. | 17 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained | 17 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| | | | | | |
|---|---|---|---|---|---|
| | | | the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | | |
| 18 | Paragraph 5, and Exhibit "A" to Clark Declaration cited therein. | 18. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | 18 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 19 | Paragraph 6. | 19. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other | 19 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

|  |  |  | records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. |  |  |
|---|---|---|---|---|---|
| 20. | Paragraph 7. | 20. | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in | 20 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 21 | Paragraph 8. | 21 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | 21 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| 22 | Paragraph 9. | 22 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon.<br><br>Further, Clark fails to identify how she knows the "the dates of the unauthorized sales to Fannie Mae." | 22 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 23 | Paragraph 12 and Exhibit "C" to Clark Declaration cited therein. | 23 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, | 23 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| | | | | |
|---|---|---|---|---|
| | | | as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | | |
| 24 | Paragraph 12 and Exhibit "D" to Clark Declaration cited therein. | 24 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | 24 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 25 | Paragraph 13 and Exhibit "D" to Clark Declaration cited therein. | 25 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth | 25 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| | | | | | |
|---|---|---|---|---|---|
| | | | herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | | |
| 26 | Paragraph 14 and Exhibit "E" to Clark Declaration cited therein. | 26 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | 26 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 27 | Paragraph 15 | 27 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, | 27 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| | | | | |
|---|---|---|---|---|
| | | | as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. | |
| 28 | Paragraph 17 and Exhibit "F" to Clark Declaration cited therein. | 28 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon. Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 28 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. The evidence should not be excluded under FRCP 26 and FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |

| 29 | Paragraph 18 and Exhibit "G" to Clark Declaration cited therein. | 29 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Clark states that "I have personal knowledge of *some* of the matters set forth herein and, as to those matters of which I do not have personal knowledge, I have obtained the information from documents, data and other records that Sperry maintains in the regular course of its business activities and that it was Sperry's regular practice to create," but she does not identify which matters she has personal knowledge of or what documents, data and other records she relied upon.<br><br>Further, Sperry failed to disclose the cited exhibit in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the exhibit should be excluded. (FRCP 26 and 37(c)(1).) | 29 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. The evidence should not be excluded under FRCP 26 and FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1). |

| | **RONALD CARTI DEPOSITION, EXHIBIT "P"** | | **CUMIS' OBJECTION** | | **SPERRY'S RESPONSE** |
|---|---|---|---|---|---|
| 30 | Page 46:6-25. | 30 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 30 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | MARY PINTO DEPOSITION, EX. "R" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 31 | Page 53:10-21. | 31 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 31 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | JILL PETERSON DEPOSITION, EX. "S" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 32 | Page 57:16-58:5. | 32 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 32 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | ADRIENNE SOCCI DECLARATION, EX. "EE" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 33 | Declaration, Paragraphs 1-7. | 33 | Objection. Sperry failed to disclose Socci, the declaration and the exhibit attached to the declaration in its initial disclosures (Ex. P to CUMIS' Appendix of Exhibits) or in its amended disclosures (Ex. Q to CUMIS' Appendix of Exhibits), and therefore, the declaration and testimony should be excluded. (FRCP 26 and 37 (c)(1)).)<br><br>With respect to paragraph 7, CUMIS further objects based upon lack of foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). | 33 | The evidence should not be excluded under FRCP 26 and FRCP 37(c) as any failure to disclose was substantially justified and harmless under FRCP 37(c)(1).<br><br>With respect to paragraph 7, evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | MICHAEL MCGRATH AFFIDAVIT, EX. "T" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 34 | Paragraph 3. | 34 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. | 34 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 35 | Paragraph 4. | 35 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. | 35 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 36 | Paragraph 6. | 36 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, 65:5-24, 88:2-89. | 36 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| 37 | Paragraph 7. | 37 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Michael McGrath has not identified who at CU National, "at [his] direction, engaged in this conduct." Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, 65:5-24, 88:2-89. Finally, Michael McGrath's conclusion that CU National was acting as a servicer when it allegedly sold Sperry's loans, is irrelevant and an improper legal conclusion which attempts to invade the province of the Court. | 37 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |
| 38 | Paragraph 8. | 38 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the Mortgage Full Services Agreement was signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in | 38 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | | | | | |
|---|---|---|---|---|---|
| | | | Sperry's portfolio. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, 65:5-24, 88:2-89. Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. | | |
| 39 | Paragraph 9. | 39 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). The agreement referred to is called a Mortgage Full Services Agreement and there is no evidence that the was Mortgage Full Services Agreement signed, prepared by or even reviewed by Michael McGrath in the normal course of his business. Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in Sperry's portfolio. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, 65:5-24, 88:2-89. Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. Finally, Michael McGrath's conclusion that CU National was acting as a servicer when it allegedly sold Sperry's loans, is irrelevant and an improper | 39 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 803 and FRE 401. |

| | | | legal conclusion which attempts to invade the province of the Court. | | |
|---|---|---|---|---|---|
| 40 | Paragraph 10. | 40 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Michael McGrath has no personal knowledge of the facts stated and has not identified who at CU National, "at [his] direction" falsely represented to Sperry that the loans remained in Sperry's portfolio. Further, Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, 65:5-24, 88:2-89. Finally, Michael McGrath's conclusion that CU National was acting as a servicer when it allegedly sold Sperry's loans, is irrelevant and an improper legal conclusion which attempts to invade the province of the Court. | 40 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 803 and FRE 401. |
| 41 | Paragraph 11. | 41 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Michael McGrath has no personal knowledge of what Sperry believed or how the alleged reports "appeared to Sperry." CUMIS' Ex. A, Affidavit of McGrath, p. 1-15, paras. 1-38; Ex. B, Depo of Michael McGrath, 36:9-24, | 41 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

|  |  |  | 65:5-24, 88:2-89. Michael McGrath has not identified any Sperry loans which he believes he or others sold without Sperry's authorization. |  |  |
|---|---|---|---|---|---|

|  | **LEROY HAYDEN DEPOSITION, EX. "W"** |  | **CUMIS' OBJECTION** |  | **SPERRY'S RESPONSE** |
|---|---|---|---|---|---|
| 42 | Page 64:4-65:21. | 42 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Leroy Hayden testified that he was not the individual who prepared the Sperry reports and therefore, he lacks personal knowledge concerning Sperry's reports and his testimony about other credit unions is irrelevant. (Hayden Depo. 85:21-23, 86:2-4 attached to CUMIS' Appendix of Exhibits as Exhibit G) | 42 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 803 and FRE 401. |
| 43 | Page 75:7-15. | 43 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), irrelevant (FRE 402) and hearsay (FRE 802). Leroy Hayden testified that he was not the individual who prepared the Sperry reports, does not have knowledge of CU National or US Mortgage's accounting practices and therefore, he lacks personal knowledge concerning Sperry alleged loss and his testimony about other credit unions is irrelevant. (Hayden Depo. 54:14-55:9. 76:7-18, 80:8-11, 85:21-23, | 43 | Evidence is admissible under FRE 901, FRE 902, FRE 602, FRE 401 and FRE 803. |

| | | | | | |
|---|---|---|---|---|---|
| | | | 86:2-4, attached to CUMIS' Appendix of Exhibits as Exhibit G) | | |

| | SWAPAN ROY DEPOSITION, EX. "X" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 44 | Page 34:14-24. | 44 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Swapan Roy admits that he did not perform the posting function which he attempts to describe in his testimony, and testified that the function was performed by "Kathy." (Roy Depo. Page 34:2-15, attached to CUMIS' Appendix of Exhibits as Exhibit I). | 44 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | DEBRA THOMPSON AFFIDAVIT "AA" | | CUMIS' OBJECTION | | SPERRY'S RESPONSE |
|---|---|---|---|---|---|
| 45 | Paragraph 3. | 45 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 27:23-28:19, attached to CUMIS' Appendix of Exhibits as Exhibit K) | 45 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 46 | Paragraph 4. | 46 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and | 46 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | | | hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 29:13-30:2, attached to CUMIS' Appendix of Exhibits as Exhibit K) | | |
|---|---|---|---|---|---|
| 47 | Paragraph 5. | 47 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 34:6-35:2, attached to CUMIS' Appendix of Exhibits as Exhibit K) | 47 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 48 | Paragraph 6. | 48 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 39:9-40:19, attached to CUMIS' Appendix of Exhibits as Exhibit K) | 48 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| 49 | Paragraph 7. | 49 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 40:20-41:16, attached to CUMIS' Appendix of Exhibits as Exhibit K) | 49 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 50 | Paragraph 8 and Exhibit "A" to Thompson's Affidavit cited therein. | 50 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's counsel), she did not prepare the exhibit/ spreadsheet attached to her declaration and does not how it was prepared, and she did not review any documents upon which the declaration was drafted.  (Thompson Depo. 27:14-17, 40:20-41:16, attached to CUMIS' Appendix of Exhibits as Exhibit K) | 50 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |
| 51 | Paragraph 9. | 51 | Objection. Lacks foundation (FRE 901), lack of personal knowledge (FRE 602), and hearsay (FRE 802). Debra Thompson testified that she did not prepare or draft the declaration (her attorney admitted on the record that it was prepared at the request of Sperry's | 51 | Evidence is admissible under FRE 901, FRE 902, FRE 602 and FRE 803. |

| | | counsel), and she did not review any documents upon which the declaration was drafted. (Thompson Depo. 27:14-17, 40:20-41:16, 41:20-22, 43:13-44:3, attached to CUMIS' Appendix of Exhibits as Exhibit K) | | |
|---|---|---|---|---|