# SCOTT A. ROSENBERG, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 730-2732 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

March 6, 2012

**By:    Electronic Filing**

Hon. Michael A. Shipp
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, Room 4015
Newark, New Jersey 07101

*Re:    Sperry Associates Federal Credit Union*
*v.*
*CUMIS Insurance Society, Inc.*
*Civil Case No. 10-00029*

Dear Judge Shipp:

As Your Honor is aware, this office represents Plaintiff, Sperry Associates Federal Credit Union ("Sperry") in the above captioned matter. I am writing you to provide a status of the matter prior to the parties pre-trial conference scheduled for March 8, 2012.

On March 1, 2012, The Honorable Dickinson R. Debevoise rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion was granted in its entirety and CUMIS's motion was denied in its entirety.

Pursuant to the Court's direction, Sperry has prepared a proposed order (correspondence to Judge Debevoise with proposed order is annexed hereto). As the Court has granted Sperry summary judgment as respects the first count of its Amended Complaint, Sperry included a direction in the proposed order that the plaintiff may move for summary judgment on the issue of damages pursuant to a briefing schedule to be set by the Court. CUMIS has objected to this direction and the parties have not agreed on this point. If Judge Debevoise agrees with Sperry that the issue of damages should be decided in a summary manner and adopts the order as proposed the only remaining issues in this matter are the third count of Sperry's Amended

Complaint breach of contract and the fourth count of Sperry's Amended Complaint bad faith, two issues that are inextricably linked under New York law (the applicable body of law under the choice of law analysis in this matter).

The parties have already prepared a joint pre-trial order and are in the process of amending the same. However, additional amendments may be required depending on whether or not the parties will proceed in a summary manner on the issue of damages.

We look forward to meeting with you on Thursday and thank you for your consideration of these matters.

Respectfully,

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc:     Counsel of Record by Electronic Filing

Page 2 of 2

# SCOTT A. ROSENBERG, P.C.
### A PROFESSIONAL CORPORATION
## ATTORNEYS AND COUNSELORS AT LAW
### (516) 877-7205
### (516) 730-2732 Fax
### 2400 JERICHO TURNPIKE
### SUITE 201
### GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

March 6, 2012

**By Electronic Filing**

The Honorable Dickinson R. Debevoise
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07101

Re:     *Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.*
        *Case 2:10-cv-00029-DRD-MAS*

Dear Judge Debevoise:

As you are aware, this office represents Sperry Associates Federal Credit Union ("Sperry") the Plaintiff in the above captioned matter. On March 1, 2012, Your Honor rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion was granted in its entirety and CUMIS's motion was denied in its entirety.

Pursuant to the Court's direction, Sperry has prepared a proposed order (annexed hereto) and has attempted to secure CUMIS's approval of the proposed order. Based on CUMIS's input Sperry changed the original draft of the proposed order, however Sperry has been unable to secure CUMIS's approval of the current proposed order.

CUMIS objects to section 3.c. of the order as it is CUMIS's position that the Court did not come to the conclusion that CUMIS has a duty to indemnify Sperry for its losses. Sperry disagrees, as on pages 6 and 11 of the decision the Court states: "Sperry moves for partial summary judgment as to the first count of its Amended Complaint, for Declaratory relief under Coverage Part A of the Bond, declaring that Cumis is under a duty to indemnify Sperry for any losses…" As the Court granted Sperry's motion it is our position that 3.c is accurate.

Additionally, it is Sperry's position that as the damages in this matter are of a liquidated nature the issue is ripe for determination on a summary basis. Accordingly, as part of its proposed order Sperry included a direction that the plaintiff may move for summary judgment on the issue of damages pursuant to a briefing schedule to be set by the Court. CUMIS has objected to this direction and the parties have not agreed on this point.

It is respectfully requested, that the Court consider Sperry's proposed direction that the parties move forward on the issue of damages on a summary basis. Essentially, each party should be able to make a factual showing of damages based on evidence already in the record, making the resolution of the issue judicially efficient. Ultimately, if contractual damages were decided, the only remaining issue in this matter would be the potential extra-contractual damages as a result of CUMIS's bad faith.

For the foregoing reasons Sperry respectfully requests that this Court adopt Sperry's proposed order.

I thank you for your consideration of these matters.

Respectfully,

Kenneth J. Pagliughi, Esq.
Scott A. Rosenberg, P.C.


cc:    Michael A. Shipp, U.S.M.J. by Electronic Filing

       Counsel of Record by Electronic Filing

SPERRY ASSOCIATES FEDERAL
CREDIT UNION,

                              Plaintiff,

        -against-

CUMIS INSURANCE SOCIETY, INC.,

                              Defendants.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Hon. Dickinson R. Debevoise

10-CV-00029-DRD-MAS
[PROPOSED]
ORDER GRANTING THE MOTION OF
SPERRY ASSOCIATES FEDERAL CREDIT
UNION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING THE MOTION OF CUMIS
INSURANCE SOCIETY, INC. FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE
PARTIAL SUMMARY JUDGMENT

The motion of Plaintiff Sperry Associates Federal Credit Union ("Sperry") for partial

summary judgment on the first count of its Amended Complaint in this action (the "Sperry

Motion"); and the motion of Defendant CUMIS Insurance Society, Inc. ("CUMIS") for summary

judgment dismissing Sperry's complaint in its entirety, or, in the alternative, partial summary

judgment (the "CUMIS Motion"), came regularly for hearing before this Court on February 21,

2012 at 10:00 a.m. (the "Hearing"),  Kenneth J. Pagliughi of Scott A. Rosenberg, P.C. having

appeared as attorney for Sperry, and Michael R. Davisson of Sedgwick LLP having appeared as

attorney for CUMIS.

        After consideration of the arguments of counsel made before the Court at the Hearing, all

admissible evidence, and the briefs and authorities of the parties, the Court hereby makes the

following findings:

        1.      Sperry is entitled to judgment as a matter of law for declaratory relief as to Count

One of the Amended Complaint;

2.      CUMIS is not entitled to summary judgment or in the alternative partial summary judgment dismissing the Amended Complaint or any of the remaining causes of action in the Amended Complaint;

3.      With respect to Count One of the Amended Complaint the Court hereby CONCLUDES AND DECLARES as follows:

a. That CU National and Michael McGrath are "employees" of Sperry as the term is defined within the Bond (and described in the Sperry Motion) issued by CUMIS to Sperry;

b. That Michael McGrath acted with manifest intent to cause Sperry to suffer a loss; and

c. That CUMIS has a duty to indemnify Sperry for these losses under Coverage Part A of the Bond (as described in the Sperry Motion).

AND IT IS HEREBY ORDERED, that:

1. The Sperry Motion is granted in its entirety;

2. The CUMIS Motion is denied in its entirety; and

3. Sperry may move for summary judgment on the issue of damages pursuant to a briefing schedule to be set by this Court.


Dated: Newark, New Jersey

_____, 2012

SO ORDERED:

_____

Honorable Dickinson R. Debevoise, U.S.D.J

2