# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 730-2732 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

March 21, 2012

The Honorable Michael A. Shipp
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, N.J. 07101

Re:   *Sperry Associates Federal Credit Union v. CUMIS Insurance Society, Inc.*
      <u>Case 2:10-cv-00029-DRD-MAS</u>

Dear Judge Shipp:

This office represents Sperry Associates Federal Credit Union ("Sperry") the Plaintiff in the above captioned matter. On March 8, 2012, the parties met with Your Honor for a settlement conference. Unfortunately, the parties were unable to agree on a settlement at that meeting.

In addition to discussing settlement, Sperry requested leave to move by summary judgment on the issues of damages, as liability in this matter had already been decided.[1] Sperry was granted leave to make its motion, and Your Honor directed in a quasi application of FRCP 56(d)[2] that the parties conduct further discovery as to the issue of damages. The parties were also directed to file a joint proposed discovery plan with the Court by March 22, 2012. At this juncture the parties have conferred but are unable to agree to a joint plan, as Sperry objects to several of the areas which CUMIS has proposed it is entitled to discovery.

As a threshold matter, rule 56(d) provides:

---

[1] In a decision dated March 1, 2012, the Hon. Dickinson R. Debevoise granted in all respects Sperry's motion for partial summary judgment and denied in all respects CUMIS's motion for summary judgment or in the alternative partial summary judgment.
[2] Formerly FRCP 56(f).

 (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

 (1) defer considering the motion or deny it;

 (2) allow time to obtain affidavits or declarations or to take discovery; or

 (3) issue any other appropriate order.

 Rule 56(d) is not a shield to block a motion for summary judgment. A party invoking its protections must do so in good faith by affirmatively demonstrating why that party would be unable to respond to the movant's motion and how postponement of a motion will by discovery or other means rebut the movant's showing of the absence of a genuine issue of fact. A party may not use rule 56 as a dilatory tactic or an extension to complete discovery that should have already been obtained. *See*, South Jersey Gas Co. v. Mueller Co., Ltd., 2010 U.S. Dist. LEXIS 52244 (D.N.J. May 26, 2010); *See also*, Brown v. Our Lady of Lourdes Medical Center, 767 F. Supp. 618 (D.N.J. 1991).

 The touchstone of Rule 56(d) is that the information sought by the non-movant is reasonably likely to raise genuine issues of fact and that discovery would reveal something new. It is Sperry's position that CUMIS is not entitled to the discovery it has proposed as such discovery is not to result in any new evidence that is likely to raise genuine issues of fact as to damages, as there already has been a significant amount of discovery in this matter over a prolonged period of time. Moreover, it is dilatory on CUMIS's part to attempt to obtain discovery related to issues which were always present in the litigation, when it had ample time to do so when discovery was open. The following are the proposed areas of discovery that CUMIS had forwarded to Sperry and Sperry's objection under Rule 56(d), as well as other objections .

**Proposed by CUMIS**: "The final settlement agreement."

**Sperry response**: Sperry has no objection to this area of evidence and has already produced a copy of the settlement agreement to CUMIS.

**Proposed by CUMIS:** "All correspondence and documents exchanged with Fannie Mae."

**Sperry response**: All documents were provided to CUMIS from the Fannie Mae litigation. Interestingly, Sperry provided CUMIS with a tremendous amount of documents related to its litigation with Fannie Mae including all correspondence and documents to which CUMIS complained to Your Honor in one of the conference calls. In applying rule 56(d) CUMIS should not now be requesting documents that it could have requested when discovery was open. *See*, South Jersey Gas Co.; *see also*, Brown. Moreover, it is unlikely that any such discovery would result in information reasonably likely to raise genuine issues of fact.

 The only documents, exchanged between Sperry and Fannie Mae after the close of discovery in this matter were Fannie Mae's offer, and emails exchanged between counsel for Sperry and Fannie Mae and drafts of the Settlement Agreement. It must be noted that as a precursor to settling with Fannie Mae, Fannie Mae requested a waiver of subrogation from Sperry's carrier, CUMIS. CUMIS was advised as to the amount of the settlement and it was

explained to CUMIS that Sperry could not settle with Fannie Mae unless CUMIS agreed to waive its right of Subrogation against Fannie Mae. If CUMIS disagrees with the settle amount they should not have provided the waiver. If they did not provide the waiver there would not have been a settlement. Additionally, CUMIS should be estopped from obtaining discovery on the issue of damages because: 1.) it disclaimed coverage and therefore Sperry was under no duty to mitigate its losses (although it did[3]); 2.) As a matter of law it has been found that Sperry has mitigated its damages and that Sperry's loss was not a result of its settlement with Fannie Mae; 3.) CUMIS elected to waive its right of subrogation,[4] essentially a de facto approval of the Sperry settlement; and 4.) As a stake holder CUMIS could have intervened in Sperry's litigation with Fannie Mae but failed to do so.

When an insurer disclaims coverage for a loss, an insured is no longer bound by its duties under the policy, in effect the insurer has anticipatorily breached its contract with the insured. Professor Williston, in his treatise on contracts, explains the general doctrine whereby the performance of a condition is excused when it is obvious that the other party is not going to keep its promise to perform whether or not the condition is fulfilled. Williston on Contracts, Third Edition § 699 at 344-48. Having disclaimed coverage for Sperry's loss under its bond CUMIS has now waived its right to assert that Sperry has failed to reasonably mitigate its damages (which Sperry no longer had a duty to do). Generally, courts find waiver "where there is direct or circumstantial proof that an insurer intended to abandon a policy defense." Elizabethtown Water Co. v. Hartford Cas. Ins. Co., 15 F. Supp. 2d 561, 565 (D.N.J. 1998) citing Barry R. Ostrager & Thomas R. Newman, Insurance Coverage Disputes, § 2.06, at 56 (6th ed. 1993). Here CUMIS disclaimed coverage and failed to intervene in the Sperry/Fannie Mae action, and then waived its right of subrogation. Clearly CUMIS intended to abandon its defense that Sperry's mitigation of damages through settlement was unreasonable. CUMIS could have refused to waive its right of subrogation (preserving its right to subrogate), and the settlement could not have been consummated. By agreeing to waive its right to subrogation, CUMIS essentially gave its stamp of approval on the Sperry/Fannie Mae Settlement. As a matter of law CUMIS is estopped from asserting that Sperry's settlement with Fannie Mae was not reasonable. Therefore, any discovery as to the negotiation of the settlement is not relevant under FRE 401and is not within the scope of Rule 56(d) as it is not likely to raise genuine issues of fact as to damages.

**Proposed by CUMIS:** All correspondence and documents exchanged with third parties (including but not limited to, the U.S. Attorney, the Bankruptcy Trustee for CU National and U.S. Mortgage , and other credit unions) related to CU National and/or U.S. Mortgage.

**Sperry response**: First, Sperry objects on the grounds that the communications with U.S. Attorney and the Bankruptcy Trustee for CU National are not relevant[5] under FRE 401 and are beyond the scope of discovery contemplated by Rule 56(d). As demonstrated above, Sperry is under no duty to CUMIS to mitigate its damages. Even if it was, any recovery from the Bankruptcy Trustee is irrelevant to the dispute between Sperry and CUMIS. The Court has already determined that Sperry is entitled to coverage under the CUMIS bond, which does not require the insured to pursue all avenues of recovery (subrogation) on behalf of the insurer.

---

[3] As noted by the Court at page 20 of its decision of March 1, 2012.
[4] As plaintiff had argued in its motion for summary judgment the Sperry/Fannie action was a recovery action which was rightly CUMIS's to pursue had it provided Sperry with the coverage the Court has found it is entitled to.
[5] The proposed discovery is unlikely produce evidence that has any tendency to make a fact more or less probable (as respects the issue of damages) than it would be without the evidence and any facts derived from such discovery would not be of consequence in determining damages.

While CUMIS may be entitled to recovery (after paying Sperry's claim) from the Bankruptcy Trustee, such calculus is not relevant to a determination of Sperry's loss under the bond.

Moreover, Sperry's communications with other credit unions as related to CU National and U.S. Mortgage would be subject to the common interest doctrine. Under the doctrine, there is no waiver of the attorney-client privilege by disclosure of privileged communications to third parties with a community of interest. The use of the attorney-client privilege in the joint attorney context has been adopted in New Jersey under N.J.Evid.R. 26(2)(c) and N.J.S.A. 2A:84A-20(2)(c), and was later affirmed in Historic Smithville Dev. Co. v. Chelsea Title and Guaranty Co., 190 N.J. Super. 567, 464 A.2d 1177 (App. Div. 1983). In the Fannie Mae matter a community of interest existed as the credit unions had an identical legal interest with respect to the subject matter of their communications. *See*, Duplan Corp. v. Deering Milliken Inc., 397 F. Supp. 1146, 1172 (S.D.S.C. 1974). As such, communications between credit union counsel is subject to the common interest doctrine, is privileged and not discoverable.

**Proposed by CUMIS**: All pleadings, discovery, document productions, depositions, deposition exhibits and correspondence in Sperry Associates Federal Credit Union v. Federal National Mortgage Association.

**Sperry response**: As discussed above, this request goes beyond the scope of Rule 56(d) as CUMIS should have made this request during the period of time that discovery was open.[6] Additionally, this proposed request is redundant in that Sperry had already produced all such documents that CUMIS now requests. In fact on July 14, 2011, in a conference call held before Your Honor, CUMIS objected to a voluminous production of documents from the Sperry v. Fannie Mae litigation. It is clearly ironic that CUMIS now makes a second request for these very same documents. Certainly such a request is beyond the purview of Rule 56(d).

**Proposed by CUMIS**: All correspondence with third parties (including, but not limited to, witnesses and other credit unions) related to CU National, U.S. Mortgage and/or Fannie Mae.

**Sperry response**: Sperry objects to this request, as it goes beyond the scope of Rule 56(d) as CUMIS should have made this request during the period of time that discovery was open. Sperry also objects (for the reasons cited above) that communications with the other credit unions is privileged subject to the common interest doctrine. Sperry also objects to the proposed discovery on the basis that it is not relevant (as respects the issue of damages) under FRE 401.

**Proposed by CUMIS**: All expert reports and other documents related to the reasons why Sperry did not move for summary judgment with respect to the six notes sold to Fannie Mae which Sperry claimed (in discovery in this action) contained forgeries.

**Sperry Response**: It is undisputed there were no forgeries. Therefore, any discovery as respects the six notes is not relevant under FRE 401, as the fact that there were no forgeries is undisputed by both partiesk[7]. In fact at ¶ 29 of CUMIS's undisputed statement of facts submitted with its opposition to Sperry's motion, CUMIS states: "Sperry now admits that the signatures may not actually be forgeries, and that it does not have evidence to support its forgery claim." As the

---

[6] CUMIS also could have intervened in that action.
[7] *See*, Sperry's Memorandum of Law in Support of its motion, striking its cause of action for forgery; also *See*, CUMIS's statement of facts and Memorandum of Law in Opposition to Sperry's motion ¶ 29.

parties have agreed that there were no forgeries, no relevant evidence can be obtained from this line of inquiry.

Additionally, on December 31, 2011, after the close of discovery but prior to the parties moving for summary judgment[8], Sperry provided CUMIS's counsel with its handwriting expert report[9]. If at that time CUMIS felt additional discovery was needed as respects the issue of forgery, CUMIS should have then moved pursuant to Rule 56(d) and requested that the Court defer the motions and allow CUMIS to conduct the additional discovery.

**Proposed by CUMIS**: All witness interviews related to CU National, U.S. Mortgage and/or Fannie Mae.

**Sperry's Response**: Sperry objects (for the reasons cited above), as the request is beyond the scope of discovery permitted by Rule 56(d) and not relevant (as to the issue of damages) pursuant to FRE 401. Additionally, this discovery could have been had during discovery.

**Proposed by CUMIS**: All research and documents related to Sperry's analysis of its claims and Fannie Mae's defenses in Sperry Associates Federal Credit Union v. Federal National Mortgage Association.

**Sperry's Response**: Sperry objects (for the reasons cited above as respects waiver and estoppel), as the request is beyond the scope of discovery permitted by Rule 56(d) and not relevant (as to the issue of damages) pursuant to FRE 401.

Additionally, Sperry objects on the grounds that such information is protected as attorney work product. Fed. R. Civ. P. 26(b)(3) establishes a qualified immunity from the discovery of work product. An attorney's work product includes mental impressions, conclusions, opinions and legal theories done in preparation of litigation. *See*, Hickman v. Taylor, 329 U.S. 495, 511, 91 L. Ed. 451, 67 S. Ct. 385 (1947). Work product is not to be disclosed unless the party seeking discovery has shown a substantial need for the information, and has proven that the information is not obtainable elsewhere without undue hardship. Remington Arms Co. v. Liberty Mut. Ins. Co., No. 89-420- JLL, 1992 WL 102962 (D.Del. Apr. 24, 1992). Rule 26(b)(3) recognizes a distinction between ordinary and opinion work product. Opinion work product, which includes an attorney's evaluation and strategy concerning a case[10], is almost always <u>absolutely</u> privileged. *See*, Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985), cert. denied, 474 U.S. 903, 88 L. Ed. 2d 230, 106 S. Ct. 232 (1985). The proposed discovery sought by CUMIS is <u>opinion</u> work product and therefore is privileged.

**Proposed by CUMIS**: All correspondence and documents exchanged with third parties (including but not limited to, the U.S. Attorney, the bankruptcy Trustee for CU National and U.S. Mortgage, and other credit unions) related to the Victim's Fund and/or a proposed restitution order, including but not limited to, the proposed distribution of the Victim's Fund.

---

[8] Sperry filed its motion on January 18, 2012, and CUMIS filed its motion on January 19, 2012.
[9] From the Fannie Mae action.
[10] As was noted in Hickman: Proper preparation of a client's case demands that he [counsel] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.

**Sperry's Response**: Sperry objects on the grounds that the communications with U.S. Attorney and Bankruptcy Trustee for CU National are not relevant (as to the issue of damages) under FRE 401 and are beyond the scope of discovery contemplated by Rule 56(d). It should also be noted, that the purpose of 18 USC § 3664, which controls the victims recovery fund, is not to supplant the obligation of insurers but rather is to provide Victims with a source of recovery after all other sources, including insurance have been exhausted.[11] If the victims fully recover their losses the insurance company is entitled to be reimbursed from the fund. Therefore, CUMIS has it backward. Sperry is under an obligation to seek payment from its insurer before it is entitled to the victims fund and not seek money from the victims fund if the Court has rendered a decision that its insurer has to pay it under the policy. Additionally, as demonstrated above, Sperry is under no duty to CUMIS to mitigate its damages.

As respects Sperry's communications with other credit unions as related to the Victim's Fund, such communications and documents would be subject to the common interest doctrine, as discussed above.

**Proposed by CUMIS**: A deposition of Sperry's 30(b)(6) witness concerning: i.) Sperry's settlement with Fannie Mae; ii.) the reasons Sperry entered into the settlement agreement with Fannie Mae; and iii.) the reasons why Sperry did not move for summary judgment with respect to the six notes sold to Fannie Mae which Sperry claimed contained forgeries.

**Sperry's Response**: As discussed in length above as related to CUMIS's waiver, CUMIS is not now entitled to discovery related to the Fannie Mae settlement when it had anticipatorily breached its contract with Sperry, and when advised of the settlement with Fannie Mae agreed to waive its right to subrogation. Also, Sperry disclosed in its motion for Summary Judgment that it had settled with Fannie Mae and again at this juncture CUMIS could have requested from the Court discovery pursuant to 56(d).

Evidence of settlement negotiations is generally inadmissible under Fed. R. Evid. 408 as irrelevant and contrary to public policy. However, as this Court has noted in Lesal Interiors v. Resolution Trust Corp., 153 F.R.D. 552, 561 (D.N.J. 1994), as respects discovery of settlement negotiations taking place in an entirely separate litigation, the principles underlying FRE. 408 and FRCP 26 are in conflict. In Lesal, the court found that the most reasonable means of resolving this conflict, and one which best effectuates the aims of both rules, is to require a greater, more "particularized showing" that the evidence sought is relevant and calculated to lead to the discovery of admissible evidence. Additionally, the court found some measure of balancing of the concerns underlying FRE 408 with those of FRCP 26 must take place. Even if a party can make a "particularized showing" that the requested documents "are relevant and likely to lead to the discovery of admissible evidence," before permitting discovery of the settlement documents, the court must go further and determine whether and to what extent this discovery will impact elsewhere. The court must balance against the asserted interest and need for the documents, the effects that may flow from their discovery. Lesal.

---

[11] 18 USC § 3664 **(j) (1)** If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

As previously noted, CUMIS has neither intervened nor attempted to intervene in the Fannie Mae litigation, despite its knowledge of the pendency of the case and the effect of that litigation on Sperry's claim.

The timely intervention of CUMIS in the Fannie Mae litigation would have provided CUMIS with a much more potentially appropriate forum to protect its interests. When a settlement had been reached, CUMIS agreed to waive its right of subrogation without questioning the reasonableness of the settlement. As the court had in Lesal, this Court should after applying the balancing test find that CUMIS is not entitled to any discovery related to the settlement negotiations with Fannie Mae.

Additionally, any communications that Sperry's 30(b)(6) witness would have had with counsel related to the Fannie Mae settlement is privileged. The attorney-client privilege affords protection to "communications between a lawyer and his client in the course of that relationship and in professional confidence N.J.Evid.R. 26. The purpose of the privilege is to encourage clients to make full disclosure to their counsel, so that the client may receive the best possible service." See, NL Indus, citing Macey v. Rollins Environmental Services (NJ), 179 N.J. Super. 535, 539, 432 A.2d 960 (App. Div. 1981). This privilege also extends to corporations which must act through their agents. United Jersey Bank v. Wolosoff, 196 N.J. Super. 553, 561, 483 A.2d 821 (App. Div. 1984).

Lastly, as respects discovery as related to forgeries, (as discussed above) any discovery as respects the six notes is not relevant under FRE 401, as the fact that there were no forgeries is undisputed by both parties.[12] As the parties have agreed that there were no forgeries, no relevant evidence can be obtained from this line of inquiry.

**Proposed by CUMIS**: A deposition of Fannie Mae's 30(b)(6) witness concerning Sperry's settlement with Fannie Mae, the reasons Fannie Mae entered into the settlement agreement with [Sperry], and Fannie Mae's defense with respect to the 6 loans sold to Fannie Mae which Sperry claimed (in discovery in this action) that Fannie Mae was sold forged notes.

**Sperry's Response**: As discussed above as related to CUMIS's waiver, CUMIS is not now entitled to discovery related to the Fannie Mae settlement when it had anticipatorily breached its contract with Sperry, and when advised of the settlement with Fannie Mae agreed to waive its right to subrogation.

**Proposed by CUMIS**: A deposition of Sperry's handwriting expert, Robert Baier.

**Response by Sperry**: As discussed above it is undisputed that both parties have agreed that there are no forgeries. As the parties have agreed that there were no forgeries, no relevant evidence can be obtained from this line of inquiry.

**Proposed by CUMIS**: Expert witness disclosures concerning the reasonableness of Sperry's settlement with Fannie Mae.

---

[12] See, Sperry's Memorandum of Law in Support of its motion, striking its cause of action for forgery; also See, CUMIS's statement of facts and Memorandum of Law in Opposition to Sperry's motion.

**Response by Sperry**: As discussed above, CUMIS disclaimed coverage and failed to intervene in the Sperry/Fannie Mae action, and then waived its right of subrogation, clearly CUMIS intended to abandon its defense that Sperry's mitigation of damages through settlement was unreasonable. CUMIS could have objected to the settlement and preserved its right to subrogate. Without CUMIS's agreeing to the waiver of subrogation, the settlement could not have been consummated, essentially by agreeing to waive its right to subrogation, CUMIS gave its stamp of approval on the Sperry/Fannie Mae Settlement. As a matter of law CUMIS is estopped from asserting that Sperry's settlement with Fannie Mae was not reasonable. Therefore, any discovery as to the reasonableness of the settlement is not relevant under FRE 401and is not within the scope of Rule 56(d) as it is not likely to raise genuine issues of fact as to damages.

If the Court allows CUMIS the requested discovery and to argue that the Sperry's settlement was unreasonable, it will be permitting CUMIS to again argue that Sperry's loss arises from its settlement with Fannie Mae. This very same issue was decided in Sperry's favor by Judge Debevoise. Sperry's settlement with Fannie Mae mitigated the damages in this matter.

**Proposed by CUMIS**: Depositions of CUMIS's and Sperry's expert witnesses concerning the reasonableness of Sperry's settlement with Fannie Mae.

**Response by Sperry**: Sperry objects for the reasons set forth above.

In consideration of the above matters, Sperry respectfully requests that the Court deny or limit CUMIS the discovery it has proposed. Only in the event that the Court disagrees with our objects Sperry sets forth below in the alternative, pursuant to the Court's order[13] the following discovery plan:

1. Parties to serve requests for the production of documents by April 5, 2012. Sperry proposes the following documents be produced:

> a.) all correspondence and documents related to the settlements made by the credit unions (other than Sperry) that settled with Fannie Mae;
>
> b.) all correspondence and documents related to CUMIS's decision to waive its right of subrogation (against Fannie Mae), and its waiver of subrogation for the credit unions (other than Sperry) that settled with Fannie Mae;
>
> c.) all correspondence and documents related to CUMIS's decision to waive its right of subrogation against Fannie Mae in the Sperry matter;
>
> d.) all correspondence and documents related to CUMIS's valuation of Sperry's loss.
>
> e.) all correspondence and documents, exchanged between CUMIS and Proponent Federal Credit Union.

2. Parties to complete 30(b)(6) depositions by May 30, 2012. Sperry plans to depose CUMIS's 30(b)(6) witnesses on the following subjects:

---

[13] Sperry may amend its proposed discovery based on the Court's resolution of this matter.

a.) the settlements made by the credit unions (other than Sperry) that settled with Fannie Mae;

b.) CUMIS's decision to waive its right of subrogation (against Fannie Mae) for the credit unions (other than Sperry) that settled with Fannie Mae;

c.) CUMIS's decision to waive its right of subrogation against Fannie Mae in the Sperry matter;

d.) CUMIS's valuation of Sperry's loss.

e.) CUMIS's involvement in the settlement of the Proponent/Fannie Mae case

3. Disclosure of expert witnesses by June 20, 2012.

4. Depositions of expert witnesses to be completed by July 20, 2012.

I thank you for your consideration of these matters.

Respectfully,

Kenneth J. Pagliughi, Esq.
Scott A. Rosenberg, P.C.


cc:   Hon. Dickinson R. Debevoise
      Counsel of Record by Electronic Filing