ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY   10004-2400
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*



*arthur.aizley@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

June 8, 2012

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King Jr. Federal Building &
U.S. Courthouse
50 Walnut St., Room 4015
Newark, NJ 07101

Re:  *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
     Case No. 10-CV-00029-DRD-MAS
     Our File No.:  00480-006356

Dear Magistrate Judge Shipp:

Pursuant to the court's order of April 20, 2012, Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes to request that the Court compel Plaintiff Sperry Associates Federal Credit Union ("Sperry") to produce 12 documents (withheld on the basis of the attorney work product doctrine) in response to CUMIS' Request for Production, Set Three concerning Sperry's alleged damages, including the potential reduction of Sperry's damages as a result of Sperry's settlement with the Federal National Mortgage Association ("Fannie Mae") and Sperry's receipt of funds from the Victim's or Restitution Fund.

Pursuant to the court's November 1, 2011 Scheduling Order, fact discovery closed on November 30, 2011 and CUMIS filed its motion for summary judgment on January 19, 2012.  However, on February 22, 2012, Sperry entered into a settlement agreement with the ("Fannie Mae").  Accordingly, information concerning the settlement could not have been sought before the discovery deadline or before CUMIS filed a motion for summary judgment.  Similarly, the order distributing proceeds from the victims' fund to the affected credit unions was not entered prior to the close of discovery, but according to the U.S. Attorney's Office, an order will be entered in the near future.  Therefore, on March 8, 2012, the Court ordered that the parties "submit a joint proposed discovery plan (as it relates to the damages issue) and a plan for both parties' summary judgment briefs following the discovery period." (See, Text Order, Docket No. 109, March 8, 2012)  Thereafter, on April 20, 2012, the Court ordered that, "All paper discovery as to the damages issue shall be served by May 14, 2012, . . ."  See, April 20, 2012 Order attached as Exhibit A.

Accordingly, on May 2, 2012, CUMIS served a Request for Production of Documents, Set Three, which included 6 Requests concerning Sperry's damages, including the Sperry/Fannie Mae settlement and the distribution of the CU National/U.S. Mortgage Victims' Fund.  See, CUMIS' Request for Production,

LA/1272376v1

The Honorable Michael A. Shipp
Re:   *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 8, 2012
Page 2

Set Three, Exhibit B.  On May 24, 2012, Sperry responded to 5 of CUMIS' Requests for Production (failing to respond to Request for Production number 59), produced a privilege log and certain documents.  See, Responses to Request for Production, Set Three, and Privilege Log attached as Exhibit C.  On June 4, 2012, CUMIS served a meet and confer upon Sperry requesting that Sperry produce 12 documents withheld from production and listed on Sperry's privilege log, the location of certain documents Sperry claimed to have previously produced, and a response to Request for Production number 59.  See, June 4, 2012, letter attached as Exhibit D.  On June 6, 2012, Sperry served an Amended Response to CUMIS' Request for Production providing a response to Request number 59, and agreeing to locate or produce certain documents from the Fannie Mae litigation which Sperry believes it previously produced.  See, Responses to Request for Production, Set Three, attached as Exhibit E.

On June 6, 2012, counsel for CUMIS and Sperry engaged in a telephonic meet and confer in an effort to resolve this dispute, but were unsuccessful.  As a result, CUMIS respectfully requests that the Court compel Sperry to produce the following requested documents.

Request for Production No. 54:

Request for Production number 54 is a request for all communications and documents that relate to Sperry's settlement with Fannie Mae including, but not limited to all documents relating to the reasonableness of the settlement and the negotiations that lead up to the settlement.  Sperry responded by producing some documents, and withholding 1 document exchanged between Sperry's counsel concerning Fannie Mae and the National Credit Union Administration ("NCUA") based upon the attorney work product doctrine (Bates Labeled 447 on Sperry's privilege log attached as Exhibit C). However, the work product doctrine is a qualified privilege and is not absolute.  *U.S. v. Nobles*, 422 U.S. 225, 239 (1975).

Documents which may be subject to the work product doctrine must be produced following a showing of a substantial need and the inability to obtain the information from other sources.  FRCP 26(b)(3); *In re Grand Jury Proceedings*, 604 F.2d 798, 802-803 (3rd Cir. 1979).  Further, attorney work product is discoverable "where such information is directly at issue, and the need for its production is compelling." *Bird v. Penn Central Co.*, 61 F.R.D. 43, 47 (E.D.Pa., 1973) ["Because the nature of this defense concerns knowledge, legal theories and conclusions of plaintiffs' attorneys charged with claim investigation, such 'advice of counsel' evidenced in these documents is discoverable."]  The reasons Sperry settled with Fannie Mae and the reasons Sperry did not move for summary judgment in that action are directly at issue here, and the information is only available from Sperry and its attorneys.

Condition 12(b) of the Bond requires that Sperry take all reasonable measures to minimize its loss. Additionally, Sperry is bound by a common law duty to mitigate its damages.  *See, Johnson v. Gen. Mut. Ins. Society*, 24 N.Y.2d 42, 51 (1969).  Thus, Sperry was obligated to enter into a reasonable settlement with Fannie Mae.  Therefore, there is a substantial need to evaluate Sperry's and Fannie Mae's claims and defenses as well as the reasons Sperry entered into a settlement with Fannie Mae, and this information is not available from other sources.  The subject document is responsive to CUMIS' request for documents related to the settlement and because the reasonableness of Sperry's settlement is relevant to Sperry's alleged damages, Sperry should be compelled to produce the document.  *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931-33 (N.D.Cal.1976) (work product discoverable where legal advice at issue).

The Honorable Michael A. Shipp
Re:     *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 8, 2012
Page 3

Request for Production No. 55:

Request for Production number 55 is a request for all communications and documents that relate to the Victim's Fund and/or a proposed restitution order, including, but not limited to, documents exchanged with Fannie Mae or other credit unions regarding the proposed distribution of the Victims' Fund.  Sperry responded by producing some documents, and withholding 8 documents exchanged between counsel for Sperry and counsel for Fannie Mae and other credit unions based upon the common interest doctrine and attorney work product doctrine.

However, as discussed above, the work product doctrine is a qualified privilege and is not absolute.  *U.S. v. Nobles*, 422 U.S. at 239.  Therefore, documents which may be subject to the work product doctrine must be produced following a showing of substantial need, and the inability to obtain the document from other sources.  There is a substantial need for the production of the documents because documents concerning the Victim's Fund or restitution fund are relevant to determining Sperry's damages, including whether Sperry will receive (or has received) additional funds which will reduce Sperry's losses.  In addition, the documents may also reveal communications between Sperry and Fannie Mae concerning Fannie Mae's assignment of its right to funds from the Victim's Fund to Sperry as part of the settlement.

The common interest doctrine does not apply to documents exchanged with Fannie Mae or the credit unions because the parties must have identical interests in the litigation for the common interest doctrine to apply.  See, *In re Teleglobe Communications Corp.*, 493 F.3d 345, 365-366 (3rd Cir. 2007).  Obviously, Sperry's interests in the Victim's Fund or restitution fund were not common.  In fact, Sperry had competing interests in the Victim's Fund with respect to both the other credit unions and Fannie Mae as all parties made claims to the same limited fund.  For the common interest doctrine to apply, it is not sufficient that parties have similar interests, the interests must be "identical (or nearly so)."  *Id.* at 366.  Moreover, Sperry and Fannie Mae could not have common interests as they were opposing parties in litigation, each asserting competing interests in the same loans.

Further, the credit unions' claims against Fannie Mae are not identical.  For example, a number of the cases differed to the extent that Fannie Mae had forged notes for some credit unions (such as Sperry) and not others.  Additionally, the credit unions each had different contracts with CU National, each credit union had distinct issues concerning CU National's authority to convey title.  Accordingly, because the legal issues and factual questions differ between the credit unions, they do not have "identical" interests and the "common interest doctrine" is inapplicable.

Request for Production No. 56:

Request for Production number 56 is a request for all documents and research that relates to Sperry's analysis of its claims against Fannie Mae and Fannie Mae's defenses in *Sperry Associates Federal Credit Union v. Federal National Mortgage Association*.  Sperry responded by producing some documents, and withholding 4 documents exchanged between counsel for Sperry based upon the attorney-client privilege and/or attorney work product doctrine.  However, counsel's communications with one another do not constitute attorney client communications.

The Honorable Michael A. Shipp
Re:   *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 8, 2012
Page 4

Further, with respect to Sperry's objection that the documents are protected by the attorney work product doctrine, CUMIS incorporates its arguments set forth above that this is not an absolute privilege and discovery of such information is permitted where the advice of counsel is directly at issue. *Bird v. Penn Central Co.*, 61 F.R.D. at 47. For the reasons discussed above, CUMIS requests that Sperry produce the requested documents there is a substantial need for obtaining information on Sperry's analysis of its claims against Fannie Mae and its settlement with Fannie Mae.

Request for Production No. 57:

Request for Production number 57 is a request for all documents, motions for summary judgment/summary adjudication, depositions, deposition exhibits and witness statements or affidavits filed or taken in *Sperry Associates Federal Credit Union v. Federal National Mortgage Association*. Sperry responded that these documents were previously produced. However, CUMIS was unable to locate these documents in Sperry's production of documents. Accordingly, Sperry agreed to produce the requested documents or advise of the Bates ranges where these documents can be located within Sperry's production. As of the date of this letter, Sperry has not produced the documents nor identified them in its production. Thus, CUMIS simple requests that Sperry be ordered to produce the documents within 5 days.

Request for Production No. 58:

Request for Production number 58 is a request for all documents that relate to the 6 promissory notes which Sperry claimed (in discovery in this matter) contained forgeries, including, without limitation, all documents regarding Sperry's decision to not move for summary judgment on those six notes in its action against Fannie Mae. Sperry objected and refused to produce one document based upon the attorney work product doctrine.

However, the document withheld appears to be directly relevant to Sperry's analysis of its claims of forgery against Fannie Mae, and may explain why Sperry did not move for summary judgment with respect to loans for which Fannie Mae had forged notes as it is a "Forgery memo on UCC law". Because the attorney work product doctrine is not absolute, the document should be produced. There is a substantial need for producing the document because it appears directly relevant to the reasonableness of Sperry's settlement with Fannie Mae with respect to the 6 loans for which Fannie Mae may have had forged notes, and information concerning Sperry's analysis of its claims with respect to the 6 loans cannot be obtained from other sources. Sperry should be compelled to produce the requested document because work product discoverable where legal advice at issue. *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931-33 (N.D.Cal.1976)).

Request for Production No. 59:

Request for Production number 59 is a request for all documents that that evidence Sperry's efforts to mitigate its loss. Sperry responded by incorporating its responses to Request for production numbers 54, 56, and 57. Accordingly, CUMIS incorporates its discussion above concerning Requests numbers 54, 56 and 57.

The Honorable Michael A. Shipp
Re:     *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 8, 2012
Page 5

Based on the above, CUMIS respectfully requests that the Court order Sperry to produce the subject documents.

Very truly yours,

/s/Arthur Aizley

Arthur Aizley
Valerie Rojas
Sedgwick LLP


cc:  Counsel of Record by Electronic Filing