

Arthur H. Aizley (AA-5049)
SEDGWICK, LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202

Michael R. Davisson (*Pro Hac*)
Valerie Rojas (*Pro Hac*)
SEDGWICK, LLP
(213) 426-6900
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017

Attorneys for Defendant
CUMIS INSURANCE SOCIETY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
----------------------------------------------------------------X

SPERRY ASSOCIATES FEDERAL CREDIT      Case No. 10-CV-00029 (DRB) (MAS)
UNION,

                Plaintiff,

         -against-

CUMIS INSURANCE SOCIETY, INC.,

                Defendant.
----------------------------------------------------------------X

## DEFENDANT CUMIS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Defendant CUMIS Insurance Society, Inc. (herein referred to as "Defendant" and/or "CUMIS")

hereby respectfully submits it Response in Opposition to Plaintiff's Motion for a Protective Order.

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1

II.     RELEVANT FACTS ........................................................................................................................ 1

III.    LEGAL ARGUMENT ..................................................................................................................... 2

   A.   Documents Concerning the Victims' Fund are Relevant ........................................................ 2

   B.   Communications Between Competing Claimants to the Victims' Fund Are Not Protected by
        the Common Interest Doctrine ................................................................................................... 3

   C.   The Documents Withheld by Sperry are not Protected by the Attorney Work-Product
        Doctrine ........................................................................................................................................ 4

IV.     CONCLUSION ................................................................................................................................ 6

i

**TABLE OF AUTHORITIES**

**PAGE**

**Federal Cases**

*Bowman v. American Homecare Supply, LLC,*
  2009 WL 1873667 (E.D.Pa. 2009)...................................................................................................... 7, 8

*Handguards, Inc. v. Johnson & Johnson,*
  413 F.Supp. 926, 931-33 (N.D. Cal. 1976) ........................................................................................7

*In re Teleglobe Communications Corp.,*
  493 F.3d 345, 365-366 (3rd Cir. 2007)................................................................................................6

*Montgomery County v. Microvote Corp.,*
  175 F.3d 296, 301 (3rd Cir. 1999) .......................................................................................................6

*Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,*
  32 F.3d 851, 862 (3rd Cir. 1994) .........................................................................................................6

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>**

Sperry Associates Federal Credit Union ("Sperry") moves for a protective order to limit discovery of (1) documents relating to the Victim's Fund created to compensate victims of Michael McGrath's allegedly fraudulent scheme, and (2) three documents it withheld on the basis of attorney-work product doctrine concerning Sperry's analysis of its claims in the underlying case against Fannie Mae. Sperry claims that it is entitled to a protective order because the documents concerning its participation in the victim fund are irrelevant and protected by the common interest doctrine. Sperry also claims that documents reflecting its counsel's analysis of the Fannie Mae action are protected work product.

However, Sperry's motion should be denied with respect to Victims' Fund documents because they are relevant both to the issue of damages and to whether Sperry has impaired CUMIS'subrogation rights. Moreover, the "common interest doctrine" is inapplicable to communications between Sperry and Fannie Mae or other credit unions because this doctrine does not extend to non-privileged communications or to communications between parties that do not have identical interests.

Finally, Sperry's motion should be denied with respect to the documents withheld on the basis of attorney-work product doctrine because there is a substantial need for the documents, they are not available from any other source, and they concern Sperry's analysis of its claims against Fannie Mae.

**II.      <u>RELEVANT FACTS</u>**

Pursuant to the Court's order re-opening discovery on the issue of damages, on May 2, 2012 CUMIS served Requests for Production, Set Three on Sperry. (Aizley Declaration ¶3, and Ex. A). The Credit Union Bond issued by CUMIS (the "Bond") expressly provides that Sperry had a duty to take all reasonable steps to minimize its loss. Accordingly, CUMIS sought documents relating to Sperry's settlement with Fannie Mae, Sperry's assessment of the merits of its case against Fannie Mae, and Sperry's recovery of funds from the Victim's Fund, all of which relate to Sperry's actions to minimize its loss. (Aizley Declaration ¶4, and Ex. B).

1

In addition to Condition 12 (b) of the Bond, which provides that Sperry must take all reasonable measures to minimize its loss, Condition 12(f) provides that Sperry must provide CUMIS with all "legal papers and notice" it received concerning the loss.  (Aizley Declaration ¶4, and Ex. B).  Lastly, Condition 18 provides that Sperry cannot impair CUMIS' rights of subrogation and must do everything reasonably necessary to secure and protect CUMIS' rights of subrogation.  (Aizley Declaration ¶4, and Ex.B).

**III.    LEGAL ARGUMENT**

### A. DOCUMENTS CONCERNING THE VICTIMS' FUND ARE RELEVANT

Request for production number 55 seeks all documents and communications relating to the Victim's Fund and proposed restitution order, including documents exchanged with Fannie Mae and other credit unions regarding the distribution of the Victim's Fund.  Sperry argues the documents are not relevant because money from the Victims' Fund will not offset what CUMIS owes, since any money received from CUMIS allegedly would reduce Sperry's claim to the monies in the Victims' Fund.

However, Sperry's argument misses the mark for at least three reasons.  First, based upon a review of the docket in the Victims' Fund proceedings, an order has not yet been entered that sets forth any plan of distribution.  Second, if the Court handling those proceedings were to order a distribution from the Victims' Fund before CUMIS pays Sperry any policy benefits, then CUMIS would clearly be entitled to an offset and the requested documents are relevant.   Third, if Sperry has agreed to defer any distribution until there is an insurance recovery, and if Sperry has agreed (as it has represented to this Court), that its recovery from the Victims' Fund will be less if it affects an insurance recovery from CUMIS, then Sperry arguably has impaired CUMIS' subrogation rights.  Under any of these scenarios, the requested documents would be relevant and discoverable to prove either a failure to mitigate or an impairment of CUMIS's subrogation rights.

2

**B.** COMMUNICATIONS BETWEEN COMPETING CLAIMANTS TO THE VICTIMS'
FUND ARE NOT PROTECTED BY THE COMMON INTEREST DOCTRINE

Sperry also incorrectly argues that communications between the credit unions' and Fannie Mae's counsel related to the Victims' Fund is protected by the "common interest doctrine." The common interest doctrine provides that attorney-client privilege is not waived when disclosing privileged documents to third parties with a "common interest" in an action.

However, before the "common interest doctrine" could even potentially be applied Sperry must first establish that the communications at issue are a privileged attorney-client communication. For the attorney-client privilege to apply, the communication must involve a client. *Montgomery County v. Microvote Corp.*, 175 F.3d 296, 301 (3rd Cir. 1999), *quoting Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3rd Cir. 1994). Therefore, to the extent the documents at issue solely involve counsel for Sperry and other credit unions or Fannie Mae, the attorney-client privilege does not apply to the communication and the common-interest doctrine is irrelevant.

Moreover, and to the extent any communications involved clients, the common interest doctrine only applies if the interests of the parties are "identical (or nearly so)." *In re Teleglobe Communications Corp.*, 493 F.3d 345, 365-366 (3rd Cir. 2007). Even if the parties' interests are similar, that is not enough to invoke the common interest doctrine because the parties' interests must essentially be identical. *Id.* The interests of the various credit unions and Fannie Mae with respect to the Victims' Fund are not identical (or even near identical) because the credit unions and Fannie Mae have competing interests in the limited sums in the Victims' Fund. Sperry and Fannie Mae's interests further diverge because they were opposing parties in litigation, each asserting competing theories to establish their legal interest in the loans at issue. Accordingly the "common interest doctrine" does not apply to communications between the credit unions or with Fannie Mae.

3

**C.** THE DOCUMENTS WITHHELD BY SPERRY ARE NOT PROTECTED BY THE ATTORNEY WORK-PRODUCT DOCTRINE

As discussed above, Condition 12(b) of the Bond requires that Sperry take all reasonable steps to mitigate its loss. Accordingly, whether Sperry took all steps to reach a reasonable settlement with Fannie Mae is relevant. The reasonableness of Sperry's settlement with Fannie Mae will depend not just upon the value of the loans at issue, but also on Sperry's counsel's assessment of the strengths and merits of Sperry's case against Fannie Mae. It bears repeating that Sperry decided to settle with Fannie Mae before making any kind of dispositive motion, and without the benefit of any trial of the disputed issues in that case.

Sperry has withheld three documents it contends are protected by the attorney work product doctrine, all appearing to be communications concerning the litigation with Fannie Mae and/or the assessments of the merits of the case against Fannie Mae.[1] (Aizley Declaration ¶5, and Ex. C). However, the attorney work product doctrine does not protect the documents because there is a substantial need for them to address the reasonableness of Sperry's settlement with Fannie Mae, particularly with respect to Sperry's counsel assessment of the strength of their case against Fannie Mae, and because the documents are not available from any other source as they were created and maintained solely by Sperry.

Furthermore, where the opinions and advice of counsel concerning the assessment of the strength and merits of an underlying case are at issue, as is the case here, Courts have ordered the production of documents evidencing such assessments and advice. *See, e.g. Bowman v. American Homecare Supply, LLC*, 2009 WL 1873667 (E.D.Pa. 2009); *Handguards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931-33 (N.D. Cal. 1976). In *Bowman* the successor-owner of a business was litigating with the predecessor-owner of the business over indemnification for the costs of settling a third-party suit brought against the successor owner. *Bowman*, 2009 WL 1873667 at *1. To investigate the reasonableness of the settlement, the predecessor-owner requested documents from the underlying case between the successor-owner and the third party which showed the successor-owner's evaluation and

---

[1] The documents, by bates range are, (1) 447, (2) 597-584, 603-608 (same document repeated) and (3) 602.

4

assessment of the case. *Id.* at *2. The court held that the successor-owner had to produce the documents in the indemnification action, and could not withhold them on the basis of attorney-work product protection because the documents were necessary to evaluate the reasonableness of the settlement. *Id.* at *3-4.

The present case parallels *Bowman*. Like *Bowman* the documents sought are not work product from the present action, but rather are documents from an underlying action for which the reasonableness of the settlement is relevant.[2] Accordingly, like *Bowman* Sperry must produce documents related to its assessment of the underlying Fannie Mae action, so that CUMIS may fairly investigate the reasonableness of the settlement of the underlying Fannie Mae litigation.

Moreover, as discussed above, Sperry is obligated to provide all legal papers and documents relevant to its claim. Since documents exchanged between counsel for Sperry pertaining to Sperry's Fannie Mae claim are unprivileged legal documents relating to Sperry's claim to CUMIS for coverage, Sperry is obligated to provide them pursuant to condition 12 in the Bond.

Accordingly, the three documents at issue are not subject to work product protection and no protective order should be issued.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] CUMIS is not requesting documents concerning Sperry's assessment or evaluation of the present action it filed against CUMIS.

## IV.    CONCLUSION

For the foregoing reasons, CUMIS prays this Court to deny Sperry's Motion for a Protective Order.


Respectfully submitted,

Dated:  June 18, 2012          SEDGWICK, LLP


By:  /s/Arthur H. Aizley (AA-5049)
     Arthur H. Aizley (AA-5049)
     SEDGWICK, LLP
     125 Broad Street
     New York, NY 10004
     Attorney for Defendant CUMIS Insurance Society, Inc.

     Michael R. Davisson (*Pro Hac Vice*)
     Valerie Rojas (*Pro Hac Vice*)
     SEDGWICK, LLP
     801 S. Figueroa Street, 19th Floor
     Los Angeles, CA 90017

6

## CERTIFICATION OF SERVICE

I, Arthur H. Aizley, hereby certify and affirm that a true and correct copy of the following pleading: **DEFENDANT CUMIS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** was served via the Electronic Court Filing system ("ECF") on this 18th day of  June 2012, upon the following:

Kenneth J. Pagliughi, Esq.
Scott A. Rosenberg, P.C.
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11040
(516) 877-7205
Email Addresses:        kpagliughi@sarlegal.com
                        pagliugh@optonline.net

Umar A. Sheikh, Esq.
Loanzon Sheikh, LLC
197 State Highway 18
PMB 4175, Suite 3000
East Brunswick, New Jersey 08816
(732) 398-8600
Email Address:        umar@lawfirmls.com


Dated:        Los Angeles, California
              June 18, 2012

                              s/Arthur H. Aizley
                              Arthur H. Aizley

7