

Arthur H. Aizley (AA-5049)
SEDGWICK, LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202

Michael R. Davisson (*Pro Hac*)
Valerie Rojas (*Pro Hac*)
SEDGWICK, LLP
(213) 426-6900
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017

Attorneys for Defendant
CUMIS INSURANCE SOCIETY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

SPERRY ASSOCIATES FEDERAL CREDIT UNION,

                    Plaintiff,

-against-

CUMIS INSURANCE SOCIETY, INC.,

                    Defendant.

-------------------------------------------------------------X

Case No. 10-CV-00029 (DRB) (MAS)

## CUMIS INSURANCE SOCIETY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant CUMIS Insurance Society, Inc. (herein referred to as "Defendant" and/or "CUMIS") hereby respectfully submits it Response in Opposition to Plaintiff's Motion To Compel.

## **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .............................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 2

III.  LEGAL ARGUMENT ............................................................................................................ 4

IV.  CONCLUSION .................................................................................................................... 12

## TABLE OF AUTHORITIES

**PAGE**

**Federal Cases**

*40 Rector Holdings, LLC, et al. v. Travelers Indemnity Co.*,
    40 A.D. 3d 482, 482-483 (2007) ................................................................. 8

*Bowman v. American Homecare Supply, LLC*,
    2009 WL 1873667 (E.D.Pa. 2009) ............................................................. 10

*Daly v. Metropolitan Life Ins. Co.*,
    782 N.Y.S.2d 530, 535-536 (N.Y. Sup. Ct. 2004) ................................. 6, 10

*In re Cendant Corp. Securities Litigation*,
    343 F.3d 658, 663 (3rd Cir. 2003) ............................................................... 7

*In re Grand Jury Subpoenas*,
    561 F.Supp. 1247, 1257 (E.D.N.Y.1982) ................................................ 6, 7

*Leksi, Inc. v. Federal Ins. Co.*,
    129 F.R.D. 99, 107 (D.N.J. 1989) ............................................................... 8

*Leski v. Federal Insurance Company*, supra,
    129 F.R.D. 99,106 ....................................................................................... 9

*Sundance Cruises Corp. v. American Bureau of Shipping*,
    1992 WL 75097, *1-2 (S.D.N.Y. 1992); ..................................................... 8

*Tayler v. Travelers Ins. Co.*,
    183 F.R.D. 67 (N.D.N.Y.,1998) .................................................................. 7

*Upjohn Co. v. United States*,
    449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ......................... 6

*Westinghouse Elec. Corp. v. Republic of Philippines*,
    951 F.2d 1414 (3rd Cir. 1991) ..................................................................... 6

**Federal Statutes**

*Federal Rules of Civil Procedure*,
    26(b)(2)(C) ............................................................................................. 4, 8

*Federal Rules of Civil Procedure,*
    26(b)(3) ................................................................................................................................ 7

Case 2:10-cv-00029-DRD-MAS   Document 124   Filed 06/19/12   Page 4 of 16 PageID: 4345

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

Sperry Associates Federal Credit Union ("Sperry") moves to compel documents purportedly relevant to Sperry's bad faith claim against CUMIS Insurance Society, Inc. ("CUMIS"), and documents related to CUMIS' attorneys' analysis of the reasonableness of Sperry's settlement with the Federal National Mortgage Association ("Fannie Mae") in *Sperry Federal Credit Union v. Federal National Mortgage Association*. CUMIS has objected to Sperry's requests because:

- Sperry has previously conducted discovery concerning bad faith (including written discovery, depositions, and expert witness discovery) before the initial discovery deadline and before the parties filed motions for summary adjudication/judgment;

- Sperry requested and CUMIS previously provided relevant non-privileged information, documents and testimony concerning Sperry's claim for bad faith such that most of Sperry's requests are duplicative;

- This Court did not re-open discovery to permit Sperry to conduct bad faith discovery, but instead to permit CUMIS to conduct discovery concerning Sperry's receipt of funds from the Victim's Fund and the reasonableness of Sperry's settlement with Fannie Mae, which occurred after the discovery deadline and after the parties' motions for summary judgment were filed;

- Sperry requests documents concerning CUMIS' attorneys' analysis of Sperry's claim and the reasonableness of Sperry's settlement with Fannie Mae, although such documents are irrelevant and protected from disclosure by the attorney client privilege and attorney work product doctrine;

- Sperry requests documents concerning claims filed by other credit unions although such documents are irrelevant, confidential and are beyond the scope of discovery ordered at this stage of the litigation;

After completion of discovery on November 30, 2011 (after 3 extensions of the discovery deadline), the parties filed cross motions for summary adjudication/judgment which were heard on February 21, 2012. On March 1, 2012, the Court issued an order granting Sperry's motion for summary adjudication on Sperry's claim for declaratory relief concerning coverage, and denied CUMIS' motion for summary judgment. The Court found that CU National was covered as an "employee" under the Bond, and that there are triable issues of material fact concerning Sperry's bad faith claim. (See, Opinion, Docket No. 102, filed March 1, 2012).

However, on February 22, 2012, one day after motions for summary adjudication/judgment were heard, Sperry entered into a confidential settlement agreement with Fannie Mae. Accordingly, information concerning the settlement could not have been obtained before the discovery deadline or before CUMIS filed a motion for summary judgment. Similarly, the stipulation for an order distributing proceeds from the victims' fund to the affected credit unions was not executed prior to the close of discovery.

Therefore, at the March 8, 2012 settlement conference, CUMIS advised of the need for discovery concerning Sperry's settlement agreement with Fannie Mae and the status of the victim's fund because the information could not have been obtained sooner and because the information was expected to establish that CUMIS is entitled to an offset equal to the amount Sperry received from Fannie Mae and the victim's fund. Thus, the Court ordered that the parties "submit a joint proposed discovery plan (*as it relates to the damages issue*) and a plan for both parties' summary judgment briefs following the discovery period." (See, Text Order, Docket No. 109, March 8, 2012, emphasis added). The parties then submitted letters concerning proposed discovery, but the Court did not rule on any discovery issues. Instead, on April 20, 2012, the Court ordered that, "All paper discovery *as to the damages issue* shall be served by May 4, 2012, . . ." and set a briefing schedule for discovery disputes. (See, April 20, 2012 Order, attached as Exhibit "G", emphasis added).

On May 4, 2012, Sperry served CUMIS with a Request for Production of Documents, Set Three, which includes 22 requests concerning Sperry's bad faith claim (most of which have been previously requested), and 7 requests concerning CUMIS' attorney's analysis of Sperry's damages, including the Sperry/Fannie Mae settlement and the distribution of the CU National/U.S. Mortgage Victims' Fund.

## III. LEGAL ARGUMENT

As set forth in more detail below, CUMIS respectfully requests that Sperry's motion to compel be denied because Sperry already conducted bad faith discovery, and should not be permitted to unilaterally reopen discovery on this issue at this late stage of the litigation. Further, Sperry is not entitled to discover attorney client communications and the attorney work product of CUMIS' counsel prepared during the course of this litigation concerning Sperry's damages and any possible offsets.

### DOCUMENT REQUEST NO.1

Request for production number 1 is a request for any and all documents and communications that describe the organizational structure of CUMIS, including but not limited to CUMIS's organizational chart. Sperry claims that this request is relevant to Sperry's claim for bad faith, including the identification of individuals with knowledge of CUMIS' decision concerning coverage, CUMIS' investigation of Sperry's claim and related claims, CUMIS' decision to file the Wisconsin Action, and CUMIS' decision to enter into a tolling agreement pursuant to Sperry's request. However, Sperry has already conducted discovery on these topics, and these requests are beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012. F.R.C.P. 26(b)(2)(C) provides in pertinent part:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . .

F.R.C.P. 26(b)(2)(C).

CUMIS objects to this request because, as described above, Sperry had an opportunity to conduct bad faith discovery and did so. In fact, Sperry previously served CUMIS with interrogatories and requests for production of documents concerning the identity of individuals involved in CUMIS' decisions related to Sperry's claim. (See, Ex. "A", Interrogatory numbers 16-18, and Ex. "B", Request numbers 2 and 8). Sperry also conducted the deposition of CUMIS' claim investigator, Owen, and CUMIS' claim representative and 30(b)(6) witness, Lynett. The categories identified on Sperry's 30(b)(6) notice included CUMIS' investigation of Sperry's claim and related claims, CUMIS' decision to file the Wisconsin Action, and CUMIS' decision to enter into a tolling agreement pursuant to Sperry's

request. (Ex. "C"). Sperry deposed Lynett and questioned him about CUMIS' investigation, CUMIS' coverage determination, the Wisconsin Action, including the individuals involved in the filing of the Wisconsin Action – CUMIS' counsel – and the tolling agreement. (Ex. "D" at 7:15-8:9, 36:36:3-21, 37:12-21, 97:14-99:18, 113:16-115:9). Sperry also deposed Owen about her investigation of Sperry's claim. (Ex. "E" at 6:12-17, 9:6-10:13). Thus, Sperry's request concerning bad faith are duplicative, cumulative and harassing.

Further, Sperry's contention that this request is relevant to determining who was involved in Sperry's claim is without merit. CUMIS' organizational charts/structure is irrelevant to Sperry's claim as Sperry has information and documents concerning the individuals (and their positions) involved in Sperry's claim and deposed two of those individuals. Thus, Sperry's claim that it needs the documents to determine who was involved in Sperry's claim and who to depose is disingenuous, duplicative and harassing.

### DOCUMENT REQUEST NOS. 2-4, 9-12

Request for production numbers 2 -4 and 9 – 12 request all documents and communications by CUMIS related to the Sperry Claim and the claims of other credit unions, and all documents related to CUMIS' attorneys' analysis and opinions of Sperry's claim and other claims. Sperry claims that these requests are relevant to Sperry's claim for bad faith, including CUMIS' investigation of Sperry's claim. However, Sperry has already conducted discovery on these topics, and these requests are beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012.

Specifically, Sperry previously served CUMIS with interrogatories and requests for production of documents concerning Sperry's claim and the claims of other credit unions. (See, Ex. "A", Interrogatory numbers 12 and 13, and Ex. "B", Request numbers 12 -16). CUMIS already produced all non-privileged documents concerning Sperry's claim (and the underwriting of the Bond for Sperry), including documents prepared by Lynett and Owen. As discussed above, Sperry also deposed Lynett and Owen about Sperry's bad faith claim and claim documents, among other topics.

CUMIS objected to the production of documents related to other claims, and Sperry never moved to compel. Thus, this request appears to be Sperry's inappropriate and untimely attempt to revive that issue. In addition, CUMIS should not be compelled to produce documents related to the claims made by other credit unions as such documents are irrelevant, and Sperry fails to explain how

LA/1273166v1    5

they are relevant. Instead, Sperry claims that the "request is also expected to result in the production of evidence that bears on the issue of an 'arguable difference of opinion' as to coverage" without any further explanation. Documents related to the claims of other credit unions are not relevant to, and have no bearing on, Sperry's claim that CUMIS acted in bad faith by denying coverage and filing the Wisconsin Action. Further, CUMIS is obligated to maintain the confidentiality of documents related to other insureds and individuals. *Daly v. Metropolitan Life Ins. Co.*, 782 N.Y.S.2d 530, 535-536 (N.Y. Sup. Ct. 2004).

With respect to Sperry's blatant attempt to invade the attorney client privilege, CUMIS has not waived the privilege. *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414 (3rd Cir. 1991) [waiver of attorney client privilege occurs by voluntary disclosure to third party]. Thus, there is no basis for the production of communications between CUMIS and its attorneys. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). ["The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law"]. Sperry contends that CUMIS has waived the attorney client privilege with respect to documents prepared by Owen. Although CUMIS does not agree with Sperry on this point, the point is moot because CUMIS has already produced documents by Owen, and she was questioned about some of those documents at her deposition.

Sperry further contends that "CUMIS has waived the privilege of its trial counsel" because "it is presumed that CUMIS will raise the 'advice of counsel defense as respects CUMIS' conduct throughout the litigation . . ." See, Motion p. 10. However, Sperry is wrong. CUMIS has never asserted the "advice of counsel" as a defense in this action, and the fact that CUMIS is defending itself in this litigation does not amount to an "advice of counsel" defense now.

Sperry also specifically seeks the attorney work product of CUMIS' current counsel in this litigation ("memorandums of law, legal opinions, or advice . . .by outside counsel"). See, Sperry's Motion at ex. D, p.4. However, these documents are not subject to discovery and CUMIS and its counsel have not waived the attorney work product protection.

"Under Rule 26(b)(3), three conditions must be satisfied in order to establish work product protection. The material in question must: (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative." *In re Grand Jury Subpoenas*, 561 F.Supp. 1247, 1257 (E.D.N.Y.1982); *Tayler v. Travelers Ins. Co.*, 183

F.R.D. 67 (N.D.N.Y.,1998). Here, the attorney work product doctrine applies to preclude discovery because Sperry is explicitly requesting (1) documents and communications, including legal opinions and advice, (2) prepared during this litigation related to Sperry's claim, and (3) prepared by CUMIS' attorneys and exchanged between CUMIS and its counsel. This is the exact type of information the attorney work product doctrine is designed to protect, and there has been no waiver of the attorney work product doctrine. Sperry contends that the attorney work product doctrine should not preclude discovery of the documents because there is supposedly "a substantial need" for the documents, but Sperry is relying upon the incorrect standard for discovery of attorney work product involving the attorney analysis and mental impressions about the subject litigation.

The party seeking attorney work product concerning facts and witnesses bears the burden of establishing a substantial need for the material and a practical inability to secure the substantial equivalent by alternative means. F.R.C.P. 26(b)(3). However, "[i]f the material reflects the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party, then a showing beyond the substantial need and undue hardship standard must also be made." *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Grand Jury Subpoenas Dated December 18, 1981 and January 4, 1982*, 561 F.Supp. 1247 (D.C.N.Y. 1982). Here, Sperry claims there is a substantial need for the attorney work product of CUMIS' attorneys only "because CUMIS's analysis of its defense to coverage and litigation strategy is relevant to Sperry's claim of bad faith, and this information is not available from other sources." See, Motion, p. 11. However, Sperry fails to meet its burden with this conclusory statement, and even if Sperry had met its burden of showing substantial need and undue hardship, Sperry still would not be entitled to the requested documents. This is because "Rule 26(b)(3) provides that, even if the party seeking discovery of information otherwise protected by the work product doctrine has made the requisite showing of need and undue hardship, courts must still protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney and his agents." *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 663 (3rd Cir. 2003) citing, Fed.R.Civ.P. 26(b)(3). Therefore, CUMIS should not be compelled to produce documents protected from disclosure by the attorney client privilege and/or attorney work product doctrine.

## DOCUMENT REQUEST NOS. 5, 6 – 7

Request for production numbers 5, 6 and 7 are requests for any and all documents and communications between CUMIS its employees or agents with the National Credit Union Association

("NCUA") (number 5), the U.S. Attorney, Department of Justice or any other law enforcement agency (number 6), or Fannie Mae (number 7) related to Sperry's claim. Again, these requests are beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012. F.R.C.P. 26(b)(2)(C). Second, as set forth above with respect to request numbers 1-4 and 9-12, Sperry has already conducted discovery about Sperry's claim, and CUMIS already produced documents from the NCUA in its possession as part of its production of the claim file and the underwriting file (e.g., CUMIS 000284 – letter from NCUA to Sperry, and CUMIS 001034 – NCUA letter to governmental agency), as well as documents from Fannie Mae (e.g., exhibit 32 to Owen deposition). (See, Ex. "B", Request numbers 11). CUMIS did not withhold any documents in the claim file from third parties.

Third, although Sperry claims these documents are relevant to Sperry's bad faith claim, Sperry fails to explain the relevance. Sperry's bad faith claim is based upon CUMIS' denial of coverage and decision to file the Wisconsin Action. Thus, CUMIS' communications with third parties about Sperry's claim during this litigation are irrelevant, and will not lead to the discovery of admissible evidence on these contentions.

## DOCUMENT REQUEST NO. 8

Request for production number 8 is a request for all documents and communications related to the loss reserves set for the Sperry Claim and Related Claims, including but not limited to information related to loss adjustment expenses. Again, this request is beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012. F.R.C.P. 26(b)(2)(C).

Further, loss reserves are irrelevant. Sperry claims that information on loss reserves are relevant to CUMIS' bad faith claim, but Sperry already had the opportunity to conduct bad faith discovery and this request seeks information which is irrelevant to Sperry's claims that CUMIS acted in bad faith by denying coverage and filing the Wisconsin Action.

Finally, courts have repeatedly pointed out that loss reserves are generally not discoverable because they are rarely relevant to coverage disputes since subjective estimates regarding claims have no bearing on the question of coverage. See, e.g. *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 107 (D.N.J. 1989); *Sundance Cruises Corp. v. American Bureau of Shipping*, 1992 WL 75097, *1-2 (S.D.N.Y. 1992); *40 Rector Holdings, LLC, et al. v. Travelers Indemnity Co.*, 40 A.D. 3d 482, 482-483 (2007).

## DOCUMENT REQUEST NO. 13, 16-18

Sperry's request for production numbers 13, 16-18 seek documents related to reinsurance, and CUMIS' settlement of other claims. Sperry claims that these requests are relevant to Sperry's claim for bad faith, including CUMIS' investigation of Sperry's claim. However, Sperry has already conducted discovery on bad faith and other claims, and these requests are beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012. See, Ex. "A", Interrogatory number 5 [settlement of other claims].

Further, reinsurance information is irrelevant. *Leski v. Federal Insurance Company*, supra, 129 F.R.D. 99,106 [Reinsurance is "a decision based on business considerations and not questions of policy interpretation" and not subject to discovery unless where the insurance policy is lost and the reinsurance information would be useful to "reassemble the terms of the original contract."].

Finally, for the reasons set forth under request for production number 2-4, and 9-12, documents related to other credit unions are irrelevant.

## DOCUMENT REQUEST NOS. 14-16

Request for production numbers 14-16 seek documents and communications relating to any settlement between any credit union and Fannie Mae. However, Sperry has already requested such documents, and these requests are beyond the scope of discovery as ordered by the Court on March 8, and April 20, 2012. See, Ex. "A", Interrogatory number 5.

Further, documents related to the claims made by other credit unions are irrelevant. Sperry claims that the documents are relevant because "CUMIS has put at issue the reasonableness of Sperry's settlement." However, Sperry fails to explain how they are relevant to the reasonableness of Sperry's settlement with Fannie Mae. Settlement documents related to the claims of other credit unions do not demonstrate whether *Sperry's* settlement with Fannie Mae was reasonable. The reasonableness of the Fannie Mae settlement, and Sperry's damages turn on the actual loss suffered by Sperry, the strengths and weaknesses of Sperry's case against Fannie Mae, and Sperry's efforts to mitigate its loss by obtaining a reasonable settlement with Fannie Mae. Thus, the analysis of Sperry's counsel in the underlying litigation against Fannie Mae is relevant to determine the reasonableness of Sperry's settlement with Fannie Mae, but CUMIS' attorney's evaluation of Sperry's loss and settlement is irrelevant to Sperry's loss and Sperry's effort to mitigate its losses. *Bowman v. American Homecare*

*Supply, LLC*, 2009 WL 1873667 (E.D.Pa. 2009) [In a coverage case, work product of counsel in underlying litigation discoverable where "[t]he sole remaining issue requires assessing and apportioning damages between the multiple claims in the Fire Suit, and [attorney's] work product regarding his assessment of the claims is directly at issue in determining such damages."].

Further, CUMIS is obligated by state law and confidentiality agreements to maintain the confidentiality of documents related to other insureds and individuals. *Daly*, 782 N.Y.S.2d at 535-536.

### DOCUMENT REQUEST NOS. 20 - 23

Requests for production numbers 20 - 23 are requests for documents exchanged between CUMIS and the Bankruptcy Court or Trustee (number 20) related to U.S. Mortgage and/or CU National, and Fannie Mae or other credit unions (number 21 and 22) related to the Victim's Fund. Sperry claims these documents are relevant because they are "related to damages as CUMIS has put at issue secondary sources of recovery" without any further explanation.

CUMIS' communications with third parties about Sperry's claim during this litigation are irrelevant, and will not lead to the discovery of admissible evidence on these contentions because the parties are already aware of Sperry's secondary sources of recovery (Fannie Mae and the Victim's Fund), and Sperry, not CUMIS, has knowledge of the amount Sperry recovered, and will recover, from secondary sources. Also, the reasonableness of the Fannie Mae settlement turns on the actual loss suffered by Sperry, the strengths and weaknesses of Sperry's case against Fannie Mae, and Sperry's efforts to obtain a reasonable settlement with Fannie Mae. Thus, the analysis and communications of Sperry's counsel in the underlying litigation against Fannie Mae is relevant to determine the reasonableness of Sperry's settlement with Fannie Mae. *Bowman v. American Homecare Supply, LLC*, 2009 WL 1873667 (E.D.Pa. 2009) [In a coverage case, work product of counsel in underlying litigation discoverable where "[t]he sole remaining issue requires assessing and apportioning damages between the multiple claims in the Fire Suit, and [attorney's] work product regarding his assessment of the claims is directly at issue in determining such damages."]. However, CUMIS' attorney's evaluation of, and communications related to, Sperry's loss and settlement is irrelevant.

Further, Sperry specifically requests attorney client communications and attorney work product ("memorandums of law, legal opinions, or advice" . . . "prepared by CUMIS or any of its employees, attorneys, investigators or agents."). However, as set forth above, CUMIS and its attorneys have not

waived the attorney client privilege or the attorney work doctrine. Further, CUMIS incorporates the arguments above under Request for Production numbers 2-4, and 9-12, concerning the attorney client privilege and the attorney work product doctrine. For the same reasons set forth above, CUMIS should not be compelled to produce attorney client communications or attorney work product.

## DOCUMENT REQUEST NOS. 19, 24 - 29

Request for production numbers 19, 24 -29 are requests for attorney client communications and attorney work product. Specifically, Sperry seeks "communications between CUMIS and Sedgwick LLP", and "memorandums of law, legal opinions, or advice" related to counsel's analysis and thought process in *this* action concerning various topics such as Sperry's claim, the Wisconsin Action and other claims. Sperry claims that these documents are "related to damages as CUMIS has put at issue secondary sources of recovery" without any further explanation. See, Motion, p. 20. However, defendants often, "put at issue secondary sources of recovery", but asserting a defense or claiming there are secondary sources of discovery does not amount to a waiver of the attorney client privilege or attorney work product.

However, CUMIS communications with its attorneys and CUMIS' attorneys' analysis of Sperry's claim, the Wisconsin Action and settlement with Fannie Mae are irrelevant.

In addition, Sperry specifically requests attorney client communications and attorney work product( "memorandums of law, legal opinions, or advice" . . ."prepared by CUMIS or any of its employees, attorneys, investigators or agents."). However, as set forth above, CUMIS and its attorneys have not waived the attorney client privilege or the attorney work doctrine. Further, CUMIS incorporates the arguments above under Request for Production number 3, concerning the attorney client privilege and the attorney work product doctrine. For the same reasons set forth above, CUMIS should not be compelled to produce attorney client communications or attorney work product.

## REQUEST FOR ADMISSION NO. 1

Request for Admission number 1 asks CUMIS to admit that prior to filing the Wisconsin Action, CUMIS did not inform Sperry that it was denying coverage for Sperry's claim. Sperry claims that this request is relevant to Sperry's bad faith claim. CUMIS objects to this request because, as described above, this request is beyond the scope of the discovery permitted at this stage.

In addition, Sperry had an opportunity to conduct bad faith discovery and did so. Sperry conducted the deposition of CUMIS' 30(b)(6) witness concerning this very topic and he testified that he did not recall discussing Sperry's claim with Sperry's counsel. (Ex. "D" at 113:10-23, 115:10-14). Thus, Sperry's request is also duplicative and harassing.

## IV. CONCLUSION

Based upon the reasons and authorities discussed above, CUMIS respectfully requests that Sperry's motion be denied.

Dated: Los Angeles, California
        June 18, 2012

        SEDGWICK LLP

        By: s/Arthur H. Aizley
           Arthur H. Aizley (AA-5049)
           SEDGWICK, LLP
           125 Broad Street
           New York, NY 10004
           Attorney for Defendant CUMIS Insurance Society, Inc.

           Michael R. Davisson (*Pro Hac*)
           Valerie Rojas (*Pro Hac*)
           SEDGWICK, LLP
           801 S. Figueroa Street, 19th Floor
           Los Angeles, CA 90017

# CERTIFICATION OF SERVICE

I, Arthur H. Aizley, hereby certify and affirm that a true and correct copy of the following pleading: **CUMIS INSURANCE SOCIETY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** was served via the Electronic Court Filing system ("ECF") on this 18th day of June 2012, upon the following:

Kenneth J. Pagliughi, Esq.
Scott A. Rosenberg, P.C.
2400 Jericho Turnpike, Suite 201
Garden City Park, New York 11040
(516) 877-7205
Email Addresses: kpagliughi@sarlegal.com
pagliugh@optonline.net

Umar A. Sheikh, Esq.
Loanzon Sheikh, LLC
197 State Highway 18
PMB 4175, Suite 3000
East Brunswick, New Jersey 08816
(732) 398-8600
Email Address: umar@lawfirmls.com


Dated: Los Angeles, California
       June 18, 2012

                                       s/Arthur H. Aizley
                                       Arthur H. Aizley

13

LA/1273166v1