

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY  10004-2400
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

*arthur.aizley@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

June 25, 2012

<u>Via Electronic Filing</u>

The Honorable Michael A. Shipp
Martin Luther King Jr. Federal Building &
U.S. Courthouse
50 Walnut St., Room 4015
Newark, NJ 07101

Re: *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS
    Our File No.:  00480-006356

Dear Magistrate Judge Shipp:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes to reply to Plaintiff Sperry Associates Federal Credit Union's ("Sperry") opposition to CUMIS' request for an order compelling Sperry to produce documents in response to CUMIS' Request for Production, Set Three (the "Request to Produce").  In the Request to Produce, CUMIS seeks documents concerning Sperry's alleged damages, including the potential reduction of Sperry's damages as a result of Sperry's settlement with the Federal National Mortgage Association ("Fannie Mae"), and Sperry's potential receipt of funds from the Michael McGrath Victim's Fund.  Sperry's opposition is based upon the same grounds set forth in its motion for a protective order, and therefore, CUMIS briefly responds below.

Sperry opposes CUMIS's motion to compel discovery of (1) documents relating to the Victim's Fund created to compensate victims of Michael McGrath's allegedly fraudulent scheme, and (2) documents concerning Sperry's analysis of its claims in the underlying case against Fannie Mae withheld by Sperry on the basis of attorney-work product doctrine.  Sperry claims that the documents concerning its participation in the Victim's Fund are irrelevant and protected by the common interest doctrine.  Sperry also claims that documents concerning the underlying action against Fannie Mae are protected work product.

However, as described in more detail below, documents related to the Victim's Fund are relevant both to the issue of damages and to whether Sperry has impaired CUMIS' subrogation rights.  In addition, the "common interest doctrine" is inapplicable to communications between Sperry and Fannie Mae or other credit unions because this doctrine does not extend to communications between parties that do not have identical interests.

The Honorable Michael A. Shipp
Re:     *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 25, 2012
Page 2

Finally, Sperry should be compelled to produce documents withheld on the basis of attorney-work product doctrine because there is a substantial need for the documents, they are not available from any other source, they concern Sperry's analysis of its underlying claims against Fannie Mae and the reasonableness of Sperry's settlement with Fannie Mae is directly at issue in this litigation.

I.      DOCUMENTS CONCERNING THE VICTIMS' FUND ARE RELEVANT

Sperry contends that documents related to the Victim's Fund are not relevant because money from the Victims' Fund will not offset what CUMIS owes Sperry.  However, if a distribution from the Victims' Fund occurs before CUMIS is obligated to pay Sperry any policy benefits, then CUMIS would be entitled to an offset such that the requested documents are relevant.  The amount Sperry receives could be significant because a number of other credit unions have already settled with Fannie Mae and/or CUMIS such that the claim amounts of other credit unions have been reduced thereby increasing Sperry's pro rata share in the Victim's Fund.  Further, if Sperry has agreed to defer any distribution until there is an insurance recovery, and if Sperry has agreed (as it has represented to this Court), that its recovery from the Victims' Fund will be reduced by the amount it receives from CUMIS, then Sperry arguably has impaired CUMIS' subrogation rights.  Thus, the requested documents would be relevant and discoverable to prove either a failure to mitigate or an impairment of CUMIS's subrogation rights.

II.     COMMUNICATIONS BETWEEN COMPETING CLAIMANTS TO THE VICTIMS' FUND ARE NOT PROTECTED BY THE COMMON INTEREST DOCTRINE

Sperry incorrectly argues that communications between Sperry's counsel and the credit unions' and Fannie Mae's counsel related to the Victims' Fund are protected by the "common interest doctrine." The common interest doctrine provides that attorney-client privilege is not waived when disclosing privileged documents to third parties with a "common interest" in an action.

However, the common interest doctrine only applies if the interests of the parties are "identical (or nearly so)." *In re Teleglobe Communications Corp.*, 493 F.3d 345, 365-366 (3rd Cir. 2007).  Even if the parties' interests are similar, that is not enough to invoke the common interest doctrine because the parties' interests must essentially be identical.  *Id*.  Here, Sperry has failed to meet its burden of establishing that the interests of the various credit unions and Fannie Mae with respect to the Victims' Fund are identical.  In fact, Sperry, the credit unions and Fannie Mae have competing interests in the limited sums in the Victims' Fund.  Sperry and Fannie Mae's interests further diverge because they were opposing parties in litigation, each asserting competing interests in the same loans at issue in the Victim's Fund and disputing Fannie Mae's rights concerning the Victim's Fund.  Accordingly, the "common interest doctrine" does not apply to communications between Sperry and the other credit unions or with Fannie Mae.

III.    THE DOCUMENTS WITHHELD BY SPERRY ARE NOT PROTECTED BY THE ATTORNEY WORK-PRODUCT DOCTRINE

Condition 12(b) of the Bond requires that Sperry take all reasonable steps to mitigate its loss, and Sperry has a common law duty to mitigate its losses.  Accordingly, whether Sperry took all steps to reach a reasonable settlement with Fannie Mae is relevant.  The reasonableness of Sperry's settlement with Fannie Mae will depend, in part, on Sperry's counsel's assessment of the strengths and merits of Sperry's case against Fannie Mae.

The Honorable Michael A. Shipp
Re:     *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 25, 2012
Page 3

Sperry has withheld three documents concerning the litigation with Fannie Mae and/or the assessments of the merits of its case against Fannie Mae contending that the documents are protected by the attorney work product doctrine.  However, the attorney work product doctrine does not protect the documents because there is a substantial need for them to address the reasonableness of Sperry's settlement with Fannie Mae, particularly with respect to Sperry's counsel assessment of the strength of their case against Fannie Mae, and because the documents are not available from any other source as they were created and maintained solely by Sperry.  F.R.C.P. 26 (b)(3)(A)(ii).

Furthermore, where the opinions of counsel concerning the assessment of the strength and merits of an underlying case are directly at issue, as is the case here, Courts have ordered the production of documents evidencing such assessments and advice.  See, e.g. *Bowman v. American Homecare Supply*, LLC, 2009 WL 1873667 (E.D.Pa. 2009).  In *Bowman* the successor-owner of a business was litigating with the predecessor-owner of the business over indemnification for the costs of settling a third-party suit brought against the successor owner.  *Bowman*, 2009 WL 1873667 at *1.  To investigate the reasonableness of the settlement of the underlying case, the predecessor-owner requested documents prepared by the attorney litigating the underlying case between the successor-owner and the third party, because such documents were expected to show the attorney's evaluation and assessment of the case.  *Id*. at *2.  The court ordered the alleged work product to be produced because the documents were relevant and necessary to the reasonableness of the settlement in the underlying litigation.  *Id*. at *3-4.

Here, like Bowman, the documents sought are not work product from the present action, but rather are documents from an underlying action and the reasonableness of the settlement in the underlying action is relevant.  Accordingly, documents related to Sperry's assessment of the underlying Fannie Mae action should be produced so that CUMIS may fairly investigate the reasonableness of the settlement of the underlying Fannie Mae litigation.

Moreover, under Condition 12 of the Bond, Sperry is obligated to provide all legal papers and documents relevant to its claim, and cooperate with CUMIS concerning its investigation of this claim.  *Bowman*, 2009 WL 1873667 at *4  ["contractual provision persuasive as to the parties' duty to share all (including attorney work product) documents related to the [underlying] Suit."] Since documents exchanged between counsel for Sperry pertaining to Sperry's Fannie Mae claim are unprivileged legal documents relating to Sperry's claim to CUMIS for coverage, Sperry is obligated to provide them pursuant to condition 12 in the Bond.

The Honorable Michael A. Shipp
Re:   *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
June 25, 2012
Page 4

### IV.   CONCLUSION

Based on the above, CUMIS respectfully requests that the Court order Sperry to produce the subject documents.

Very truly yours,

/s/Arthur Aizley

Arthur Aizley
Valerie Rojas
Sedgwick LLP

cc:  Counsel of Record by Electronic Filing