ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Courtesy Copy*

arthur.aizley@sedgwicklaw.com
valerie.rojas@sedgwicklaw.com

July 27, 2012

*Via Electronic Filing*

The Honorable Michael A. Shipp
Martin Luther King Jr. Federal Building &
U.S. Courthouse
50 Walnut St., Room 4015
Newark, NJ 07101

Re: *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
    Case No. 10-CV-00029-DRD-MAS  PS
    Our File No.: 00480-006356

Dear Magistrate Judge Shipp:

Defendant CUMIS Insurance Society, Inc. ("CUMIS") writes pursuant to section I.8. of your Scheduling Order to request that the Court issue a protective order prohibiting Plaintiff Sperry Associates Federal Credit Union ("Sperry") from taking the depositions of CUMIS' executives (who are also the officers of CUMIS' parent company, CMFG Life Insurance Company ("CMFG")), the Associate General Counsel of CMFG, and CUMIS' investigator (who has already been deposed in this action). The parties have met and conferred on this issue, but have been unable to resolve this dispute. Sperry claims these depositions are necessary for its bad faith claim. However, CUMIS requests a protective order because Sperry has already conducted discovery on bad faith and is not entitled to do so again, and allowing Sperry to depose these individuals would be unduly burdensome and harassing to the witnesses and CUMIS.

First, Sperry is not entitled to conduct bad faith discovery at this late stage as it has already conducted bad faith discovery. This Court did not reopen discovery on the issue of bad faith, but rather, Sperry's damages. Pursuant to the court's November 1, 2011 Scheduling Order, fact discovery closed on November 30, 2011 and CUMIS filed its motion for summary judgment on January 19, 2012. However, on February 22, 2012, Sperry entered into a settlement agreement with the Federal National Mortgage Association ("Fannie Mae"). Accordingly, information concerning the settlement could not have been sought before the discovery deadline or before CUMIS filed a motion for summary judgment. Similarly, the order distributing proceeds from the victims' fund to the affected credit unions was not entered prior to the close of discovery, but according to the U.S. Attorney's Office, an order will be entered in the near future. Therefore, on March 8, 2012, the Court ordered that the parties "submit a joint proposed discovery plan (as it *relates to the damages issue*) and a plan for both parties' summary judgment briefs following the discovery period." (See, Text Order, Docket No. 109, March 8, 2012) Thereafter, on April 20, 2012, the Court ordered that, "All paper discovery *as to the damages issue* shall

LA/1443040v1

The Honorable Michael A. Shipp
Re:   *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
Case No. 10-CV-00029-DRD-MAS
July 27, 2012
Page 2

be served by May 4, 2012, . . ." and that "[a]ll discovery *as to the damages issue* shall be complete by August 16, 2012." See, Order, Docket No. 118, April 20, 2012, emphasis added. Accordingly, discovery was reopened as to the limited issue of Sperry's damages, and Sperry should not be permitted to now conduct bad faith discovery again.

Second, Sperry has obtained subpoenas for the depositions of CUMIS' President and CMFG's CEO, Jeffrey Post, CUMIS' Director and Vice President and CMFG's COO, Robert Trunzo, CUMIS' Director and Vice President and CMFG's CFO Alastair Shore, CUMIS' Secretary and CMFG's Chief Legal Counsel, Faye Patzner, and the Associate General Counsel for CMFG, John Christenson ("Christenson"). Allowing Sperry to depose these individuals would be unduly burdensome and harassing because CUMIS' executives did not make the decision to deny Sperry's claim and were not personally involved in investigating Sperry's claim. Sperry has already deposed the individuals involved with investigating Sperry's claim and making the decision concerning coverage for Sperry's claim. Therefore, the burden of deposing CUMIS' executives/CMFG's officers and Christenson outweighs any benefit to be gained. *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir. 1995) [plaintiff barred from deposing corporate officer with no personal knowledge of claim]. CUMIS' executives' knowledge of Sperry's claim and/or the CU National fraud is primarily derived from privileged communications with CUMIS' counsel which are not subject to discovery. Similarly, CMSG' Chief Legal Officer's and Associate General Counsel's knowledge of the Sperry claim is protected and/or privileged and therefore, they must assert the privilege and attorney work product doctrine at deposition. As such, deposing these individuals will reveal little information, if any, and will result in a waste of time and resources.

Finally, Sperry has subpoenaed CUMIS' investigator, Amy Owen ("Owen"), for deposition despite the fact that Sperry has already deposed her in this action concerning her investigation of the CU National fraud and her communications with Sperry's counsel. Therefore, Sperry is not entitled to a second deposition of Owen. F.R.C.P. 30(a)(2)(A)(ii); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001) [second deposition of witness prohibited]. Further, subjecting Owen and CUMIS to a second deposition is unduly burdensome and harassing.

Based on the above, CUMIS respectfully requests that the Court issue a protective order prohibiting Sperry from deposing CUMIS' executives/CMFG's officers, Christenson and Owen.


Very truly yours,

/s/Arthur Aizley

Arthur Aizley
Valerie Rojas
Sedgwick LLP


cc:  Counsel of Record by Electronic Filing