# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 730-2732 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

August 10, 2012

**By:   Electronic Filing**

Hon. Patty Shwartz
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, PO 10
Newark, New Jersey 07101

*Re:   Sperry Associates Federal Credit Union*
*v.*
*CUMIS Insurance Society, Inc.*
*Civil Case No. 10-00029-DRD-PS*

Dear Judge Shwartz:

This office represents Plaintiff, Sperry Associates Federal Credit Union ("Sperry") in the above captioned matter. I am writing you in opposition to the letter motion for a protective order filed by Defendant CUMIS Insurance Society, Inc.

On March 1, 2012, The Honorable Dickinson R. Debevoise rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion was granted in its entirety and CUMIS's motion was denied in its entirety.

On March 8, 2012, this Court directed that the issue of damages would be decided on a summary basis and directed that the parties file a joint proposed discovery plan by March 22, 2012. The parties conferred but were unable to agree to a joint discovery plan as the parties disagreed as to several subjects of proposed discovery. Each party then independently filed its own proposed discovery plan, with Sperry filing on March 19, 2012 and CUMIS filing on March 22, 2012. On April 27, 2012, pursuant to an order of the Court, the parties conferred (telephonically and in person) with the Court regarding the proposed discovery schedules and their objections to each other's proposed scope of discovery. The parties were advised that their objections would not be considered during the

conference and that discovery was to proceed pursuant to a discovery schedule set by the Court as follows:

      5/4/12 – All discovery requests were to be served
      5/25/12 – All responses to discovery requests were to be served
      6/8/12 – Motions to compel and motions for protective order to be filed
      6/18/12 – Opposition to motions to be filed
      6/25/12 – Replies to be filed
      7/16/12 – Phone conference to be initiated by Plaintiff

During the conference of April 27, 2012, Mr. Rosenberg, counsel for Sperry, inquired as to whether or not Sperry would be permitted to obtain discovery on the issue of bad faith. The Court responded that such discovery would be permitted and that any and all discovery in this matter would be completed by August 16, 2012.

On April 30, 2012, a scheduling order was filed by the Court at docket number 118. Absent from the Order was any reference to the permitted discovery on bad faith. In order to confirm its understanding as to the scope of discovery, on May 4, 2012, Sperry's counsel filed a letter at docket number 119 advising that counsel wished to confirm their understanding of the Court's direction. CUMIS never objected to Sperry's letter.

On May 4, 2012, Sperry served CUMIS with Sperry's Third Request for the Production of Documents and First Request for Admissions. On May 25, 2012, CUMIS served Sperry with its responses to the requested discovery by objecting to each and every one of Sperry's document requests; not producing any responsive documents; and by objecting to Sperry's request for admission while failing to admit or deny the same.

In response to CUMIS' failure to produce any documents, Sperry filed a motion to compel production (Doc. No. 122). CUMIS opposed Sperry's motion (Doc. No. 124) on essentially the same basis it now moves for a protective order as respects the deposition of its officers and investigator Amy Owens.

In order to comply with Judge Shipp's scheduling order of April 30, 2012, Sperry subpoenaed CUMIS' witnesses for depositions on dates prior to the close of discovery which was set for August 16, 2012. The Sperry subpoenas are the subject of the present motion.

First, CUMIS' argument that Sperry is not entitled to discovery on the issue of bad faith is misplaced. When the parties conferred with the Court on April 27, 2012, they were directed to complete discovery on the issues of bad faith and damages. Although the filed order was silent on the issue of bad faith discovery, as outlined above Sperry filed a letter with the Court to confirm its understanding of the Court's direction during the conference. CUMIS never filed a letter in response.

Moreover, under New York law[1] all of Sperry's proposed depositions relate to the issue of damages. A Plaintiff's claim of bad faith is merged with its contract action and the question becomes whether or not the Plaintiff is entitled extra-contractual damages based on the insurer's conduct. *See*, *Wiener v. Unumprovident Corp.*, 202 F. Supp. 2d 116 (S.D.N.Y. 2002); *see also*, *Acquista v. N.Y. Life Ins. Co.*, 285 A.D.2d 73, 81 (N.Y. App. Div. 1st Dep't 2001). As New York law has developed on the subject of bad faith it is now well settled that "the nonbreaching party may recover general damages

---

[1] The substantive law which both parties agree applies to this action.

which are the natural and probable consequence of the breach…," *Kenford Co. v. County of Erie*, 73 N.Y.2d 312 (N.Y. 1989). *See also*, *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 2008 NY Slip Op 1418 (N.Y. 2008). Accordingly, the question of bad faith is one directly related to damages, as extra-contractual damages are one component of the overall damages that Sperry is entitled to in this action. Therefore, all of Sperry's proposed depositions are within the penumbra of the Court's order[2].

Second, as CUMIS has never responded to Sperry's request for paper discovery, Sperry has been unable to determine who at CUMIS should be deposed. In order to comply with the Court's order, Sperry subpoenaed the depositions of CUMIS' President, Director and Vice Presidents and Directors, Secretary, Chief Legal Counsel and Associate General Counsel, as these parties are the decision makers at CUMIS. CUMIS' objection to these depositions are disingenuous on several counts.

CUMIS objects to the taking of these depositions as they "would be unduly burdensome and harassing because CUMIS' executives did not make the decision to deny Sperry's claim and were not personally involved with investigating Sperry's claim." CUMIS overlooks the fact that the subpoenas clearly state the scope of the proposed depositions as: "The facts and circumstances on which CUMIS based its decision to deny coverage for the Sperry Claim…**or other credit union** claims (emphasis added)." Sperry finds CUMIS' position unfathomable in the context of the claim. Sperry and several other credit unions were affected by the same fraudulent scheme that caused Sperry's loss. The aggregate loss to all of the credit unions amounted to $130 million in claims. In opposition to that part of Sperry's summary judgment motion as respects bad faith CUMIS even stated:

> "Moreover, it is important to note that the declaratory relief action filed in Wisconsin was not directed at Sperry alone and did not arise directly from Sperry's claim from coverage. The fraud of CU National affected numerous credit unions that CUMIS insured. Some of those credit unions threatened to sue CUMIS as early as June, 2009. As CUMIS was faced with a large number of significant claims and threatened litigation, CUMIS justifiably filed declaratory relief action involving all of the affected, insured credit unions as it decided how best to go forward."

CUMIS treated this loss scenario as one large claim that affected several insureds, yet, for a claim of such magnitude CUMIS incredulously expects one to believe that senior management was not involved in the decision to deny all of the credit union's (including Sperry's) claims on a blanket basis. Similarly, it is just not possible that any knowledge these individuals have regarding these claims is solely derived from privileged communications with counsel.

As respects the deposition of John Christenson, CUMIS' representation that Mr. Christenson is Associate General Counsel of CUMIS' parent company CMFG Life Insurance Company ("CMFG") and not CUMIS, is disingenuous at best, and at worst a misrepresentation to this Court. Mr. Christenson has attended two hearings in this matter (including the oral argument on summary judgment motions), was identified as the Associate General Counsel of CUMIS during the deposition of CUMIS' 30(b) witness, and CUMIS' counsel has in communications represented that Mr. Christenson is the Associate General Counsel of CUMIS, as evidenced from an excerpt from email correspondence dated July 12, 2012:

---

[2] Which specifically states that the parties may pursue discovery on the issue of damages.

> "CUMIS objects to Sperry's notices of the depositions of CUMIS' officers, Robert Trunzo (COO), Faye Patzner (Chief Legal Officer), Jeffrey Post (CEO) and Alastair Shore (CFO), as well as the deposition of **CUMIS' Associate General Counsel, John Christenson**(emphasis added).

Sperry finds it odd that Mr. Christenson is now only the Associate General Counsel of CMFG, and not CUMIS contrary to CUMIS' July 12, 2012, email. It is even odder that whether he was the Associate General Counsel of the parent company or of CUMIS that he would have had no knowledge related to CUMIS wrongly denying Sperry's claim.

Finally, as respects CUMIS' investigator Amy Owen ("Owen"), CUMIS again overlooks the fact that for the reasons set forth above Sperry is entitled to discovery on the issue of bad faith and information regarding the investigation of the other credit unions claims, neither of which were the subject of the prior deposition of Owen. Accordingly, Sperry should be permitted to depose Owen.

Based on the above, Sperry respectfully requests that the Court deny CUMIS' motion for a protective order.

Respectfully,

*/s/ Kenneth J. Pagliughi*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc:     Counsel of Record by Electronic Filing