# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 213-3441 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

August 12, 2012

**By:** Electronic Filing

Hon. Patty Shwartz
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, PO 10
Newark, New Jersey 07101

*Re:* *Sperry Associates Federal Credit Union*
*v.*
*CUMIS Insurance Society, Inc.*
*Civil Case No. 10-00029*

Dear Judge Shwartz:

    I am writing this letter on behalf of my client Sperry Associates Federal Credit Union (Sperry") to provide Your Honor with a status of the matter, to request a telephone conference to resolve outstanding discovery issues, and a date to file summary judgment motions on the issue of damages.

    On March 1, 2012, The Honorable Dickinson R. Debevoise rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion was granted in its entirety and CUMIS's motion was denied in its entirety. A copy of this decision is attached.

    On March 8, 2012, the parties appeared at an in person settlement conference. At the conference Judge Shipp directed that the parties were to meet and confer, submit a joint proposed discovery plan (related to the issue of damages), and a plan for both parties summary judgment motions. The proposed plans were to be submitted by March 22, 2012. *See*, Text Order at Docket No. 119.

The parties conferred but were unable to agree to a joint discovery plan as the parties disagreed as to several subjects of the proposed discovery. Each party then independently filed its own proposed discovery plan, with Sperry filing on March 19, 2012 and CUMIS filing on March 22, 2012. On April 27, 2012, pursuant to an order of the Court, the parties conferred (telephonically and in person) with the Court regarding the proposed discovery schedules and their objections to each other's proposed scope of discovery. The parties were advised that their objections would not be considered during the conference and that discovery was to proceed pursuant to a discovery schedule set by the Court as follows:

> 5/4/12 – All discovery requests were to be served
> 5/25/12 – All responses to discovery requests were to be served
> 6/8/12 – Motions to compel and motions for protective order to be filed
> 6/18/12 – Opposition to motions to be filed
> 6/25/12 – Replies to be filed
> 7/16/12 – Phone conference to be initiated by Plaintiff

During the conference of April 27, 2012, Mr. Rosenberg, counsel for Sperry, inquired as to whether or not Sperry would be permitted to obtain discovery on the issue of bad faith. The Court responded that such discovery would be permitted and that any and all discovery in this matter would be completed by August 16, 2012.

On April 30, 2012, a scheduling order was filed by the Court at Docket No. 118. Absent from the Order was any reference to the permitted discovery on bad faith. In order to confirm its understanding as to the scope of discovery, on May 4, 2012, Sperry's counsel filed a letter at Docket No. 119 advising that counsel wished to confirm their understanding that discovery on the issue of bad faith was part of the Courts scheduling order. CUMIS never objected to Sperry's letter.

On May 4, 2012, Sperry served CUMIS with Sperry's Third Request for the Production of Documents and First Request for Admissions. On May 25, 2012, CUMIS served Sperry with its responses to the requested discovery by objecting to each and every one of Sperry's document requests; not producing any responsive documents; and by objecting to Sperry's request for admission while failing to admit or deny the same. In response to CUMIS' failure to produce any documents, Sperry filed a motion to compel production (Docket. No. 120). CUMIS opposed Sperry's motion (Docket. No. 124) and requested that the Court issue a protective order.

On May 2, 2012, CUMIS served Sperry with CUMIS's Third Request for the Production of Documents. On May 25, 2012, Sperry served CUMIS with its responses to the requested discovery by producing documents, stating its objection to certain document requests and providing CUMIS with a privilege log. Sperry declined to produce certain documents on the grounds that some of the documents were irrelevant; were subject to the common interest doctrine; or were protected as attorney work product, and moved for a protective order at Docket No. 121. CUMIS filed a motion to compel Sperry's production (Docket No. 122), which Sperry opposed.

On July 12, 2012, in order to comply with Judge Shipp's scheduling order of April 30, 2012, Sperry subpoenaed CUMIS' witnesses for depositions on dates prior to the close of discovery August 16, 2012. CUMIS objected to the taking of depositions of its officers and moved for a protective order (Docket No. 132), which Sperry has opposed.

On August 2, 2012, CUMIS served Sperry with its notice of deposition of Sperry's 30(b)(6) witness(es). The deposition notice was untimely, and Sperry objected to the scope of the proposed deposition(s) and moved for a protective order at Docket No. 136.

With discovery set to close on August 16, 2012, the motions as respects discovery remain pending before the Court. The parties also have not been directed as respects a briefing schedule for summary judgment motions on the issue of damages.

In light of the pending motions, Sperry respectfully requests that Your Honor schedule a teleconference with the parties to discuss the pending motions, extend the discovery period, and schedule the briefing of summary judgment motions.

We thank you for your consideration of these matters.

Respectfully,

*[signature]*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC



cc:   Counsel of Record by Electronic Filing