UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SPERRY ASSOCIATES FEDERAL CREDIT UNION,** : | |
| : | |
| Plaintiff,    : | Civil Action No. 10-0029(DRD) |
| : | |
| v.      : | |
| : | ORDER |
| **CUMIS INSURANCE SOCIETY, INC.** : | |
| : | |
| Defendant,   : | |

This matter having come before Court by way of plaintiffs' motion to compel the production of documents and a response to a request for admission, ECF No. 120, plaintiff's motion for a protective order that would enable it to withhold the production of certain documents, ECF No. 121, and defendant's motion to compel the plaintiff to produce the documents that are the subject of the plaintiff's motion for a protective order, ECF No. 123, as well as the letters dated July 27, 2012, August 10, 2012, August 12, 2012 and August 15, 2012, ECF Nos. 132-134 and 136-138 seeking to preclude certain depositions;

and the Court having considered the submissions, claims, defenses, record of proceedings, and governing law;

and for the reasons set forth in the Opinion delivered on the record on August 15, 2012;

IT IS ON THIS 15th day of August, 2012

ORDERED that the motions to compel and for a protective orders and the request to bar depositions [ECF Nos. 120, 121, 123, 132, 133, 134, 136, and 138] are resolved as follows:

1. With respect to Sperry's Document Demands Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 24, 25, 26, 27, 28, and 29, the motion to compel responses is denied;[1]

2. With respect to Sperry's Document Demand Nos. 14. 15, and 19, the motion to compel is granted in part and denied in part as follows: If CUMIS intends to challenge the reasonableness of Sperry's settlement with FNMA, then no later than **August 30, 2012**, defendant CUMIS should produce nonprivileged documents embodying the facts addressing the reasonableness of the settlement and copies of settlements it reached with FNMA for events arising from the "Related Claims" and a Rule 30(b)(6) witness who can testify about why CUMIS contends plaintiff's settlement with FNMA was not reasonable. Said deposition shall be completed no later than **September 21, 2012.** Private confidentiality agreements are not a basis to withhold responsive documents. Documents concerning settlements with nonparties shall be for outside counsel's eyes only and for use in this litigation;

3. With respect to Sperry's Document Demand Nos. 20-23, the motion to compel is granted in part and denied in part as follows: no later than **August 30, 2012**, the defendant shall produce nonprivileged responsive documents and shall produce a privilege log listing responsive privileged documents withheld on the basis of the attorney-client privilege or work product rule, except that documents embodying communications among claimants to or communications with the FNMA and/or Victim Funds, including the U.S. Attorney's Office and Bankruptcy Trustee, may not be withheld based upon an assertion of the attorney client privilege or work product rule and the claim that either doctrine supports withholding such documents is overruled;

4. With respect to Sperry's Request for Admission No. 1, the motion to compel is denied;

5. With respect to CUMIS' Document Demands Nos. 54, 55 and 56, the request for a protective order is granted in part and the request to compel is denied in part as follows: no later than **August 30, 2012**, Sperry shall produce nonprivileged responsive documents regarding the Sperry's settlement with FNMA, and Sperry communications with and documents related to the Victim Fund or restitution, and shall produce a privilege log listing responsive privileged documents withheld on the basis of the attorney-client privilege or work product rule. To the extent it intended to do so, Sperry may not withhold documents embodying communications with the Bankruptcy Trustee, U.S. Attorney's Office or claimants to the funds based on the attorney client privilege or work product rule;

6. With respect to CUMIS Document Demand No. 58, no further response is required;

7. With respect to CUMIS' Document Demand Nos. 57 and 59, the request for court-intervention is deemed moot based upon the representation the plaintiff has agreed to produce the requested information, ECF No. 126-6;

8. With respect to CUMIS Request that plaintiff produce Bates 447, 579-84, and 602-08,

---

[1] If Sperry believed defendant did not comply with Rule 26(a)(6)'s requirement to produce insurance agreements, that sort of application should have been made long ago.

the request is denied;

    9. With respect to CUMIS request for a protective order to bar the depositions of Jeffrey Post, Robert Trunzo, Alastair Shore, Fay Patzner, and John Christenson is granted;

    10. With respect to Sperry's request to bar a Rule 30(b)(6) deposition concerning the FNMA settlement and communications about and compensation sought from the Victim's fund and claims made in the United States Magistrate or Bankruptcy, the request is denied. The deposition shall be completed by **September 21, 2012;**

    11. All damages discovery shall be completed no later than **September 21, 2012;**

    12. The Final Pretrial Conference shall proceed on **October 30, 2012 at 1:00 p.m.** The joint proposed final pretrial order shall be delivered to the Chambers of the Undersigned no later than **October 24, 2012 at 3:00 p.m.** If a party intends to seek leave to file a motion for summary judgment directed to damages, it shall list such motion in the contemplated motion section of the joint proposed Final Pretrial Order. Nothing herein constitutes a ruling that such motions will be permitted;

    13. Any discovery or case management disputes that the parties seek to raise shall be presented in a joint submission that sets forth the issue and each side's position concerning the issue. One party-sided submissions will not be entertained; and

    14. If an unresolved disputes arises at the deposition, then it shall be presented to the Court during the deposition. Failure to seek court-intervention during the deposition shall constitute a waiver to seek relief.

                                                  s/Patty Shwartz
                                                  **United States Magistrate Judge**