# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 213-3441 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL
KENNETH PAGLIUGHI
LISA BISAGNI
WILLIAM SNYDER
JOHN SORDI

October 26, 2012

**By:   Electronic Filing**

Hon. Patty Shwartz
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, PO 10
Newark, New Jersey 07101

*Re:   Sperry Associates Federal Credit Union*
*      v.*
*      CUMIS Insurance Society, Inc.*
*      Civil Case No. 10-00029*

Dear Judge Shwartz:

      As Your Honor is aware this office represents Sperry Associates Federal Credit Union ("Sperry") in the above captioned matter. Pursuant to your order of August 17, 2012, Sperry by this letter is seeking leave to file a motion for summary judgment on the issue of damages.

      On March 1, 2012, The Honorable Dickinson R. Debevoise rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion was granted in its entirety and CUMIS's motion was denied in its entirety. The Court held that CUMIS was liable to Sperry under the subject Bond[1]. As noted in Judge Debevoise's Order of August 17, 2012, the only remaining issues to be resolved in this matter are as to: 1) count three damages resulting from breach of contract for losses covered under the Bond, as concluded in the judgment for declaratory relief concerning count one; and 2) count four with respect to the bad faith claim and associated extra-contractual damages. It is Sperry's position that the issue of damages can be decided on a summary basis.

---

[1] The CUMIS Bond Form issued to Sperry.

   Essentially, each party should be able to make a factual showing regarding breach of contract damages based on evidence already in the record or obtained in recent discovery, making the resolution of the issue judicially efficient. The Court has already found that Sperry has mitigated its loss "Thus, the subsequent settlement reached in the FNMA Action is viewed as a mitigating rather than an extenuating factor of loss." See, page 20 of the Debevoise March 1, 2012 decision. Therefore, the issues that remain, such as the reasonableness of Sperry's settlement with Fannie Mae, the application of the Victim's Fund Statute, and offset of interest Sperry received on its loans are ripe for judgment on a summary basis. Moreover, on the issue of the reasonableness of Sperry's settlement, the parties have the ability to make a market comparison as two other similarly situated credit unions also settled with Fannie Mae. Additionally, Sperry's efforts to mitigate its loss by its settlement with Fannie Mae is well documented by the record in this and the Fannie Mae matter.

   Lastly, if contractual damages are decided on a summary basis, the only remaining issue in this matter would be the potential extra-contractual damages as a result of CUMIS's bad faith. Limiting the trial only to this issue will reduce the use of the Court's resources and as stated above enhance judicial efficiency.

   For the foregoing reasons it is respectfully requested, that the Court consider Sperry's proposal and direct that the parties move forward for summary judgment on the issue of breach of contract damages on a summary basis.

Respectfully,

*/s/ Kenneth J. Pagliughi*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc: Counsel of Record by Electronic Filing