

ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY  10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

*arthur.aizley@sedgwicklaw.com*
*valerie.rojas@sedgwicklaw.com*

October 30, 2012

Hon. Patty Schwartz
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, PO 10
Newark, New Jersey 07101

Re: *Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.*
    Case No. 10-CV-00029-DRD-PS
    Response to Plaintiff's Unilateral Letter of October 26, 2012

Dear Honorable Judge Schwartz:

CUMIS Insurance Society, Inc. ("CUMIS") writes to respond and object to Sperry Associates Federal Credit Union's ("Sperry") letter to the Court of October 26, 2012, in which Sperry requests permission to file a motion for summary adjudication with respect to the issue of Sperry's alleged damages in this case.

CUMIS objects to Sperry's request because Sperry had an opportunity to file a motion for summary judgment, the time for filing motions for summary judgment has expired, there are triable issues of material fact with respect to Sperry's mitigation efforts and damages, and the Court has already ruled that there are triable issues of material fact with respect to Sperry's bad faith claim such that a trial in this matter is required.

Specifically, the deadline for filing motions for summary judgment was January 19, 2012. Sperry filed a motion for summary adjudication with respect to Sperry's claims for declaratory relief. Sperry could have filed a motion for summary adjudication with respect to the issue of Sperry's alleged damages, but for reasons unknown, Sperry chose not to do so. In addition, Sperry's proposed motion could not be granted as a matter of law in any event because there are triable issues of material fact with respect to Sperry's breach of contract claim. In particular, on April 30, 2012, the Court permitted the parties to conduct additional discovery concerning the reasonableness of Sperry's settlement with the Federal National Mortgage Association ("Fannie Mae") to determine whether Sperry properly mitigated its damages. Discovery has revealed that there are disputed issues of fact concerning, among other things, whether Sperry's alleged damages should be reduced by the additional amount that Sperry should have received from Fannie Mae as a reasonable settlement if Sperry had collected 100% of the unpaid principal balance on 10 loans which total approximately $1.3 million (8 loans with Affidavits of Forgery and 2 loans purchased by Fannie Mae after it learned of the investigation of CU National's fraudulent scheme). CUMIS contends that

Hon. Patty Schwartz
Re: Sperry Associates Fed. Credit Union v. CUMIS Ins. Society, Inc.
      Case No. 10-CV-00029-DRD-PS
      Response to Plaintiff's Unilateral Letter of October 26, 2012
October 30, 2012
Page 2

Sperry's damages should be reduced because Sperry failed to receive 100% of the unpaid principal balance for these loans, or even attempt to move for summary judgment with respect to any of the loans at issue.

Further, although CUMIS filed a motion for summary judgment, the Court ruled that there are triable issues of material fact with respect to Sperry's bad faith claim. Thus, a trial will be necessary with respect to Sperry's bad faith claim and bad faith damages.

Accordingly, allowing Sperry to file a motion for summary adjudication at this late stage when there are triable issues of material fact would not advance this case, and would further delay the trial in this matter.

Very truly yours,

s/Arthur Aizley

Arthur Aizley
Valerie D. Rojas
Sedgwick LLP

LA/2030789v1