| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>-against-<br><br>CUMIS INSURANCE SOCIETY, INC. ASSOCIATION, MICHAEL MCGRATH and JOHN KUSKIN,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Hon. Dickenson R. Debevoise<br><br>10-CV-00029-DRD-PS |

## PLAINTIFF'S RULE 72(a) OBJECTION TO MAGISTRATE JUDGE SHWARTZ'S NOVEMBER 5, 2012 ORDER DENYING PLAINTIFFS INFORMAL APPLICATION TO MOVE FOR SUMMARY JUDGMENT ON THE ISSUE OF BREACH OF CONTRACT DAMAGES

### INTRODUCTION

On October 26, 2012, plaintiff Sperry Associates Federal Credit Union ("Sperry") made an informal application (the "Application") to Magistrate Judge Patty Shwarzt requesting leave to move for summary judgment on the issue of breach of contract damages. *See*, the Declaration of Kenneth J. Pagliughi (the "Pagliughi Dec.") Exhibit "A." On October 30, 2012, defendant CUMIS Insurance Society, Inc. ("CUMIS") opposed Sperry's Application. *See*, the Pagliughi Dec. Exhibit "B." Sperry's Application was denied by Judge Shwartz in an order (the "Denial Order") dated November 5, 2012, and entered on November 7, 2012. *See,* the Pagliughi Dec. Exhibit "C."

Pursuant to Federal Rule of Civil Procedure 72(a) Sperry objects to the Denial Order on the grounds that: (i) the denial of the Application on the grounds that the reasonableness of Sperry's settlement with Fannie Mae cannot be decided on a summary

basis was clearly erroneous; (ii) it was clearly erroneous to disregard the TEXT ORDER of Magistrate Judge Michael A. Shipp which directed that the parties prepare summary judgment briefing schedules (*see*, Pagliughi Dec. Exhibit "D"); and (iii) a motion for summary judgment is the proper manner in which to decide the issue of breach of contract damages since the sums due are liquidated and all issues including the reasonableness of the settlement can be decided by documentary evidence and the law.

The denial of Sperry's Application to move for summary judgment on the issue of breach of contract damages will result in the retrying of issues (raised by CUMIS in the proposed joint pre-trial order filed by the parties) that have been previously decided (*see*, the Pagliughi Dec. Exhibit "E," defendant's contested facts ¶ 26-27; ¶ 31-34; defendant's legal issues ¶ 1-8), unnecessary motion practice and will be judicially inefficient. The extra contractual damages that Sperry is seeking is limited to attorney fees.

## STATEMENT OF FACTS

For purposes of brevity, the facts relevant to the legal issues presented in this Rule 72(a) objection are set forth in detail in the Pagliughi Dec. Where necessary or appropriate in the arguments herein, reference to a particular fact shall be accompanied by a citation to the pertinent paragraph of the Pagliughi Dec.

## ARGUMENT PRESENTED

### A.   **Legal Standard**

Rule 72(a) provides that "a district judge in the case must consider timely objections (to a non-dispositive order) and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Similarly, "the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide[s] that a district court shall reverse a

magistrate judge's ruling regarding a non-dispositive matter only where the order is 'clearly erroneous or contrary to law.'" *In re Consol, RNC Cases*, [No Number in Original], 2009 U.S. LEXIS 40293, at *16 (S.D.N.Y. Jan. 8, 2009) (quoting 28 U.S.C. § 63(b)(1)(9A).

"A ruling is 'clearly erroneous' if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). "A ruling is 'contrary to law' 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Id. (quoting *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 U.S. Dist. LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996) (internal quotation marks omitted)).

### B. The Finding That Issues Related to Reasonableness of Settlement Will Involve Factual Issues is Clearly Erroneous and Contrary to Law

The reasonableness of settlements is an issue regularly addressed by New York courts[1] in cases where an insurer has denied coverage and the insured has entered into a settlement with a third-party. Both Federal and State Courts have regularly decided the issue of whether or not an insured's settlement with a third-party is reasonable. It was clearly erroneous for Magistrate Shwartz to deny Sperry's request for leave to file a motion for summary judgment.

In her Denial Order, Magistrate Shwartz denied Sperry's request for leave to file a motion for summary judgment on the basis that "one of the issues that the plaintiff seeks to have resolved is the 'reasonableness' of its settlement with Fannie Mae, which will inevitably involve factual issues." Magistrate Shwartz's Order has essentially denied

---

[1] The governing law in this matter.

3

Sperry's motion for summary judgment without affording it the opportunity to file its motion.

Under New York law, the standard for reasonableness is relatively low when an insurer has denied its coverage to its insured. The standard to determine the reasonableness of Sperry's settlement with Fannie Mae is set forth by the Second Circuit in *Luria Brothers & Company, Inc. v. Alliance Assurance Co., Ltd.*, 780 F.2d 1082 (2nd Cir. 1986), which stated:

> When an insurer declines coverage, as here, an insured may settle rather than proceed to trial to determine its legal liability. *Bunge Corp. v. London and Overseas Insurance Co.*, 394 F.2d 496, 497, (2nd Cir.), cert. denied, 393 U.S. 952, 89 S. Ct. 376, 21 L. Ed. 2d 363 (1968). In order to recover the amount of the settlement from the insurer, the insured need not establish actual liability to the party with whom it has settled 'so long as . . . a potential liability on the facts known to the [insured is] shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against the [insured]. *Damanti v. A/S Inger*, 314 F.2d 395 (2d. Cir.) cert. denied, 375 U.S. 834, 11 L. Ed. 2d 64, 84 S. ct. 46 (1963).

In the present case, all Sperry must show on its motion for summary judgment is that its settlement with Fannie Mae was reasonable in light of the fact that Fannie Mae's liability as to Sperry was not guaranteed and that Fannie Mae had potential defenses to Sperry's claim and that the amount of the settlement was reasonable in view of the fact that Sperry could have potentially recovered nothing from Fannie Mae. If Sperry is able to meet this threshold, the burden then shifts to CUMIS to demonstrate through the submission of evidentiary proof in admissible form that questions of fact exist as to the reasonableness of the Fannie Mae settlement. By denying Sperry's request for leave to file the motion for summary judgment, Magistrate Shwartz has relieved CUMIS of its burden and essentially decided the motion for summary judgment.

In *Amalgamet Inc. v. Underwriters at Lloyd's*, 724 F. Supp. 1132 (S.D.N.Y. 1989). Amalgamet obtained an all-risk cargo policy from Lloyd's to cover steel shavings it was shipping. Id. at 1134. The policy covered loss to the cargo, including losses due to the negligence of its own employees. After loading its cargo on the ship at two different ports, while docked, a fire spontaneously ignited damaging the ship, the terminal and the cargo. Id. at 1135. Two arbitration proceedings were started against Almagamet, one by the ship owner and one by a party that had sold shavings that had been loaded onto the ship at the second port before the fire. Id. at 1136-37. During the arbitration, the parties considered a global settlement of all claims. Almagamet wrote to Lloyd's offering to reduce its insurance claim if Lloyd's would confirm coverage under the cargo policy. Lloyd's failed to respond. Amalgamet then wrote to Lloyd's advising that it intended to settle all claims with the seller for $715,000 and release all claims for loss of cargo and inviting its comments. Lloyd' never responded and Almagamet eventually settled with the seller. Id. at 1137.

Almagamet filed a claim for approximately $1,600,000 with the insurer for damage to the cargo as well as attorneys fees incurred by it in appearing in 2 different arbitration proceedings resulting from the fire. Lloyd's never responded to the claim. Almagamet filed suit under the policy. Id. at 1137-38. Lloyd's answered the complaint raising several affirmative defenses including that the insured made material misrepresentations, failed to comply with the warranties of the policy, failed to take measures to ensure that all rights against third-parties were properly preserved and exercised and plaintiff failed to minimize its loss. Id. at 1138.

In granting Almagamet summary judgment, the District Court stated:

> The relevant case law squarely holds that once an underwriter disclaims, it may object to a subsequently negotiated settlement with third-parties only if that settlement was made in bad faith. Underwriters has not presented any evidence that the settlement with Schiavone was made in bad faith. Nor have Underwriters offered any evidence that the settlement represented less of a discount than would have been reasonable given the relative merits of the parties' positions before the AAA. Accordingly, the settlement can provide no possible basis for disclaimer and Amalgamet is entitled to summary judgment striking this affirmative defense.

In *Woodrow v. Blitman*, 603 F. Supp. 1152 (S.D.N.Y. 1985), the District Court recognized that once the settling party has demonstrated the reasonableness of a settlement with a third-party, the party contesting the reasonableness must come forward with proof of evidentiary facts showing the genuine issues as to the reasonableness of the settlement. In *Woodrow*, plaintiff, who owned 50 percent of a construction company sued to enforce an indemnity agreement with the other owners of the company after settling a claim with a subcontractor under a letter of credit. Id. at 1153.

When plaintiff moved for summary judgment on the indemnity agreement, the other company owners opposed the motion challenging the reasonableness of the settlement. In granting plaintiff's motion, the court recognized that the defendants had not satisfied their burden of raising triable issues of fact as to the reasonableness, stating in relevant part:

> The question here is limited to the reasonableness of the settlement between BCC and Metropolitan Steel. Plaintiff has presented a clear factual showing justifying its good faith in making the particular settlement payments and the reasonableness of the sums paid. Under the circumstances, defendant is bound to come forward with proof of evidentiary facts showing the existence of a genuine and substantial issue as to the good faith and reasonableness of these payments. *Gray Mfg. Co. v. Pathe Industries, Inc.*, 33 AD2d 739, 305 NYS2d 794 (1st Dept. 1969).

*See also, Coleman v. JR's Tavern*, 212 AD2d 568, 622 NYS2d 334 (2nd Dept. 1995).

Lastly, this Court can use the same standards applied by bankruptcy courts to guide it in benchmarking the reasonableness of Sperry's claim. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir. 1983). However, the court is not required to go so far as to conduct a trial on the terms to approve a settlement. Id. Before making a determination, however, the court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting <u>TMT Trailer Ferry</u>, 390 U.S. at 424) (internal quotations omitted). Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis. *JP Morgan Chase Bank, N.A. v. Charter Commc'ns Operating LLC (In re Charter Commc'ns)*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009).

The factors to be considered by the court are interrelated and require the court to evaluate: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to

which the settlement is the product of arm's length bargaining. *See*, *In re MF Global, Inc., 2012 Bankr.*, LEXIS 3701 (Bankr. S.D.N.Y. Aug. 10, 2012).

The application of these standards by the court on a motion for summary judgment would be fairly straightforward. Picatinny Federal Credit Union ("Picatinny") and Suffolk Federal Credit Union ("Suffolk") which suffered losses similar to Sperry also settled with Fannie Mae. Picatinny did so after both Picatinny and Fannie Mae had filed summary judgment motions which were denied. *See*, Pagliughi Dec Exhibit "G." The court can easily glean from the decision in the Picatinny the risks Sperry faced in protracted litigation with Fannie Mae. The court can also review both the Picatinny and Suffolk settlement agreements, which can be provided under seal on a motion for summary judgment, to assess the market place that has been established for settlement and determine whether or not Sperry's settlement falls within market parameters. Moreover, documentary evidence will show that the decision to settle was encouraged by the presiding Magistrate and was a sound business decision. *See*, Pagliughi Dec. Exhibit "H."

The cases cited above all demonstrate that the issue of the reasonableness of a settlement may be settled by a summary judgment motion. Moreover, in denying Sperry's request for leave to file a motion for summary judgment on this issue, the Court improperly relieved CUMIS of its burden to raise triable issues of fact by submitting evidentiary proof in admissible form. Such a ruling was clearly erroneous and the Court should permit Sperry to file its motion for summary judgment.

### C. It Was Clearly Erroneous to Disregard The Order of Magistrate Shipp

On March 8, 2012, Magistrate Shipp directed (by TEXT ORDER) that the parties submit a plan for briefing summary judgment motions following the discovery on damages. *See*, Pagliughi Dec. Exhibit "E." By Order dated August 17, 2012, Magistrate Shwartz modified the aforementioned order by requiring the parties to seek the leave of the Court to file summary judgment motions. *See*, Pagliughi Dec. Exhibit "F" at ¶ 12.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order may be modified only upon a showing of good cause and with the judge's consent. *See*, *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011). A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of a case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. Cal. 1992).

In this instance neither party requested a change or made a Rule 72(a) objection to Magistrate Shipp scheduling order as respects moving for summary judgment, nor was the prerequisite good cause shown for amending Magistrate Shipp's Order. Instead *sua sponte* Magistrate Shwartz amended that part of Magistrate Shipp's order which directed the parties to prepare summary judgment briefing schedules on the issue of breach of contract damages. Such a *sua sponte* amendment of the scheduling order on a substantive issue is in derogation of Rule 16(b) and clearly erroneous.

### D. JUDICIAL ECONOMY

Allowing the parties to move for summary judgment on the issue of damages with respect to Sperry's breach of contract cause of action would be judicially efficient.

In the joint pre-trial order CUMIS has raised several issues with respect to liability that have already been decided by Judge Debevoise or should have been raised by CUMIS in its summary judgment motion on the issue of liability or in its opposition to Sperry's summary judgment motion. Essentially, at the trial for damages on the breach of contract cause of action, CUMIS seeks to retry the issue of liability. , *See,* Pagliughi Dec. Exhibit " I ."

Proceeding to trial on the issue of breach of contract damages will result in pre-trial motion practice that would be eliminated if the parties were permitted to move for summary judgment. Sperry foresees that it would have to make several motions *in limine* as respects the previously decided issues related to liability which CUMIS seeks to reintroduce. *See,* the Pagliughi Dec. Exhibit "E," defendant's contested facts ¶ 26-27; ¶ 31-34; defendant's legal issues ¶ 1-8. Additionally, as the Court has pointed out, determining the applicability of the Victims Restitution Fund Statute is ripe for a motion *in limine*. *See,* the Pagliughi Dec. Exhibit "F." Such needless motion practice could be avoided as all of these issues can be resolved in a motion for summary judgment. Moreover, under New York law, it is well settled that a motion *in limine* is an inappropriate substitute for a motion for summary judgment. *Rivera v. City of New York*, 306 A.D.2d 456, 762 N.Y.S.2d 258 (2nd Dept. 2003); *Scalp & Blade, inc. v. Advest*, 309 A.D.2d 219, 765 N.Y.S.2d 92 (4th Dept. 2003); *Downtown Art Co. v. Zimmerman*, 232 A.D.2d 270, 648 N.Y.S.2d 101 (1st Dept. 1996).

Finally, the proposed length of trial for this matter is seven days. Such a lengthy trial would be a significant drain on the resources of the Court. Resolving the issue of breach of contract damages on summary judgment and limiting the trial to the issue of bad faith only would greatly reduce the time needed for trial from seven days to most likely one or two days, conserve court resources and enhance judicial efficiency in this matter.

"The function of the summary judgment motion . . . is to sift through the proofs pros and cons as submitted in the various affidavits and exhibits attached thereto, so that a determination may be made, without the expense and delay of a trial, there are not real, as distinct from mere fictitious or paper issues, which must be disposed of in the traditional manner by trial to the court or jury." *Irving Trust Company v. United States of America*, 221 F.2d 303, 1955 S.S. App. LEXIS 5166 (2nd Cir. 1955). Summary Judgment is designed to expedite all civil cases by eliminating claims which can properly be resolved as a matter of law. *Andre v. Pomeroy*, 35 N.Y.2d 361, 320 N.E.2d 853, 362 N.Y.S.2d 131 (1974 N.Y.). Numerous New York courts have granted summary judgment on the issue of damages in breach of contract actions. *Schwartzmann v. Weintraub*, 100 A.D.2d 818, 474 N.Y.S.2d 751 (1st Dept. 1984); *Schoenfeld v. Masucci*, 205 A.D.2d 749, 613 N.Y.S.2d 682 (2nd Dept. 1994); *Affiliated Credit Adjustors, Inc. v. Carlucci & Legum*, 139 A.D.2d 611, 527 N.Y.S.2d 426 (2nd Dept. 1988); *Moses-Ludington Hospital, Inc. v. Ashruff*, 246 A.D.2d 743, 667 N.Y.S.2d 456 (3rd Dept. 1998).

A motion for summary judgment is the proper manner in which to decide the issue of damages with respect to Sperry's breach of contract claim and Magistrate Shwartz's Denial Order denying Sperry's request for leave to file a motion for summary

11

judgment was clearly erroneous. In the interests of narrowing the issues for trial, eliminating numerous motions *in limine* and preserving judicial resources, Sperry's request for leave to file a motion for summary judgment on the breach of contract damages issue should have been granted.

## CONCLUSION

For all of the foregoing reasons, the Court should reverse Magistrate Shwartz's November 5, 2012, Denial Order and grant Sperry leave to move for summary judgment on the issue of breach of contract damages.

Dated:  Garden City Park, New York
        November 21, 2012

                              Scott A. Rosenberg, P.C.
                              Attorneys for Plaintiff
                              Sperry Associates Federal Credit Union

                              KENNETH J. PAGLIUGHI
                              Of Counsel

                              Loanzon Sheikh, LLC
                              Local Counsel for Plaintiff,
                             Umar A. Sheikh, Esq.
                              197 State Highway 18
                              PMB 4175, Suite 3000
                              East Brunswick, New Jersey 08816
                              (732) 398-8600

                                  -and-

                              Scott A. Rosenberg, P.C.
                              Counsel for Plaintiff,
                              Sperry Associates Federal Credit Union
                              Scott A. Rosenberg, Esq.,
                              Kenneth J. Pagliughi, Esq.
                              2400 Jericho Turnpike
                              Suite 201
                              Garden City Park, New York 11040
                              (516) 877-7205