NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPERRY ASSOCIATES FEDERAL CREDIT UNION,<br><br>                    Plaintiff,<br><br>v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>                    Defendants. | Civ. No. 10-00029 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

LOANZON SHEIKH LLC
by: Umar Sheikh, Esq.
197 Route 18 South
PMB 4175, Suite 3000
East Brunswick, NJ 08816

SCOTT A. ROSENBERG, P.C.
by: Scott A. Rosenberg, Esq.
Kenneth J. Pagliughi, Esq.
2400 Jericho Turnpike
Suite 210
Garden City Park, NY 11040

  *Attorneys for Plaintiff,*

SEDGWICK DETERT MORAN & ARNOLD LLP
by: Arthur H. Aizley, Esq.
Michael R. Davisson, Esq.
125 Broad Street
New York, NY 10004

Michael R. Davisson (*Pro Hac Vice*)
Valerie Rojas (*Pro Hac Vice*)
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
  *Attorneys for Defendant.*

**DEBEVOISE, Senior District Judge**

This case arises out of a claim for coverage under an insurance bond, brought by an insured credit union for fraud committed upon it by third parties in a mortgage scheme. On March 1, 2012, the Court granted partial summary judgment in favor of Plaintiff Sperry Associates Federal Credit Union ("Sperry"), and denied a concurrent motion for summary judgment or in the alternative partial summary judgment filed by Defendant Cumis Insurance Society, Inc. ("Cumis"). Discovery is ongoing before Magistrate Judge Shwartz. Presently before the Court is a Rule 72(a) Objection to Judge Shwartz's November 5, 2012 denial of Sperry's request for leave to file a second motion for summary judgment on the issue of damages.

## I. BACKGROUND

The factual background is detailed in full in the Court's Opinion dated March 1, 2012. (ECF No. 102.) The following facts are summarized to the extent relevant to the matter presently before the Court.

Sperry is a credit union which purchased a fidelity bond from Cumis on July 6, 2008. Sperry seeks losses related to a fraud committed upon it by two related corporations: CU National Mortgage, LLC ("CUN"), and its wholly-owned parent corporation, U.S. Mortgage Corp. ("USM," collectively, "CUN/USM"). CUN provides mortgage servicing and origination services to Sperry. USM is a residential mortgage lender and loan servicer. Michael McGrath, Jr. ("McGrath") was the President of both the subsidiary CUN and its parent corporation USM.

*The Fraud*

Pursuant to a Mortgage Full Services Agreement executed on September 5, 2006 between Sperry and CUN, CUN would provide servicing of Sperry mortgage loans, and agreed to assist

Sperry if it desired to sell its mortgage loans to the secondary market. However, CUN/USM ran a fraudulent scheme in which CUN contracted with credit unions that owned mortgages, such as Sperry, and then assigned these mortgages without authorization to USM, which in turn sold them to the Federal National Mortgage Association ("FNMA"). As a part of that scheme, CUN/USM fraudulently sold twenty-seven mortgages that Sperry owned ("Subject Mortgages"), valued at approximately $9.49 million, to FNMA without Sperry's knowledge or authority. After the sale, CUN/USM continued to submit to Sperry monthly detail reports and summaries which indicated that Sperry still owned and was receiving regularly monthly income from the twenty-seven Subject Mortgages which had in actuality been sold off to FNMA.

In February 2009, federal officials raided CUN/USM's offices, and CUN/USM filed for bankruptcy. On or about February 13, 2009, Sperry sent notice to Cumis that it had experienced losses resulting from the acts of CUN/USM employees. On or about September 11, 2009, Sperry provided Cumis with a signed Proof of Loss identifying the twenty-seven loans that were sold to FNMA without authorization.

### *The Tolling Agreement*

The parties entered into a tolling and standstill agreement (the "Tolling Agreement") on or about September 26, 2009, in which Cumis agreed not to investigate the claim asserted by Sperry, and the parties mutually agreed to take no further action in pursuing or adjudicating coverage for Sperry's claimed losses until December 31, 2009. When they entered into the agreement, Cumis did not inform Sperry that on August 31, 2009, it had filed an action in Wisconsin state court (the "Wisconsin case") seeking a declaration that Cumis had no duty to indemnify any of the 26 credit unions that had been defrauded by CUN/USM. Rather, Cumis represented to Sperry that it would stay its investigation of the Losses so that Sperry could focus

3

its efforts on an action against FNMA (the "FNMA Action") and resolve the issue of ownership of the Subject Mortgages.

Sperry did not learn of the Wisconsin case until November 17, 2009, when Cumis's general counsel informed Sperry's attorney that the action naming Sperry as a defendant had been filed. Cumis's general counsel requested that Sperry waive the Tolling Agreement and consent to service in the Wisconsin case. Sperry never consented to waiving its rights under the Tolling Agreement and Cumis never served Sperry in the Wisconsin case, thus Sperry was not a named defendant. The Wisconsin case was removed to the United States District Court for the Western District of Wisconsin on December 17, 2009.

*Prior Proceedings*

On August 6, 2010, Sperry filed an Amended Complaint with this Court for breach of contract, bad faith, and declaratory relief. Therein, Sperry essentially argues that by Cumis's failure to pay Sperry for its losses, Cumis breached its contract with Sperry, and that Cumis acted in bad faith due to its conduct in and after breaching the contract.

Sperry's Amended Complaint sets forth four counts: 1) Declaratory relief under Coverage Part A of the Bond, that CUMIS is under a duty to indemnify Sperry for any Losses resulting directly from acts committed by CUN, USM and or any partner, officer or employee of those entities, while acting as "employees" of Sperry subject to the terms of the Bond; 2) Declaratory relief under Coverage Part S of the Bond, that CUMIS is under a duty to indemnify Sperry for any Losses resulting directly from acts of forgery committed by CUN, USM and any partner, officer or employee of those entities;[1] 3) Damages for Breach of Contract for refusal to

---

[1] `   Sperry has since elected to strike the second count of forgery, because its discovery

pay for covered losses; and 4) Damages for Bad-Faith for refusal to pay for covered losses, and intentionally misleading Sperry when the parties entered into a tolling agreement in September 2009 and concealing a related action in the state of Wisconsin.

On March 1, 2012, the Court issued an Opinion which granted Sperry partial summary judgment on the first count of its Amended Complaint, for declaratory relief that Cumis was liable to Sperry for the Subject Mortgages pursuant to the terms of the insurance bond. In light of that holding, the Court denied Cumis's motion for summary judgment on counts one and three.

Concurrently, the Court denied Cumis's motion for summary judgment on count four as to bad faith, reasoning as follows:

> Sperry persuasively defends its bad-faith claim, listing a series of episodes: 1) Cumis's consistent argument against coverage because the sale was outside the bounds of the servicing activity; 2) Cumis's strained argument that McGrath/CUN was not an employee under the "Servicing contractor" definition; 3) Cumis's assertion that reports reflect that loans remained in the Sperry portfolio and were not fraudulently stolen, even though they had been assigned to USM; 4) Cumis's position that there was no direct loss due to subsequent settlement in the FNMA Action. There is enough to create a factual issue with respect to the Count 4 bad faith claim and preclude summary judgment in Cumis's favor on that claim.

(Opinion, March 1, 2012, at 21.) As noted in the Court's August 17, 2012 Order, there remains to be resolved: 1) count three as to damages resulting from the breach of contract for losses covered under the Bond, as concluded in the judgment for declaratory relief concerning count one; and 2) count four with respect to the bad faith claim and associated extra-contractual

---

proceedings in a separate but related FNMA Action revealed that the material reviewed was limited and did not support a conclusive finding of forgery.

damages.  (ECF No. 140.)

### *Discovery Proceedings before the Magistrate Judges*

.  On March 8, 2012, the parties appeared for an in-person settlement conference with Magistrate Judge Shipp, who directed on the same day as follows:

> Pursuant to the 3/8/12 In Person Settlement Conference, the parties shall meet and confer with each other within the following two weeks, and by 3/22/12, shall submit a joint proposed discovery plan (as it relates to the damages issue) and a plan for both parties summary judgment briefs following the discovery period.

(ECF Doc No. 109.)  The parties conferred but were unable to agree to a joint discovery plan, as is apparent in the lengthy discovery plans filed in separate letters to Judge Shipp.  (See ECF Nos. 110, 111.)  A subsequent settlement conference proceeded before Judge Shipp on April 27, 2012.

Judge Shipp then issued an amended scheduling order on April 30, 2012, setting deadlines as to paper discovery as to the damages issue; motions to compel discovery; and setting a telephone status conference for July 16, 2012.  All discovery as to the damages issue was to be complete by August 16, 2012.  (ECF Doc 118.)  That Order made no mention of permission for leave to file a motion for summary judgment, or a plan for submission of the same.  (Id.)  The parties thereafter filed respective motions to compel and responding briefs. Ongoing discovery issues arose, and the telephone status conference scheduled for July 16, 2012 was adjourned with no date.  (ECF 130.)

On July 31, 2012, the case was reassigned to Magistrate Judge Shwartz, and a final pretrial conference was set for October 30, 2012.  In the interim, Judge Shwartz resolved the motions to compel and for protective orders.  Therein, Judge Shwartz directed:

> If CUMIS intends to challenge the reasonableness of Sperry's settlement with FNMA, then no later than **August 30, 2012,** defendant CUMIS should produce nonprivileged documents

6

> embodying the facts addressing the reasonableness of the
> settlement and copies of settlements it reached with FNMA for
> events arising from the "Related Claims" and a Rule 30(b)(6)
> witness who can testify about why CUMIS contends plaintiff's
> settlement with FNMA was not reasonable. Said deposition shall
> be completed no later than **September 21, 2012.** Private
> confidentiality agreements are not a basis to withhold responsive
> documents. Documents concerning settlements with nonparties
> shall be for outside counsel's eyes only and for use in this
> litigation[.]

(ECF No. 139 ¶ 2) (emphasis in original.)

On September 14, 2012, as a result of ongoing frustration with discovery, Sperry again filed a letter with the magistrate judge (which was immediately withdrawn) requesting that Cumis be precluded from challenging the reasonableness of Sperry's Settlement with FNMA. (ECF No. 141 at 4; No. 142.) The same day, the parties conducted a deposition on September 14, 2012 regarding the reasonableness of the settlements. (See ECF No. 143.) Judge Shwartz issued subsequent orders on September 21 and 24, 2012 to resolve discovery related to the issue of reasonableness of the settlement. (ECF 145, 146.)

Then, on October 26, 2012, Sperry submitted a letter request for leave to file a second motion for summary judgment, now as to count three, for damages arising from the breach of contract. (ECF No. 148.) Cumis objected to the request because Sperry already had the opportunity to file a motion for summary judgment, the time for filing such motions has expired, and triable issues of material facts remain with respect to Sperry's mitigation efforts and damages. (ECF No. 150.) As to the latter point, Cumis contended:

> Discovery has revealed that there are disputed issues of fact
> concerning, among other things, whether Sperry's alleged damages
> should be reduced by the additional amount that Sperry should
> have received from Fannie Mae as a reasonable settlement if
> Sperry had collected 100% of the unpaid principal balance on 10

7

>> loans which total approximately $1.3 million (8 loans with
> Affidavits of Forgery and 2 loans purchased by Fannie Mae after it
> learned of the investigation of CU National's fraudulent scheme).

(Id.)  Thus, Cumis argued that Sperry's damages should be reduced because Sperry failed to receive 100% of the unpaid principal balance for these loans, or even attempt to move for summary judgment with respect to any of the loans at issue.  (Id.)

Judge Shwartz denied Sperry's request for leave, noting: 1) Sperry's concession (ECF No. 148 at 2) that such a motion would not resolve all damages issues in this case because issues of bad faith and associated extra-contractual damages would require a trial; 2) the Court's prior determination of outstanding material issues of fact concerning the bad faith claim; 3) and that the issue of "reasonableness" of its settlement with Fannie Mae will inevitably involve factual issues.  Additionally, Judge Shwartz deemed that the proposed motion practice would not advance the goals of Fed. R. Civ. P. 1, and exercised case management authority to preclude such pretrial motion practice to conserve the resources of the Court and the parties and ensure that there is no unnecessary delay in these proceedings.  Last, Judge Shwartz determined that the applicability of the Victim Fund Statute can be presented as a motion in limine. (ECF No. 152.)

On December 18, 2012, Judge Shwartz signed a joint final pretrial order.  (ECF No. 166.)  A settlement conference is currently set for February 28, 2013.  Presently before the Court is Sperry's Rule 72(a) Objection to Judge Shwartz's November 5, 2012 denial of Sperry's request for leave to file a motion for summary judgment as to count three on the issue of damages for breach of the contract.  No reply or opposition to the objection has been filed, and the pending objection is referenced in the joint final pretrial order. (Id. at 2.)

## II.  DISCUSSION[2]

A district court must consider timely objections to non-dispositive pretrial orders of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

Such an order is "contrary to law" when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." Granite State Ins. Co. v. Clearwater Ins. Co., No. 09 Civ. 10607 RKE, 2012 U.S. Dist. LEXIS 61150, 2012 WL 1520851, at * 1 (S.D.N.Y. Apr. 30, 2012) (quoting Catskill Dev. LLC v. Park Row Entn't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

An order is "clearly erroneous" when, "although there is evidence to support it, the court upon reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); Granite State Ins. Co., 2012 U.S. Dist. LEXIS 61150, 2012 WL 1520851, at *1; see also Easley v. Cromartie, 532 U.S. 234, 242, 121 S. Ct. 1452, 149 L. Ed. 2d 430 (2001).

"Matters concerning discovery generally are considered non-dispositive of the litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. N.Y. 1990) (citing 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice P 72.03, at 72-23 (2d ed. 1989)).  Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused. See Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, No. 96 Civ. 3242, 1999 WL

---

[2]  As determined in the March 1, 2012 Opinion, New York law applies to the issues presented in this matter.

1007346, at *2 (E.D.N.Y. Sept. 21, 1999) (citation omitted).

Sperry raises three points of contention in its Rule 72(a) objection. First, Sperry argues that by denying Sperry's request for leave, Judge Shwartz relieved Cumis of its burden to demonstrate through submission of admissible evidence that a question of fact exists as to the reasonableness of the settlement. Thus, Sperry argues, Judge Shwartz has essentially decided the motion for summary judgment, and that this was clearly erroneous and contrary to law. Second, Sperry argues that it was clearly erroneous to disregard the previous Order of Magistrate Judge Shipp. Third, Sperry argues that as a matter of judicial economy, the parties should be allowed to move for summary judgment on the issue of damages with regard to the breach of contract.

Judge Shwartz has been duly presiding over discovery between these contentious parties. Discovery proceedings have been ongoing before both her and her predecessor, Judge Shipp, regarding the nature of the settlement reached in the FNMA Action in order to mitigate the loss at-hand. Sperry vociferously argues that Judge Shwartz has disregarded the Order issued by her predecessor granting permission for leave to file a motion for summary judgment. However, Sperry exaggerates the record. The March 8, 2012 order issued by Judge Shipp directed for a *joint scheduling plan* for discovery as to the issue of damages, and a *plan* for the parties' summary judgment briefs following the discovery period. The parties were unable to produce either. Judge Shipp then issued an amended scheduling order of April 30, 2012, in which he set deadlines as to the production of discovery, but made no mention whatsoever of future summary judgment briefing. Depositions and document-production on this issue have followed despite the litigious disposition of the parties.

Sperry wants two bites of the apple, as it has already moved for, and was granted, summary judgment for declaratory relief as to breach of contract and coverage under the Bond

for the actions. In light of the ongoing discovery issues related to damages, for both bad faith and mitigating circumstances, Magistrate Judge Shwartz's denial of the request for leave is not clearly erroneous or contrary to law. Judge Shwartz has been directly handling this issue, and discovery is outstanding. A joint pretrial order has been signed, outlining twenty-six proposed in limine motions, many related to the matter at hand, and a settlement conference date is in the process of being set.

Sperry relies on a decision arising out of the Second Circuit Court of Appeals to support the proposition that the issue of the reasonableness of a settlement is a matter of law which should be decided here via a motion for summary judgment. See Luria Bros. & Co. v. Alliance Assur. Co., 780 F.3d 1082, 1091 (2d Cir. 1986). The appeals court therein reasoned that under the circumstances where the insured-plaintiff actively participated in exposing third parties to an inherently dangerous condition that it helped create, the possibility for joint liability for damages to third parties was high. Therefore, the appeals court reasoned that actual liability to the settling party need not be established, "[s]o long as * * * a potential liability on the facts known to the [insured is] shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against the [insured]." Id. (quoting Damanti v. A/S Inger, 314 F. 2d 395, 397 (2d Cir.), cert denied, 375 U.S. 834 (1963).

Here, discovery is still ongoing before Magistrate Judge Shwartz as to damages arising from the FNMA settlement, evidence of bad faith, and damages resulting there from. Indeed, there appears to be some, albeit little, overlap between Sperry's potential witnesses yet to be deposed on these issues. It is too early for this Court to speculate as to the reasonableness of the first, when Judge Shwartz is still entrenched in the intricacies of factual discovery and preparing

the matter for trial. Therefore, Judge Shwartz's determination in exercising her case management authority, that factual issues remain to establish a finding of reasonableness of the FNMA settlement is not clearly erroneous or contrary to law. Despite Sperry's concern that Judge Shwartz has effectively denied the motion itself and relieved Cumis of some burden, the issue remains open and will be properly vetted in due course with consideration for judicial economy.

The Court will enter an order implementing this opinion.

**/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

December 20, 2012