# SCOTT A. ROSENBERG, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
(516) 877-7205
(516) 213-3441 Fax
2400 JERICHO TURNPIKE
SUITE 201
GARDEN CITY PARK, NY 11040

OF COUNSEL<br>
KENNETH PAGLIUGHI<br>
LISA BISAGNI<br>
WILLIAM SNYDER<br>
JOHN SORDI

September 6, 2012

**By:** Electronic Filing

Hon. Madeline C. Arleo
United States District Court
District of New Jersey
Martin Luther King Building
50 Walnut Street, PO 10
Newark, New Jersey 07101

*Re:*  *Sperry Associates Federal Credit Union*
*v.*
*CUMIS Insurance Society, Inc.*
*Civil Case No. 10-00029-DRD-MCA*

Dear Judge Arleo:

  As per the Court's Order of September 26, 2013, Sperry Associates Federal Credit Union ("Sperry") submits this letter to provide Your Honor with a status of the matter, summarizing the relevant facts and Sperry's legal positions. Please note that our interpretation of the Order was that the parties were to submit a joint status letter. However, when requested to add their input to a proposed joint letter our adversary advised that they interpreted the order to direct that the parties submit separate letters. Therefore, Sperry submits its letter without comment from CUMIS.

**<u>Background</u>**

  This case arises out of a claim for coverage under an insurance bond, made by Sperry for fraud committed upon it by third parties in a mortgage scheme. CUMIS was the issuer of the bond in question and insurer of Sperry.

  On March 1, 2012, The Honorable Dickinson R. Debevoise rendered a decision on the motion of Sperry for partial summary judgment and the motion of CUMIS Insurance Society, Inc. ("CUMIS") for summary judgment or in the alternative partial summary judgment. Sperry's motion

was granted in its entirety and CUMIS's motion was denied in its entirety. The Court held that CUMIS was liable to Sperry under the subject bond. As noted in Judge Debevoise's Order of August 17, 2012, (annexed hereto as Exhibit "A") the only remaining issues to be resolved in this matter are as to: 1) count three damages resulting from breach of contract for losses covered under the Bond, as concluded in the judgment for declaratory relief concerning count one; and 2) count four with respect to the bad faith claim and associated extra-contractual damages. In an informal application Sperry requested that the issue of damages be tried on a summary basis. Sperry's request was denied and the parties are presently awaiting trial on the issues of damages and bad faith.

**Relevant Facts**

In the interest of brevity the parties respectfully refer Your Honor to the Joint Final Pretrial Order (Docket No. 166 – Annexed hereto as Exhibit "B") which sets forth the facts stipulated to by the parties and the contested facts which Sperry and CUMIS plan to prove.

**Sperry's Legal Issues**

1. Whether or not Sperry's settlement with Fannie Mae was reasonable.

2. Having agreed to waive its right of subrogation CUMIS is estopped from asserting that Sperry's settlement with Fannie Mae was unreasonable.

3. Having agreed to waive its right of subrogation knowing it to be a material term of the settlement with Fannie Mae CUMIS consented to the Sperry's settlement with Fannie Mae.

4. That as a matter of law CUMIS may not off-set interest Sperry received from Fannie Mae against Sperry's loss under the Bond.

5. That as a matter of law CUMIS may not off-set any payment Sperry may receive from the victim's restitution fund against Sperry's loss under the Bond.

6. That as a matter of law Sperry is entitled to statutory pre-judgment interest from the date of breach.

7. Whether or not CUMIS acted in bad faith in denying Sperry's claim.

8. Whether or not CUMIS acted in bad faith when CUMIS filed a declaratory relief action in Wisconsin against a number of credit unions, including Sperry, and then entered into a tolling agreement with Sperry.

9. Whether or not there was an arguable difference of opinion as to coverage in this matter.

10. Whether or not CUMIS' conduct in this action was taken in bad faith.

We thank you for your consideration of these matters.

Respectfully,

*[signature: Kenneth J. Pagliughi]*

Kenneth J. Pagliughi
Scott A. Rosenberg, PC


cc:     Counsel of Record by Electronic Filing